## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

GENEVA REED-VEAL, Individually and as
Mother and Personal Representative of the Estate of
SANDRA BLAND, deceased,

                Plaintiff,

v.

BRIAN ENCINIA, Individually and as an agent
and/or employee of TEXAS DEPARTMENT OF
PUBLIC SAFETY; TEXAS DEPARTMENT OF
PUBLIC SAFETY; ELSA MAGNUS, Individually
and as an agent and/or employee of WALLER
COUNTY SHERIFF'S OFFICE; OSCAR
PRUDENTE, Individually and as an agent and/or
employee of WALLER COUNTY SHERIFF'S
OFFICE; and WALLER COUNTY,

                Defendants.

No. _____

## COMPLAINT AT LAW

Now comes the Plaintiff, GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased, and in support states as follows:

### Index of Counts

Count I - Brian Encinia – 42 U.S.C. § 1983

Count II - Brian Encinia – Assault and Battery

Count III - Brian Encinia – Willful and Wanton – Survival

Count IV - Brian Encinia – Willful and Wanton – Wrongful Death

Count V - Texas Department of Public Safety – Vicarious Liability for Brian Encinia's Willful and Wanton Conduct – Survival

Count VI - Texas Department of Public Safety – Vicarious Liability for Brian Encinia's Willful and Wanton Conduct – Wrongful Death

Count VII - Texas Department of Public Safety – Institutional Liability – Survival

Count VIII - Texas Department of Public Safety – Institutional Liability – Wrongful Death

Count IX - Elsa Magnus – 42 U.S.C. § 1983

Count X - Elsa Magnus – Willful and Wanton – Survival

Count XI - Elsa Magnus – Willful and Wanton – Wrongful Death

Count XII - Oscar Prudente - 42 U.S.C. § 1983

Count XIII - Oscar Prudente – Willful and Wanton – Survival

Count XIV - Oscar Prudente – Willful and Wanton – Wrongful Death

Count XV - Waller County – Vicarious Liability for Elsa Magnus and Oscar Prudente's Willful and Wanton Conduct – Survival

Count XVI - Waller County – Vicarious Liability for Elsa Magnus and Oscar Prudente's Willful and Wanton Conduct – Wrongful Death

Count XVII - Waller County – Institutional Liability – Survival

Count XVIII - Waller County– Institutional Liability – Wrongful Death

## Parties

1.     Plaintiff Geneva Reed-Veal is a person of the full age of majority and a resident of Naperville, Illinois, Northern District of Illinois. Geneva Reed-Veal sues on behalf of herself and as personal representative of Sandra Bland, deceased, her unmarried adult daughter, who was also a resident of Naperville, Illinois, Northern District of Illinois.

2.     Defendant Brian Encinia, DPS Badge #14271, is a resident of Texas, and is a Trooper Law Enforcement Officer for Texas Department of Public Safety. At all times relevant

to this cause, he was operating in the course and scope of his agency and/or employment relationship with the Texas Department of Public Safety.

3.      Defendant the Texas Department of Public Safety is located at 5805 North Lamar Boulevard, Austin, Texas. Defendant the Texas Department of Public Safety employed persons including Defendant Brian Encinia and other troopers who, in the course and scope of their employment, were to enforce traffic laws in Waller County.

4.      Defendant Waller County is located at 836 Austin Street, Hempstead, in the County of Waller, Texas. Defendant Waller County employed persons including Elsa Magnus, Oscar Prudente, and other jail guards who, in the course and scope of their employment, were required to observe, watch over, and manage persons placed in custody within the Waller County Jail.

5.      Defendant Elsa Magnus, Badge #EM3679, was a screening officer at the Waller County Jail and is a resident of Texas. At all times relevant to this cause, she was operating in the course and scope of her agency and/or employment relationship with the Waller County Sheriff's Office.

6.      Defendant Oscar Prudente was a screening officer at the Waller County Jail and is a resident of Texas. At all times relevant to this cause, he was operating in the course and scope of his agency and/or employment relationship with the Waller County Sheriff's Office.

7.      At all times material throughout this complaint, Defendant Brian Encinia acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Texas Department of Public Safety.

8.     At all times material throughout this complaint, Defendant Elsa Magnus acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office.

9.     At all times material throughout this complaint, Defendant Oscar Prudente acted under color of state law, ordinance and/or regulation, and in the course and scope of his employment with the Waller County Sheriff's Office.

**Jurisdiction**

10.    This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

11.    Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Southern District of Texas.

12.    Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

**Facts Common to All Counts**

13.    On or about July 10, 2015, Brian Encinia was a Trooper with the Texas Department of Public Safety.

14.    On or about July 10, 2015, Sandra Bland was travelling on FM 1098 in Prairie View, Texas, in a Hyundai Azera.

15.    On or about July 10, 2015, with a police cruiser closing behind her, Sandra Bland pulled her Hyundai Azera into the right lane to let the police cruiser pass her.

16.     On or about July 10, 2015, at approximately 4:30 p.m. on FM 1098 in Prairie View, Texas, Department of Public Safety Highway Patrol Trooper Brian Encinia activated his lights and siren and made a traffic stop of Sandra Bland's Hyundai Azera.

17.     On or about July 10, 2015, Sandra Bland pulled her vehicle to the side of the roadway in compliance with Trooper Brian Encinia's attempt to make a traffic stop by activating his lights and siren.

18.     On or about July 10, 2015, Brian Encinia made a traffic stop of the Hyundai Azera, for failure to signal a lane change necessitated by his vehicle pulling up behind her vehicle.

19.     On or about July 10, 2015, and at all times relevant, Brian Encinia made the traffic stop of the Hyundai Azera while acting in the course and scope of his employment with the Texas Department of Public Safety.

20.     On or about July 10, 2015, Brian Encinia was acting as an agent and/or employee of the Texas Department of Public Safety.

21.     On or about July 10, 2015, Brian Encinia informed Sandra Bland that she was being stopped for a failure to signal a lane change.

22.     On or about July 10, 2015, Sandra Bland complied with Brian Encinia's request for identification.

23.     On or about July 10, 2015, Sandra Bland identified herself by providing her identification in response to Brian Encinia's request for the same.

24.     On or about July 10, 2015, during the traffic stop, while Sandra Bland was lawfully in her vehicle, Brian Encinia ordered Sandra Bland to extinguish or put out her cigarette.

25.     On or about July 10, 2015, Sandra Bland inquired of Brian Encinia "I'm in my car, why do I have to put my cigarette out?"

26. On or about July 10, 2015, Sandra Bland did extinguish or put out her cigarette.

27. On or about July 10, 2015, Brian Encinia ordered Sandra Bland to exit her vehicle.

28.     On or about July 10, 2015, Brian Encinia opened the door of Sandra Bland's Hyundai Azera.

29.     On or about July 10, 2015, during the traffic stop for a lane change violation, Brian Encinia attempted to physically remove Sandra Bland from her vehicle.

30.     On or about July 10, 2015, during the traffic stop Brian Encinia pointed a Taser at Sandra Bland as she sat in her vehicle.

31.     On or about July 10, 2015, during the traffic stop Brian Encinia threatened Sandra Bland with bodily injury by pointing the Taser at her and saying words to the effect of "I'll light you up."

32.     On or about July 10, 2015, Brian Encinia used force and/or a threat of force to remove Sandra Brown from her vehicle.

33.     On or about July 10, 2015, Brian Encinia placed handcuffs on Sandra Bland placing her under arrest.

34. On or about July 10, 2015, Brian Encinia wrestled Sandra Bland to the ground.

35.     On or about July 10, 2015, Brian Encinia slammed Sandra Bland's head to the ground.

36. On or about July 10, 2015, Brian Encinia kneeled on the body of Sandra Bland.

37.     On or about July 10, 2015, Brian Encinia falsified an allegation of assault on a public servant against Sandra Bland for purposes of taking her into custody.

38.     On or about July 10, 2015, Sandra Bland was searched and no weapons, illicit drugs, or contraband were located.

39.     On or about July 10, 2015, Sandra Bland's vehicle was searched and no weapons, illicit drugs, or contraband were located.

40.     On or about July 10, 2015, Brian Encinia falsely claimed and asserted that after pulling over Sandra Bland's Hyundai Azera for failing to signal a lane change, "I had Bland exit the vehicle to further conduct a safe traffic investigation. Bland became combative and uncooperative. Numerous commands were given to Bland ordering her to exit the vehicle. Bland was removed from the car but became more combative. Bland was placed in handcuffs for officer safety."

41.     On or about July 10, 2015, a Prairie View Police Officer also responded to the scene and provided assistance.

42. On or about July 10, 2015, Waller County EMS was also called to the scene.

43.     On or about July 10, 2015, Sandra Bland was then processed and jailed in the Waller County Jail operated by Sheriff R. Glenn Smith, Chief Jailer J. Hester, and Assistant Chief Jailer L. Thibodeaux.

44.     On or about July 10, 2015, personnel at the Waller County Jail were required to search Sandra Bland for weapons, illicit drugs, or contraband.

45.     On or about July 10, 2015, personnel at the Waller County Jail searched Sandra Bland and found no weapons, illicit drugs, or contraband.

46.     On or about July 10, 2015, and at all times relevant through July 13, 2015, personnel at Waller County Jail were required to keep Sandra Bland safe and free from physical injury, harm, or death.

47.     On or about July 10, 2015, and at all times relevant through July 13, 2015, personnel at Waller County Jail were required to keep Sandra Bland safe and free from psychological injury or harm.

48.     On or about July 10, 2015, and at all times relevant through July 13, 2015, personnel at Waller County Jail were required to screen and evaluate Sandra Bland on an ongoing basis.

49.     On or about July 10, 2015, and at all times relevant through July 13, 2015, Waller County was required to train its jail personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, or death.

50.     On or about July 10, 2015, and at all times relevant, personnel at Waller County Jail were required to screen and evaluate the mental status of persons placed in custody.

51.     On or about July 10, 2015, Waller County Jail personnel Oscar Prudente was a screening officer responsible for screening Sandra Bland.

52.     On or about July 10, 2015, Waller County Jail personnel Elsa Magnus, Badge #EM3679, was a screening officer responsible for screening Sandra Bland.

53.     On or about July 10, 2015, Sandra Bland complied with the requests of the Waller County Jail personnel during their screening and evaluation of her.

54.     On or about July 10, 2015, Waller County Jail personnel claim that Sandra Bland informed them that she previously attempted to commit suicide.

55.     On or about July 10, 2015 to July 13, 2015, and at all times relevant, Waller County Jail personnel placed Sandra Bland in a jail cell alone.

56.     On or about July 10, 2015, Waller County Jail personnel placed Sandra Bland in a jail cell with a variety of inappropriate items for a jail cell, including a large garbage can, garbage bags, exposed beams, cords, and other items.

57.     On or about July 10 to July 13, 2015, jail personnel failed to appropriately respond when Sandra Bland did not eat the meals provided to her.

58.     On or about July 10 to July 13, 2015, jail personnel failed to appropriately respond when Sandra Bland had bouts of uncontrollable crying.

59.     On or about July 10 to July 13, 2015, Waller County Jail personnel claim that no other persons entered the jail cell with Sandra Bland

60.     On or about July 11, 2015, Sandra Bland was permitted to make some telephone calls.

61.     On or about July 12 to July 13, 2015, at various points in time, Sandra Bland was not permitted to make attempts to contact family and friends by telephone.

62.     On or about July 13, 2015, Waller County Jail personnel claim that Sandra Bland was found in her cell with a ligature made of a garbage bag around her neck.

63.     On or about July 13, 2015, Waller County Jail personnel claim that Sandra Bland was provided medical treatment.

64.     On or about July 13, 2015, Sandra Bland died while under the custody and control of Waller County Jail.

65.     On or about July 13, 2015, Sandra Bland was survived by her mother, Geneva Reed-Veal, and her sisters Shante Needham, Sharon Cooper, Shavon Bland, and Sienna Cole.

**Count I**

**Brian Encinia - 42 U.S.C. § 1983**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

66.     Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

67.     Prior to July 10, 2015, Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

68.     On July 10, 2015, Defendant Brian Encinia acted under color of law.

69.     In the events alleged above, Defendant Brian Encinia acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

70.     The above-described acts and omissions by Defendant Brian Encinia demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

71.     As a result of Defendant Brian Encinia's violations of Sandra Bland's constitutional rights, Sandra Bland suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

72.     Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

73.     Defendant Brian Encinia deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

74.     As a direct and proximate result of the foregoing, Defendant Brian Encinia, individually and as an agent and/or employee of Texas Department of Public Safety, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and Defendant Brian Encinia caused Sandra Bland to suffer injury and death, of which has caused the general

damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

75.     The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

76.     The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother, Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count II**

**Brian Encinia – Assault and Battery**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

77.     On or about July 10, 2015, Defendant Brian Encinia committed a battery upon Sandra Bland when he intentionally, knowingly, and/or recklessly attempted to remove Sandra Bland from her vehicle.

78.     On or about July 10, 2015, Defendant Brian Encinia committed an assault upon Sandra Bland when he intentionally, knowingly, and/or recklessly pointed a Taser at Sandra Bland as she sat in her vehicle.

79.     On or about July 10, 2015, Defendant Brian Encinia committed an assault upon Sandra Bland when he intentionally, knowingly, and/or recklessly threatened Sandra Bland with bodily injury by pointing a Taser at her and saying words to the effect of "I'll light you up" as she sat in her vehicle.

80.     On or about July 10, 2015, Defendant Brian Encinia committed an assault and battery upon Sandra Bland when he intentionally, knowingly, and/or recklessly used force and/or a threat of force to remove Sandra Bland from her vehicle.

81.     On or about July 10, 2015, Defendant Brian Encinia committed a battery upon Sandra Bland when he intentionally, knowingly, and/or recklessly wrestled Sandra Bland to the ground.

82.     On or about July 10, 2015, Defendant Brian Encinia committed a battery upon Sandra Bland when he intentionally, knowingly, and/or recklessly slammed Sandra Bland's head into the ground.

83.     On or about July 10, 2015, Defendant Brian Encinia committed a battery upon Sandra Bland when he intentionally, knowingly, and/or recklessly kneeled on the body of Sandra Bland.

84.     At no time was Defendant Brian Encinia privileged to take the action, as such fore was not necessary under the circumstances.

85.     As a direct and proximate result of the foregoing, Defendant Brian Encinia, individually and as an agent and/or employee of Texas Department of Public Safety, assaulted and battered Sandra Bland, and Defendant Brian Encinia caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

86.     The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action as an alternative pendent state law claim pursuant to Texas Penal Code section 22.01.

**Count III**

**Brian Encinia – Willful and Wanton – Survival**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

87.     Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

88.     Prior to July 10, 2015, Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

89.     On July 10, 2015, Defendant Brian Encinia acted under color of law.

90.     In the events alleged above, Defendant Brian Encinia acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

91.     The above-described acts and omissions by Defendant Brian Encinia demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

92.     As a result of Defendant Brian Encinia's violations of Sandra Bland's constitutional rights, Sandra Bland suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

93.     Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

94.     Defendant Brian Encinia deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

95.     As a direct and proximate result of the foregoing, Defendant Brian Encinia individually and as an agent and/or employee of Texas Department of Public Safety, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and Defendant caused

Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

96.     The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

## Count IV

## Brian Encinia – Willful and Wanton – Wrongful Death

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

97.     Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

98.     Prior to July 10, 2015, Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

99.     On July 10, 2015, Defendant Brian Encinia acted under color of law.

100.     In the events alleged above, Defendant Brian Encinia acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

101.     The above-described acts and omissions by Defendant Brian Encinia demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

102.     As a result of Defendant Brian Encinia's violations of Sandra Bland's constitutional rights, Sandra Bland suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

103. Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

104. Defendant Brian Encinia deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

105. As a direct and proximate result of the foregoing, Defendant Brian Encinia individually and as an agent and/or employee of Texas Department of Public Safety, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and Defendant Brian Encinia caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

106. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother, Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count V

## Texas Department of Public Safety – Vicarious Liability for Brian Encinia's Willful and Wanton Conduct – Survival

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

107. Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

108. Prior to July 10, 2015, Defendant the Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

109. On July 10, 2015, Defendant Brian Encinia was an agent and/or employee of the Department Texas Department of Public Safety.

110. In the events alleged above, Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

111. Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety was responsible for training its law enforcement officers, including but not limited to Defendant Brian Encinia, with regard to how to conduct a proper vehicle stop, but failed to fully, adequately, and properly do so.

112. Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Texas Department of Public Safety Troopers, including but not limited to, Defendant Brian Encinia.

113. The above-described acts and omissions by Defendant the Texas Department of Public Safety demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

114. As a result of the violations of Sandra Bland's constitutional rights by Defendant Texas Department of Public Safety, through its agent and/or employee, Defendant Brian Encinia, and his afore-described willful and wanton conduct, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

115. Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

116.    Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

117.    As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

118.    The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

**Count VI**

**Texas Department of Public Safety – Vicarious Liability for Brian Encinia's Willful and Wanton Conduct – Wrongful Death**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

119.    Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

120.    Prior to July 10, 2015, Defendant the Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

121.    On July 10, 2015, Defendant Brian Encinia was an agent and/or employee of Defendant the Texas Department of Public Safety.

122.     In the events alleged above, Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

123.     The above-described acts and omissions by Defendant the Texas Department of Public Safety demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

124.     As a result of the violations of Sandra Bland's constitutional rights by Defendant the Texas Department of Public Safety, through its agent and/or employee, Defendant Brian Encinia, and his afore-described willful and wanton conduct, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

125.     Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

126.     Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

127.     As a direct and proximate result of the foregoing conduct Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

128.     The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count VII

### Texas Department of Public Safety – Institutional Liability – Survival

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

129.     Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

130.     Prior to July 10, 2015, Defendant the Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

131.     On July 10, 2015, Defendant Brian Encinia was an agent and/or employee of Defendant the Texas Department of Public Safety.

132.     In the events alleged above, Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

133.     Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety was responsible for training its law enforcement officers, including but not limited to Defendant Brian Encinia with regard to how to conduct a proper vehicle stop, but failed to fully, adequately, and properly do so.

134.     Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety failed to properly evaluate its law enforcement personnel's qualifications,

training, demeanor, and fitness-for-duty as Texas Department of Public Safety Troopers, including but not limited to, Defendant Brian Encinia.

135.    The above-described acts and omissions by Defendant the Texas Department of Public Safety demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

136.    As a result of the violations of Sandra Bland's constitutional rights by Defendant the Texas Department of Public Safety, through its agent and/or employee, Defendant Brian Encinia, his afore-described willful and wanton conduct, Sandra Bland suffered substantial injuries, damages and, ultimately, death

137.    Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

138.    Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

139.    As a direct and proximate result of the foregoing conduct Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

140.    The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

**Count VIII**

**Texas Department of Public Safety – Institutional Liability – Wrongful Death**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

141.    Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

142.    Prior to July 10, 2015, Defendant the Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

143.    On July 10, 2015, Defendant Brian Encinia was an agent and/or employee of Texas Department of Public Safety.

144.    In the events alleged above, Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

145.    Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety was responsible for training its law enforcement officers, including but not limited to Defendant Brian Encinia with regard to how to conduct a proper vehicle stop, but failed to fully, adequately, and properly do so.

146.    Prior to July 13, 2015, and at all times relevant, Defendant the Texas Department of Public Safety failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Texas Department of Public Safety Troopers, including but not limited to, Defendant Brian Encinia.

147.     The above-described acts and omissions by Defendant the Texas Department of Public Safety demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

148.     As a result of the violations of Sandra Bland's constitutional rights by Defendant the Texas Department of Public Safety, through its agent and/or employee, Defendant Brian Encinia, and his afore-described willful and wanton conduct, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

149.     Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

150.     Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

151.     As a direct and proximate result of the foregoing conduct of, Defendant the Texas Department of Public Safety, by and through its agent and/or employee, Defendant Brian Encinia, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

152.     The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count IX**

**Elsa Magnus – 42 U.S.C. § 1983**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

153.    On July 10, 2015, Defendant Elsa Magnus acted under color of law.

154.    In the events alleged above, Defendant Elsa Magnus acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

155.    The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

156.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

157.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

158.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

159.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

160.    On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

161.　On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

162.　As a direct and proximate result of the foregoing, Defendant Elsa Magnus individually and as an agent and/or employee of Defendant Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

163.　The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

164.　The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count X

### Elsa Magnus – Willful and Wanton – Survival

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

165.　On July 10, 2015, Defendant Elsa Magnus acted under color of law.

166.　In the events alleged above, Defendant Elsa Magnus acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

167. The above-described acts and omissions by Defendant Elsa Magnus demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

168. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

169. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

170. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were willful, wanton and recklessly exhibited a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

171. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

172. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

173. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

174. As a direct and proximate result of the foregoing, Defendant Elsa Magnus, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her

rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

175.     The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

**Count XI**

**Elsa Magnus – Willful and Wanton – Wrongful Death**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

176.     On July 10, 2015, Defendant Elsa Magnus acted under color of law.

177.     In the events alleged above, Defendant Elsa Magnus acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

178.     The above-described acts and omissions by Defendant Elsa Magnus demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

179.     On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

180.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

181.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

182.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

183.     On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

184.     On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

185.     As a direct and proximate result of the foregoing, Defendant Elsa Magnus, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

186.     The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

### Count XII

### Oscar Prudente – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

187.    On July 10, 2015, Defendant Oscar Prudente acted under color of law.

188.    In the events alleged above, Defendant, Oscar Prudente, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

189.    The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

190.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

191.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

192.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

193.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

194.    On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

195.	On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

196.	As a direct and proximate result of the foregoing, Defendant Oscar Prudente, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

197.	The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

198.	The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count XIII**

**Oscar Prudente – Willful and Wanton – Survival**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

199.	On July 10, 2015, Defendant Oscar Prudente acted under color of law.

200.	In the events alleged above, Defendant Oscar Prudente acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

201.    The above-described acts and omissions by Defendant Oscar Prudente demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

202.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

203.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

204.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

205.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

206.    On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

207.    On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

208. Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Oscar Prudente, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

209. Defendant Waller County, by and through its agent and/or employee, Defendant Oscar Prudente, violated 42 U.S.C. § 1983 in that Oscar Prudente's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

210. As a direct and proximate result of the foregoing, Defendant Oscar Prudente, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

211. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

## Count XIV

### Oscar Prudente – Willful and Wanton – Wrongful Death

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

212. On July 10, 2015, Defendant Oscar Prudente acted under color of law.

213. In the events alleged above, Defendant Oscar Prudente acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

214.    The above-described acts and omissions by Defendant Oscar Prudente demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

215.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

216.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

217.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

218.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

219.    On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

220.    On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

221.     As a direct and proximate result of the foregoing, Defendant Oscar Prudente, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

222.     The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count XV**

**Waller County – Vicarious Liability for Defendant Elsa Magnus and Defendant Oscar Prudente's Willful and Wanton Conduct – Survival**

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

223.     On July 10, 2015, Defendant Elsa Magnus was an agent and/or employee of Waller County through her employment at the Waller County Sheriff's Office.

224.     On July 10, 2015, Defendant Oscar Prudente was an agent and/or employee of Waller County through his employment at the Waller County Sheriff's Office.

225.     In the events alleged above, Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

226.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

227.    On or about July 10 to July 13, 2015, Waller County Jail personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled, and/or potentially suicidal, in violation of 37 Texas Administrative Code, Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

228.    On or about July 10 to July 13, 2015, Waller County Jail facilities failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

229.    As a result of the violation of Sandra Bland's constitutional rights by Waller County Sheriff's Office agents and/or employees Defendant Elsa Magnus, Defendant Oscar Prudente, and others, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

230.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

231.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

232.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others were willful, wanton,

and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

233. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

234. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

235. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

236. Defendant Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

237. Defendant Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, violated 42 U.S.C. § 1983, in that their conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

238. As a direct and proximate result of the foregoing, Defendant Waller County, by and through its agents and or employees, including Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights and privileges as a citizen of the

United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

239.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

### Count XVI

### Waller County – Vicarious Liability for Defendant Elsa Magnus and Defendant Oscar Prudente's Willful and Wanton Conduct – Wrongful Death

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

240.   On July 10, 2015, Defendant Elsa Magnus was an agent and/or employee of Waller County through her employment at the Waller County Sheriff's Office.

241.   On July 10, 2015, Defendant Oscar Prudente was an agent and/or employee of Waller County through his employment at the Waller County Sheriff's Office.

242.   In the events alleged above, Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

243.   The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

244.   On or about July 10 to July 13, 2015, Waller County Jail personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling

of inmates who are mentally disabled, and/or potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

245.     On or about July 10 to July 13, 2015, Waller County Jail facilities failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

246.     As a result of the violation of Sandra Bland's constitutional rights by Waller County Sheriff's Office agents and/or employees Defendant Elsa Magnus, Defendant Oscar Prudente, and others, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

247.     On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

248.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

249.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

250. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

251. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

252. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

253. Defendant Waller County, by and through its agents and/or employees Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

254. As a direct and proximate result of the foregoing, Defendant Waller County, by and through its agents and or employees, including Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

255. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XVII

## Waller County – Institutional Liability – Survival

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

256.     On July 10, 2015, Defendant Elsa Magnus was an agent and/or employee of Waller County through her employment at the Waller County Sheriff's Office.

257.     On July 10, 2015, Defendant Oscar Prudente was an agent and/or employee of Waller County through his employment at the Waller County Sheriff's Office.

258.     In the events alleged above, Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

259.     The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

260.     On or about July 10 to July 13, 2015, Waller County Jail personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled, and/or potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

261.     On or about July 10 to July 13, 2015, Waller County Jail facilities failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1),

Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

262.     As a result of the violation of Sandra Bland's constitutional rights by Waller County Sheriff's Office agents and/or employees Defendant Elsa Magnus, Defendant Oscar Prudente, and others, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

263.     On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

264.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

265.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

266.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

267.     On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, Oscar Prudente, and others were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

268. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

269. Defendant Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

270. As a direct and proximate result of the foregoing, Defendant Waller County, by and through its agents and or employees, including Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

271. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

## Count XVIII

### Waller County – Institutional Liability – Wrongful Death

Plaintiff re-alleges Paragraphs 1-65 of the Complaint.

272. On July 10, 2015, Defendant Elsa Magnus was an agent and/or employee of Waller County through her employment at the Waller County Sheriff's Office.

273. On July 10, 2015, Defendant Oscar Prudente was an agent and/or employee of Waller County through his employment at the Waller County Sheriff's Office.

274. In the events alleged above, Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, acted contrary to law, and intentionally and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

275. The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

276. On or about July 10 to July 13, 2015, Waller County Jail personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled, and/or potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

277. On or about July 10 to July 13, 2015, Waller County Jail facilities failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

278. As a result of the violation of Sandra Bland's constitutional rights by Waller County Sheriff's Office agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

279. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

280.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

281.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, Oscar Prudente, and others were willful, wanton, and recklessly exhibited a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

282.     On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

283.     On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

284.     On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

285.     Defendant Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

286. As a direct and proximate result of the foregoing, Defendant, Waller County, by and through its agents and or employees, including Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

287. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Damages

288. Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

289. Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

a. Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendant Brian Encinia;

b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Brian Encinia subjected Plaintiff;

c. Violation of Plaintiff's civil rights by Defendants Brian Encinia, Texas Department of Public Safety, Waller County, Elsa Magnus, and Oscar Prudente; and

    d.     Punitive damages for egregious acts and omissions of Defendants Brian Encinia, Texas Department of Public Safety, Waller County, Elsa Magnus, and Oscar Prudente.

290.   Plaintiff is entitled to attorney's fees for litigation of this matter.

291.   Plaintiff requests and is entitled to a trial by jury.

## Prayer for Relief

Geneva Reed-Veal, as Mother and Personal Representative of the estate of Sandra Bland, deceased, prays that for judgment on her behalf and against all defendants jointly, severally, and in solido, as follows:

a.  Compensatory, special, and punitive damages;

b.  The cost of this action and reasonable attorney fees as provided by 42 U.S.C. § 1983;

c.  Judicial interest from date of judicial demand;

d.  Trial by jury; and

e.  Such further relief as this Court deems just and equitable.

Respectfully Submitted,

*/s/ Jesse Thomas Rhodes, III*
Counsel for Plaintiff
Jesse Thomas Rhodes, III
Texas Bar #16820050
Federal Bar #17613
trhodes@tomrhodeslaw.com
Robert E. Brzezinski
Texas Bar #00783743
Federal Bar #17609
brzez@tomrhodeslaw.com
Wayne Colodny
Texas Bar # 04626440
Federal Bar #4598395
wcolodny@tomrhodeslaw.com
TOM RHODES LAW FIRM, P.C.
126 Villita Street
San Antonio, Texas 78205
Telephone: (210) 225-5251
Facsimile: (210) 225-6545