# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased,<br>    *Plaintiff*, | § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-02232<br>(JURY TRIAL REQUESTED) |
| BRIAN ENCINIA, ET AL.,<br>    *Defendants*. | § § | |
| STATE OF TEXAS<br><br>COUNTY OF WALLER | § § § | |

## AFFIDAVIT OF OSCAR PRUDENTE

BEFORE ME, the undersigned authority, on this day personally appeared Oscar Prudente, a person whose identity is known to me, and who being first duly sworn by me, upon his oath stated:

1. "My name is Oscar Prudente. I am over the age of eighteen (18) years, have never been convicted of a felony or crime of moral turpitude, and am competent to make this Affidavit. I have personal knowledge of the facts contained herein, and the facts are true and correct.

2. I was employed by Waller County ("County") as a Jailer before and during Sandra Bland's detention.

3. Prior to July 10, 2015, I was a licensed jailer in the State of Texas, which required completion of a 96-hour course—including course



instruction on, for example, recognizing, supervising, documenting, and handling suicidal detainees, housing classification for detainees, and monitoring detainees—and successful completion of a written test.

4. Also prior to July 10, 2015, I received on-the-job training as a jailer from Waller County, in addition to reviewing the Waller County Jail Policies and Procedures, and the Waller County Memo Book.

5. Also prior to July 10, 2015, I became a licensed peace officer in the State of Texas, which required completion of a 643-hour course—including course instruction on dealing with individuals suffering from mental health issues and who may be suicidal—and successful completion of a written test.

6. On Friday, July 10, 2015, at approximately 5:30 p.m., Sandra Bland was arrested and brought to the Waller County Jail. I performed the initial intake screening on Ms. Bland. Part of that screening involved interviewing Ms. Bland to attempt to identify any potential mental health issues, or any potential suicide risk.

7. During the screening process, Ms. Bland was angry, with her anger directed at the arresting officer, and her perception that she should not have been arrested. Her emotional state was very similar to a large percentage of arrestees. She did not appear depressed or sad, and she was alert and oriented. She did not appear to suffer from any mental health issues, and she credibly told me she was not contemplating suicide.

8. When she reported to me that she had attempted suicide in 2014, after losing a baby, I asked her follow-up questions, and she disclosed she had taken pills at the time, but that she no longer felt that way. Based on her demeanor, her responses to questioning, the charged offense, her perception that she would be bailed out of jail quickly, and the totality of the circumstances, and in light of my training, education, and experience, I did not believe her to be a suicide risk. Accordingly, I placed her in a regular holding cell, to wait to be booked.

9. I had no further interaction with Ms. Bland, and my shift ended shortly thereafter at 7:00 p.m. on Friday, July 10, 2015. I did not work over the weekend and had no other interaction with Ms. Bland during her detention in the Waller County Jail. I was not present when she was discovered hanging in her cell on Monday, July 13, 2015.

Further affiant sayeth not."

_____
Oscar Prudente

SUBSCRIBED AND SWORN TO, BEFORE ME, by **Oscar Prudente**, on this the 10th day of November, 2015, to certify which witness my hand and seal of office.



_____
Notary Public for the State of Texas