In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Geneva Reed-Veal, Individually and as Mother and Personal Representative of the Estate of Sandra Bland, deceased, Plaintiffs, | § § § § § | |
| v. | § § | Civil Action No. 4:15-cv-02232 |
| Brian Encinia, *et al*., Defendants. | § § § | Jury |

## Defendants Encinia and the Texas Department of Public Safety's Opposed Motion to Stay Brief in Support

Trooper Brian Encinia and The Texas Department of Public Safety file this opposed motion to stay with brief in support, asking the Court to stay all proceedings based upon the *Younger* abstention doctrine.

### Statement of the Case

This is a civil rights action for damages arising under the United States Constitution via 42 U.S.C. § 1983 for the alleged wrongful death of Sandra Bland pursuant to Chapter 71.001 *et seq*. of the Texas Civil Practice and Remedies Code. Reed-Veal alleges claims on behalf of herself and on behalf of the estate of Bland. Reed-Veal is the alleged mother of Bland. Trooper Encinia has been indicted in a Texas Court based upon the incident in question [Ex. 1].

**Brief in Support**

"In general, the *Younger*[1] doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceedings'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. Louisiana Public Defender Board*, 677 F.3d 712 716 (2012) *quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

"The interference with ongoing state proceedings need not be direct to invoke *Younger* abstention. The *Younger* doctrine prevents federal courts from exercising jurisdiction when the relief required 'would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent.'" *Bice*, 677 F.3d at 717; *quoting O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Bice*, 677 F.3d at 717; *quoting Joseph A. ex. rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). "In deciding whether to abstain

---

[1]*Younger v. Harris*, 401 U.S. 37 (1971).

pursuant to *Younger*, we must be practical in assessing the most likely result of granting plaintiff's requested relief." *Bice*, 677 F.3d at 718; *citing Luckey v. Miller*, 976 F.2d 673, 679 (11th Cir. 1992).

For this case to proceed, it would be likely that, among other things, investigative reports would be provided, depositions being taken and the issuance of rulings regarding Constitutional matters. This would interfere with Trooper Encinia's ability to receive a fair trial in the state criminal matter, if not directly, but at a minimum indirectly. Given the media coverage of this case, public dissemination of reports could influence jurors. Any deposition of Trooper Encinia would be difficult as he would likely invoke his right to not incriminate himself based upon the Fifth Amendment. This Court may be asked to rule upon Constitutional matters which could implicate rulings in the state court. The first prong of the *Younger* doctrine is fulfilled.

"The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature...." *Middlesex*, 457 U.S. at 432. The State of Texas has an important interest in the outcome of the criminal matters in it's courts. This proceeding bears a close relationship to the criminal proceedings as they are based upon the exact same events. The second prong of the *Younger* doctrine is fulfilled.

Lastly, "[t]he operation of the *Younger* doctrine is dependent upon the ability

of the state courts to provide an adequate remedy for the violation of federal rights." *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). Trooper Encinia would have an ability to raise any Constitutional concerns he may have in the state court proceedings. The third prong of the *Younger* doctrine is fulfilled.

## Conclusion and Prayer

All three prongs necessary for the imposition of the Younger abstention doctrine are present. Therefore, Trooper Brian Encinia and the Texas Department of Public Safety ask the Court to stay all proceedings until the criminal charges against Trooper Encinia have been resolved.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement Defense Division
Co-counsel

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580

Southern District Bar No. 18527
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-2109

**Attorneys for Defendant DPS and Trooper Encinia**

## Certificate of Conference

Defendants Elsa Magnus, Oscar Prudente and Waller County are undecided at this time as to whether they are opposed or unopposed. They will be filing a certificate of conference at a later time. The movant has conferred with the respondent (Plaintiffs) and counsel cannot agree about the disposition of the motion.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Notice of Electronic Filing

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Encinia and the Texas Department of Public Safety's Opposed Motion to Stay with Brief in Support** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 8th day of January, 2016.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Encinia and the Texas Department of Public Safety's Opposed Motion to Stay with Brief in Support** has been served by means of the Southern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 8th day of January, 2016, addressed to all parties of record

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General