In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Geneva Reed-Veal, Individually and as Mother and Personal Representative of the Estate of Sandra Bland, deceased,     Plaintiffs, | § § § § § | |
| v. | § § | Civil Action No. 4:15-cv-02232 |
| Brian Encinia, *et al.*,     Defendants. | § § § | Jury |

**Defendant Texas Department of Public Safety's
Opposed Motion to Quash with Brief in Support**

The Texas Department of Public Safety files this opposed motion to quash with brief in support, asking the Court to quash the subpoena and depositions on written questions issued to it by Plaintiffs' based upon the Department's Eleventh Amendment immunity and the law enforcement privilege.

**Statement of the Case**

This is a civil rights action for damages arising under the United States Constitution via 42 U.S.C. § 1983 for the alleged wrongful death of Sandra Bland pursuant to Chapter 71.001 *et seq.* of the Texas Civil Practice and Remedies Code. Reed-Veal alleges claims on behalf of herself and on behalf of the estate of Bland. Reed-Veal is the alleged mother of Bland. Plaintiffs have served the Department with a subpoena and depositions on written questions, asking for various records [Ex. 1].

**Brief in Support**

**The Texas Department of Public Safety is entitled to Eleventh Amendment immunity and therefore protection from discovery.**

The Eleventh Amendment to the Constitution is an explicit jurisdictional bar against suits brought in federal court against the State. U.S. CONST. amend. XI. "The very object and purpose of the Eleventh Amendment [is] to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993), *quoting In re Ayers*, 123 U.S. 443, 505 (1887). States and their agencies are cloaked with Eleventh Amendment immunity in suits brought against them in federal court absent waiver. *Puerto Rico Aqueduct and Sewer Authority*, 506 U.S. at 144.

Plaintiffs bring various claims for the alleged violation of the Constitution pursuant to 42 U.S.C. § 1983 [D.E. 22 ¶¶ 92-104]. However, 42 U.S.C. § 1983 does not waive Eleventh Amendment immunity for the State or its agencies. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Plaintiffs' also bring claims based upon *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). [D.E. 22 ¶¶ 180-185]. However, "*Monell* concerned suit under 42 U.S.C. § 1983 against a municipality, and in no way suggests that state agencies are subject to suit in federal court." *Fennell v. Texas Education Agency*, 273 F.3d 1100 (2001). Any reliance by

the Plaintiffs in a waiver of Eleventh Amendment immunity based upon the Texas Tort Claims Act is also misplaced. "Applying this standard, we find that the statute waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The Act clearly does no waive Eleventh Amendment immunity to suit in federal courts." *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).

Based upon it's entitlement to Eleventh Amendment immunity, proceeding with discovery directed to the Department prior to a ruling on Eleventh Amendment immunity would be improper. *Jones v. Tyson Foods, Inc.*, 971 F.Supp.2d 671, 677 (N.D. Mississippi, 2013) *citing Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146; *In re Ayers*, 123 U.S. 505. Therefore, the subpoena and deposition on written questions should be quashed.

**The disclosure of the materials in question is prohibited by the law enforcement privilege.**

"Federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). In *Swanner v. United States*, 406 F.2d 716 (1969), the court stated that "pendency of a criminal investigation is a reason for denying discovery of investigative reports...." *Id*. at 406 F.2d 719. Trooper Encinia has been indicted in a Texas court and therefore any reports pertaining to that matter are subject to the law

enforcement privilege.

## Conclusion and Prayer

The Texas Department of Public Safety should not be subjected to any discovery request, including a subpoena or deposition on written questions, prior to a ruling on it's entitlement to Eleventh Amendment immunity. In addition, the law enforcement privilege protects them from disclosure at this time. Therefore the Department asks for the Court to quash the subpoena and deposition on written questions.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement Defense Division
Co-counsel

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580
Southern District Bar No. 18527

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-2109

**Attorneys for Defendant DPS and Trooper Encinia**

### Certificate of Conference

Defendants Elsa Magnus, Oscar Prudente and Waller County are unopposed to the motion. The movant has conferred with the respondent (Plaintiffs) and counsel cannot agree about the disposition of the motion.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

### Notice of Electronic Filing

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Texas Department of Public Safety's Opposed Motion to Quash with Brief in Support** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 8th day of January, 2016.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Texas Department of Public Safety's Opposed Motion to Quash with Brief in Support** has been served by means of the Southern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 8th day of January, 2016, addressed to all parties of record

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General