UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased,<br>          Plaintiff,<br>v.<br>BRIAN ENCINIA, Individually and as an agent and/or employee of TEXAS DEPARTMENT OF PUBLIC SAFETY; TEXAS DEPARTMENT OF PUBLIC SAFETY; ELSA MAGNUS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; OSCAR PRUDENTE, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; and WALLER COUNTY,<br>          Defendants. | No. 4:15-cv-02232<br>Jury Demand<br>Judge David Hittner<br>Magistrate Judge Stephen Smith |

## PLAINTIFF'S BRIEF REGARDING THE
## *YOUNGER* ABSTENTION DOCTRINE AND THIS COURT'S
## AUTHORITY TO COMPEL THE TEXAS RANGERS' REPORT

Now comes Plaintiff GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased, and files this, her Brief Regarding the *Younger* Abstention Doctrine and this Honorable Court's Authority to Compel the Texas Rangers' Report and would show unto the Court as follows:

I.

INTRODUCTION

Plaintiff files this brief in response to the Court's request for briefing as to whether it has the authority, under *Younger*, to compel the Texas Rangers' report. Additionally, Plaintiff files this brief in response to the Motion to Quash Subpoena recently filed by the Texas Department of Public Safety.

II.

ARGUMENT

A review of *Younger*, together with its progeny, demonstrates that the *Younger* abstention doctrine, while well established and alive, does not apply to this case. Moreover, nothing in *Younger*—or the cases that follow—indicates that this Court should or could not compel production of the Texas Ranger report. To the contrary, the Federal Rules of Civil Procedure permit Plaintiff to discover any evidence relevant to her claims.

**1. The *Younger* Abstention Doctrine Does Not Apply to Suits for Damages.**

Crucially, prior holdings of the Fifth Circuit make it clear that *Younger* is not applicable to claims for damages. *See Boyd v. Farrin*, 575 F. App'x 517, 519 (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994)); *see also Bishop v. State Bar of Tex.*, 736 F.2d 292, 295 (5th Cir. 1984) (holding that the lower court erred in dismissing Plaintiff's claims for damages, "**a species of relief wholly**

**unaffected by *Younger***" (emphasis added)). As explained *supra*, this demonstrates the specific scenario to which the *Younger* abstention applies: when one party requests an injunction against a state court's proceedings. The instant case is clearly of the exact type which the Fifth Circuit has expressly indicated is **not** touched by the *Younger* doctrine. Accordingly, any effort to label the issue of the Rangers' report in this case as one that is controlled by *Younger* is a mischaracterization of the clear precedent affecting this Court.

> 2. **The *Younger* Doctrine is Inapplicable Here And Therefore Should Not Serve to Interfere With The Course of Litigating The Instant Action.**

The doctrine espoused by the Supreme Court in *Younger v. Harris* only requires that federal courts refrain from considering requests for injunctive or declaratory relief based upon constitutional challenges to state criminal proceedings, as well as certain state civil proceedings, which are pending at the time the federal action is instituted. *Doe v. Order Desk, Inc.*, 1997 WL 405141 (N.D. Tex. 1997) (citing *Younger v. Harris*, 401 U.S. 37 (1971) (injunctive relief); and *Samuels v. Mackell*, 401 U.S. 66 (1971) (declaratory relief)). Specifically, "the paradigm situation calling for *Younger* restraint, … [exists where a] state defendant brings a federal action challenging the statute which is simultaneously being applied against him." *Rivera-Puig v. Garcia-Rosario*, 983 F.2d 311 (1st Cir. 1992); (citing *Fernandez v. Trias Monge*, 586 F.2d 848, 851 (1st Cir. 1978).

In *Younger,* the appellee, Harris, filed a complaint in federal court seeking to enjoin the California state prosecutor from pursuing an indictment brought for the violation of California's Criminal Syndicalism Act ("the Act" or "Statute"). *Younger v. Harris*, 401 U.S. 37, 39 (1971). Harris argued that the Act was void for vagueness and overbreadth in violation of his First and Fourteenth Amendment rights, and, in seeking an injunction, asked that the federal court restrain the prosecutor from bringing any further actions against him under the Statute. *Younger,* 401 U.S. at 40. In finding that it could not grant the requested relief, the Court noted that the long standing principle directing federal court's not to interference with state court proceedings had never been "specifically identified", however, pointed to two principles underlying the policy, both strongly rooted in our system of jurisprudence. *Id.* at 43.

That first principle "is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. Put differently, the Court stated that "restraining equity jurisdiction within narrow limits is … important … in order to prevent the erosion of the role of the jury and avoid duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.* at 44.

The second principle identified by the Supreme Court as to why a federal court should refrain from enjoining a pending state proceeding is the notion of "comity". *Younger*, 401 U.S. at 44. Comity "represents [] a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government" endeavors to vindicate and protect the federal rights and interests of the plaintiff "in ways that will not unduly interfere with the legitimate activities of the States." *Id.*

Plainly obvious from this iteration is that the fact that the principles underlying *Younger* abstention are inapplicable to this case. Clearly, there is here a lack of risk as espoused under the first principle noted in *Younger*. In *Younger*, Appellee Harris had already been indicted and was actively being prosecuted in California state court by the time he filed his federal suit seeking an injunction as to the state criminal proceedings against him. *Id.* at 41 ("He thus [had] an acute, live controversy with the State and its prosecutor."). Thus, he was, himself, a criminal Defendant who clearly initiated a civil suit as a "back-door" method to negate his charges.

To the contrary, Plaintiff herein is not attempting to delay, reverse, or avoid any criminal proceedings against herself or decedent, Sandra Bland. Likewise, Plaintiff is not the subject of any pending criminal proceedings. Simply put, there is absolutely no risk of duplicative litigation or sanctions that would justify the

5

touching of these proceedings under the doctrine. Rather, Plaintiff believes that both the federal civil suit and the state criminal matter should proceed.

The Supreme Court has instructed that abstention under *Younger* is advised only in certain circumstances; primarily where the principles of equity, comity, and federalism fall in favor of deference being given to the ongoing state proceedings. *Wrightman v. Tex. State Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996). Specifically, *Younger* dictates dismissal of the federal suit for: (1) injunctive relief where the federal plaintiff is unable to establish that his state-court defense will not adequately protect the federal rights asserted by her, and/or (2) declaratory relief where the issues raised are intertwined with a pending state criminal proceeding brought against the federal plaintiff. *Langley v. Ryder*, 602 F. Supp. 335 (W.D. La. 1985) (citing *Younger*, *supra* and *Samuels*, *supra*).

The Fifth Circuit, in *Robinson v. Stovall*, held that only "in extraordinary circumstances, [will] a civil rights plaintiff's ability to sue to vindicate his rights in federal court … [be] affected by the simultaneous pendency of a state prosecution against someone else whether or not the state defendant is a litigant in a federal action." 646 F.2d 1087, 1090 (5th Cir. 1981) (parentheses omitted). In so holding, the appellate court found that "*Younger* principles are not invoked by the mere fact that federal relief has an impact upon state governmental machinery." *Robinson,* 646 F.2d at 1091. Thus, even if it could be said that the parties to the state and

federal proceedings have intertwining interests, Plaintiff's inability to intervene in the state court proceedings belies *Younger* abstention and actually compels this Honorable Court's intervention. *Robinson,* 646 F.2d at 1091.

In this case, Plaintiff has not had, and will continue not to have, an opportunity to intervene with the grand jury proceedings or the State's criminal case. The resulting affect is that Plaintiff has, in fact, been deprived of any information related to the claimed-to-be ongoing proceedings. As the *Robinson* court reasoned, when important constitutional right are in jeopardy, as in this case, "federal courts cannot allow local officers to delay or defeat vindication of the asserted constitutional rights" because "one of the strengths of our federal system is that it provides a double source of protection for the rights of our citizens . . . [and] [f]ederalism is not served when the federal half of that protection is crippled." *Id.* at 1092. However, such would be the case here, if this Honorable Court applies *Younger* to hold the instant action in abeyance until the finality of the State's criminal case.

Moreover, "[a]bdication of the obligation to decide cases can [only] be justified under [*Younger*] … in exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Allegheny County. v. Frank Mashuda Co.,* 360 U.S. 185, 188-189 (1959). The *Allegheny* Court held that, "the mere fact that a case involving the

7

same issue is pending in another has never been considered a sufficient reason to excuse a federal court from performing its duty to adjudicate a controversy properly before it." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 22 (Stevens, J., concurring in part and dissenting in part) (quoting *Allegheny County,* 360 U.S. 185, 188). In so holding, the Court reasoned that, "[i]t exacts a severe penalty from citizens for their attempt to exercise [the] rights of access to the federal courts granted [to] them by Congress [and then] to deny them th[e] promptness of decision" undoubtedly paramount "in all judicial actions [a]s one of the elements of justice." *Allegheny County*, 360 U.S. at 196.

In summation, the federal and state proceedings, although borne out of a common nucleus of operative facts, deal with wholly separate issues raised by unrelated and materially adverse parties under distinct portions of law which in no way afford any of those party similar opportunities, remedies, or relief. Thus, there is absolutely no basis for finding that Plaintiff's federal suit for monetary damages, if simultaneously proceeding along-side the state's investigation into the conduct creating liability, will disturb the criminal investigation; nor will this Court's order compelling the production of necessary and relevant evidence, such as the Texas Rangers' report, cause any unfair advantage, harm, or adverse consequence to any of the parties in this suit. In fact, in the eyes of Plaintiff --as well as other members of the Bland Family, and the general public-- allowing the unabated continuation

8

of this suit and compelling the production of the aforementioned report could only be viewed as in furtherance of the interests of justice.

Finally, it is important to note that Plaintiff is not asking this Court to interfere in any way with the grand jury process or the potential criminal suit, nor does Plaintiff understand how such interference may even come to fruition if her case is simply allowed to proceed. Nevertheless, for the reasons cited above, Plaintiff urges this Honorable Court to find that the abstention doctrine developed under *Younger* and its progeny is inapplicable to the instant action, and respectfully requests that she be allowed to proceed forward toward the adjudication of this matter, unconstrained, on its merits.

**3. This Court Has the Discretion to Compel Production of the Ranger Report.**

Federal Rule of Civil Procedure 34(c) states "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." FED. R. CIV. P. 34(c). Rule 45 lays out the procedures for subpoenaing documents. *See* FED. R. CIV. P. 45. Specifically, the 2013 Notes of the Advisory Committee point out that in 1991, Rule 45(a)(1)(D) was amended to substitute the word "person" for the word "party" because the subpoena may be directed to a nonparty. *Id.* advisory committee's note to 1991 amendment.

Like the interests promoted by the *Younger* doctrine, any potential concern with ordering production of the Texas Rangers' report is irrelevant to this suit. In

the seminal case of *Campbell v. Eastland*, the Fifth Circuit denied the Plaintiffs' motion to compel production of criminal reports in possession of the U.S. Attorney who was prosecuting them in the criminal case in which they were the named defendants. *See Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). The Fifth Circuit explained that the reason it denied the Plaintiffs' discovery requests and stayed the civil suit was to prevent the criminal defendant from using the broader civil discovery rules to evade restrictions on discovery in their criminal case and thus gain an advantage in their criminal case. *See Campbell*, 307 F.2d at 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."); *see also Whitfield v. Riley*, 2009 U.S. Dist. LEXIS 42453, at *2 (E.D. La. 2009) (explaining that the interest in giving precedence to the public interest of law enforcement when parallel civil and criminal proceedings are pending was only relevant in *Campbell* because the civil plaintiff filed the civil suit only to obtain discovery that he would not otherwise be entitled to as a criminal defendant, which was not the case in *Whitfield*).

Plaintiff herein is uninvolved in the related criminal investigation; the concern expressed by the Fifth Circuit is not present in this case. This Court may order discovery of any matter relevant to the subject matter involved in the action,

including the Texas Rangers' report that has not yet been produced to Plaintiff. *See* FED. R. CIV. P. 26(b)(1).

The investigative report completed by the Texas Rangers is precisely the type of discovery that Plaintiff needs in order to properly respond to Defendants' 12(b)(6) Motions to Dismiss and Defendants' Motion for Summary Judgment. Indeed, Texas courts have recognized such evidence as being relevant qualified immunity issues, which are to be addressed early on in section 1983 actions. *See Crisp v. Dutton*, 2015 U.S. Dist. LEXIS 153021, at *29 (W.D. Tex. 2015) (granting a plaintiff's motion to compel discovery from third party Williamson County so that he may learn unknown facts and identities in order to address the qualified immunity defense). The *Crisp* court also held that dismissing Plaintiff's claims without providing him access to information about the identity of the involved police officers that is unavailable to him (but that may be readily available) is an abuse of discretion. *Id.* at 23–24) (citing *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992).

Plaintiff likewise contends that she needs access to undisclosed evidence surrounding the investigation of this case in order to gain a complete picture of all involved facts and individuals; Plaintiff is entitled to the discovery necessary to do so. *See Crisp*, 2015 U.S. Dist. LEXIS 153021, at *26 (holding "Discovery is available to determine the names and roles of individual participants in these

11

alleged group actions. . . ." and noting "[s]everal District Courts within the Fifth Circuit have [declined] to dismiss section 1983 claims against individual officers acting in concert simply because the plaintiff has no means of identifying which officer did what at the motion to dismiss stage."). Plaintiff must name additional Defendants by January 19, 2016. Additionally, During the December 17, 2015, status hearing, Plaintiff's counsel told the Court of their position that the qualified immunity issue *does* turn on fact issues and, therefore, discovery (particularly the Texas Rangers' report) is crucial to address this issue, identify all proper Defendants, and respond to Defendant's Motion for Summary Judgment.

    Neither the Defendants in this case nor the Texas Rangers have raised any objection to producing or claimed any privilege over the Texas Rangers' report. The sole reason Plaintiff has not yet seen the Texas Rangers report is because it allegedly has not yet been provided to Defendants. In fact, in the Joint Status Report submitted to this Court last month, Defendants agreed to provide the report to Plaintiff within one week of receiving it. The Texas Rangers' report contains facts and evidence relevant to Plaintiff's claims. Accordingly, this piece of evidence is discoverable. *See* FED. R. CIV. P. 26(b)(1); *see also Williams v. City of Dallas*, 178 F.R.D. 103 (N.D. Tex. 1998) (granting Plaintiff's discovery requests for evidence that corroborates his assertion that law enforcement Defendants engaged in objectively unreasonable behavior).

Moreover, Defendants' Motions to Dismiss regarding their claimed qualified immunity are pending. If this Court determines that discovery should be limited to the qualified immunity issue, the investigative reports, including the Texas Rangers' report, are undoubtedly important to this inquiry. *See id.* at 111 (recognizing the importance of Plaintiff acquiring discovery in order to uncover the facts needed to rule on the immunity claim and holding that when discovery is limited to the qualified immunity defense, Plaintiff's "need to obtain evidence from a nonparty is heightened by the unavailability of discovery from a party"). It is well established that when the qualified immunity defense is raised, discovery on this issue may be allowed. *See Collins v. Bauer*, 2012 U.S. Dist. LEXIS 10180, at *6 (N.D. Tex. 2012) (denying Defendants' motion to quash discovery from the City, a nonparty in the case, to pursue the qualified immunity issue).

Defendants have asked Plaintiff to provide more detail in her complaint—to identify the specific behavior that she believes violated Sandra Bland's constitutional rights. Plaintiff believes that her live complaint satisfies the requirements to put Defendants on sufficient notice of her claims and to overcome Defendants' qualified immunity defense. Nevertheless, Plaintiff lacks the proper evidence, including the Texas Rangers' report, to do what Defendants have asked her to do. During the December 17, 2015, status conference, Plaintiff explained to this Court that the qualified immunity issue turns on factual disputes—yet another

13

reason demonstrating the need for the Texas Rangers' report. Additionally, as stated, such evidence is necessary to respond to Defendants' Motion for Summary Judgment and address the qualified immunity defense raised by Defendants.

## III.

## CONCLUSION AND PRAYER

Plaintiff brought suit in this Court seeking monetary damages for the injuries she has suffered and for those suffered by her deceased daughter, Sandra Bland. Plaintiff has not requested, nor does she intend to request this Court enjoin the grand jury process or any future state criminal proceedings brought as a result of the incidents that form the basis of her suit. As such, *Younger* is wholly inapplicable to this case. Furthermore, this Court has discretion to compel production of the Texas Rangers' report, as well as other evidence relevant to Plaintiff's claims.

Respectfully submitted,

*/s/ J. Thomas Rhodes, III*
Jesse Thomas Rhodes, III
Attorney in Charge
Texas Bar #16820050
Federal Bar #17613
trhodes@tomrhodeslaw.com
Robert E. Brzezinski
Texas Bar #00783743
Federal Bar #17609
brzez@tomrhodeslaw.com

>Wayne Colodny
>Texas Bar # 04626440
>Federal Bar #4598395
>wcolodny@tomrhodeslaw.com
>TOM RHODES LAW FIRM, P.C.
>126 Villita Street
>San Antonio, Texas 78205
>Telephone: (210) 225-5251
>Facsimile: (210) 225-6545
>
>Cannon Lambert
>Illinois Bar # 6237503
>Federal Bar # 6237503
>cannon@karchmarlambert.com
>Karchmar & Lambert, P.C.
>211 W. Wacker Drive
>Suite 1400
>Chicago, IL 60606
>Telephone: 312-977-1300
>Facsimile: 312.236.0920
>
>Larry R. Rogers, Jr.
>Counsel for Plaintiff
>Illinois Bar # 6220743
>Federal Bar # 6220743
>lrogersjr@prslaw.com
>Power Rogers & Smith PC
>70 W. Madison St. # 5500
>Chicago, IL 60602
>Telephone: (312) 313-0202
>Facsimile: (312) 977-1999
>COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2016, a true and correct copy of Plaintiff's Brief Regarding the *Younger* Abstention Doctrine and this Court's Authority to Compel the Texas Rangers' Report was forwarded in accordance with the Electronic Case Files System of the Southern District of Texas, to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

Larry J. Simmons
B. Eliot New
Germer PLLC
550 Fannin Suite 400
Beaumont, TX 77701
**COUNSEL FOR DEFENDANTS,**
**WALLER COUNTY, ELSA MAGNUS AND**
**OSCAR PRUDENTE**

Seth Byron Dennis
Assistant Attorney General
Texas Attorney General's Office
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, TX 78711
**COUNSEL FOR DEFENDANTS,**
**TEXAS DEPARTMENT OF PUBLIC SAFETY AND**
**TROOPER BRIAN ENCINIA**

/s/ J. Thomas Rhodes, III
J. Thomas Rhodes, III