IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVA REED-VEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 4:15-cv-02232 |
| | § | |
| BRIAN ENCINIA et al., | § | |
| | § | |
| Defendants. | § | |

**UNITED STATES ATTORNEY'S RESPONSE TO PLAINTIFF'S MOTION TO HOLD FBI AGENTS IN CONTEMPT OR IN THE ALTERNATIVE, FOR *IN CAMERA* INSPECTION**

Responding to Plaintiff's alternative point (item 24 at p. 11 of his Motion) first, the U.S. Attorney does not oppose an *in camera* inspection of the subpoenaed records as was mandated in *In Re DHS*, 459 F. 3d 565, 570(5th Cir. 2006).

On December 21, 2015, the court denied the U.S. Attorney's Motion to Quash the subpoena *duces tecum* issued to the Houston Office of the FBI in Houston. The undersigned immediately communicated with the FBI Houston Attorney to advise that the motion had been denied and to prepare to produce the material(s) responsive to the subpoena. The FBI Attorney responded to the undersigned that the Houston FBI did not have anything responsive to the subpoena except reports which had been generated by the Texas Rangers and shared with the FBI on condition that they would not be released without the

consent of the Rangers.    The undersigned responded that the said material should be prepared for production when requested by plaintiff's counsel.

Shortly after the New Year, the undersigned initiated emails, (quoted by Plaintiff at pages 3 &4 of their Motion) in which he apprised all litigants' counsel of the FBI's possession of copies of the Rangers' documents, and suggesting, that since the FBI was only a secondary source of documents already produced by and available to State authorities who were parties to the lawsuit, that plaintiff should secure those documents from them.  It was the consensus of all, that if the Waller County Grand Jury did not return an indictment against the Defendant Brain Encinia, that the Rangers' documents should, and would immediately be made available to plaintiff's counsel.

Unexpectedly, however, the Grand Jury returned an indictment against Mr. Encinia.  The Texas Code of Criminal Procedure governs the production of the Rangers' reports as necessary for the trial of Mr. Encinia. Thus, the State has filed a Motion to Stay these proceedings to prevent the release of these selfsame Ranger's Reports to Plaintiff's counsel.

When the Court denied the U.S. Attorney's Motion to Quash, it clearly did not have within its knowledge or contemplation that a conflict might arise with State of Texas authorities and the potential adverse impact upon the trial of Mr. Encinia by the premature release of the Rangers' reports to Plaintiff's counsel, of

which the FBI only has incidental, secondary possession. Thus, the undersigned asks for the denial of Plaintiff's motion to enforce his subpoena against the FBI until such time as the Court determines that the Rangers' reports should be ordered released pursuant to applicable law. The FBI will then, of course, produce the material pursuant to the subpoena.

In this procedural posture, it is respectfully suggested that there is no reason for the FBI agents named in Plaintiff's Motion should be made to show cause. Far from being contumacious, their conduct has been exemplary from the outset. Furthermore, (responding to item 17 at page 6 of Plaintiff's Motion) applicable Fifth Circuit precedent clearly recognizes the "long held" basis for the FBI's declination to produce documents in cases in which it the United States is not a party. *Louisiana, ex rel. Gsell v Sparks*, 978 F. 2d, 226, 234-36(5th Cir. 1992). (citing *Touhy v Ragen*, 340 U.S. 462, 470(1951), 71 S.Ct. 416, 420). Moreover, even if this Court were to determine that a remedy against the FBI were warranted, the Administrative Procedure Act(APA) would be the proper method for such redress. See *Louisiana ex. rel. Sparks v Gsell*, supra, and *COMSAT Corp. v NSF*, 190 F. 3d 269, 277(4th Cir. 1999)(citations omitted).

    Respectfully submitted,

    KENNETH MAGIDSON
    UNITED STATES ATTORNEY

    By: /s/ *Samuel G. Longoria*

><br>SAMUEL G. LONGORIA<br>Assistant United States Attorney<br>Texas Bar No. 12545500<br>1000 Louisiana, Suite 2300<br>Houston, Texas 77002<br>713-567-9514 - telephone<br>713-718-3407 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States Attorney's Motion for Clarification was served on January 15, 2016, by the electronic filing system on all attorneys of record.

> /s/ *Samuel G. Longoria*<br>SAMUEL G. LONGORIA<br>Assistant United States Attorney