In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Geneva Reed-Veal, Individually and as Mother and Personal Representative of the Estate of Sandra Bland, deceased, §§§§ | | |
| Plaintiffs, § | | |
| § | | |
| v.  § | Civil Action No. 4:15-cv-02232 | |
| § | | |
| Brian Encinia, *et al.*,  § | | |
| Defendants.  § | Jury | |

**Defendants Encinia and the Texas Department of Public Safety's Reply to Plaintiff's Brief Regarding the *Younger* Abstention Doctrine and this Court's Authority to Compel the Texas Rangers' Report [D.E. 55]**

Trooper Brian Encinia and the Texas Department of Public Safety file this reply to Plaintiff's Brief Regarding the *Younger* Abstention Doctrine and this Court's Authority to Compel the Texas Rangers' Report.

**Statement of the Case**

This is a civil rights action for damages arising under the United States Constitution via 42 U.S.C. § 1983 for the alleged wrongful death of Sandra Bland pursuant to Chapter 71.001 *et seq.* of the Texas Civil Practice and Remedies Code. Reed-Veal alleges claims on behalf of herself and on behalf of the estate of Bland. Reed-Veal is the alleged mother of Bland.

Trooper Encinia has been indicted in a Texas Court based upon the incident in question [D.E. 53, Ex. 1]. Trooper Encinia and DPS filed a motion to stay pending

the outcome of the criminal charges against Trooper Encinia based upon the *Younger* abstention doctrine [D.E. 53]. Plaintiffs filed a brief in response [D.E. 55] to which this reply is directed.

The DPS also filed a motion to quash a subpoena and deposition on written questions served upon them by the Plaintiffs [D.E. 54]. Plaintiffs filed a brief in response [D.E. 55] to which this reply is directed.

## Brief in Support

**Reply to the Response to the Motion to Stay**

1. The Plaintiffs cite to *Boyd v. Farrin*, 575 F.App'x 517 (5th Cir. 2014) for the proposition that the Fifth Circuit has made "it clear that *Younger* is not applicable to claims for damages." [D.E. 55, p. 2]. However, *Boyd* actually stated that the "if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F.Appx. at 519. This is exactly what Trooper Encinia and the DPS are asking the Court to do.

2. The Plaintiffs cite to *Doe v. Order Desk, Inc.*, 1997 WL 405141 (N.D. Tex. 1997) and *Wrightman v. Tex. State Supreme Court*, 84 F.3d 188 (5th Cir. 1996), again claiming that these cases stand for the proposition that *Younger* only applies to cases involving requests for injunctive or declaratory relief [D.E. 55,

pp. 3 & 6]. However, neither rule out the appropriateness of abstention in the case involving monetary damages.

3. The Plaintiffs cite to *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185 (1959), for the proposition that federal courts should only impose the *Younger* abstention doctrine in "exceptional circumstances." [D.E. 55, p. 7]. However, *Allegheny County* was decided twelve years before *Younger* and is therefore not applicable in this context.

4. The Plaintiffs cite to *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 22 (1987), a case which involved the relationship between tribal courts and the federal courts, which is inapplicable here.

5. Most importantly, the Plaintiffs do not challenge whether this case meets the three requirements for the imposition of the *Younger* doctrine, they merely attack it's applicability to this case. As the case law supports it's applicability and the three requirements are met for a stay to be imposed, Trooper Encinia and the DPS ask that the Court stay the case pending the outcome of the criminal charges against Trooper Encinia.

**Reply to the Response to the Motion to Quash**

1. The Plaintiffs claim that they need the Ranger Report in order to respond to Trooper Encinia and the DPS' motions to dismiss [D.E. 55, p. 11] [The motions to dismiss are found in D.E. 25 & 26]. The DPS's motion is based

    only upon it's assertion of Eleventh Amendment immunity, which is a legal issue and not factually based. Trooper Encinia's motion is based upon the failure of the Plaintiffs to sufficiently overcome his entitlement to qualified immunity based upon the lack of specificity in the Second Amended Complaint as to what he allegedly did that violated Bland's Constitutional rights. Again, he does not base the motion upon any evidence, but only upon the Plaintiffs' pleadings. The Ranger Report is not necessary for the Plaintiffs to identify what they claim Trooper Encinia did that allegedly violated Bland's Constitutional rights.

2. The Plaintiffs claim that neither the DPS nor the Texas Rangers[1] have raised any objection to producing the Ranger Report [D.E. 55, p. 12]. This is in error. The DPS filed a motion to quash the subpoena and deposition on written question, seeking the report in question [D.E. 54].

3. The Plaintiffs claim that they are entitled to discovery when a defendant raises the defense of qualified immunity [D.E. 55, p. 13]. Trooper Encinia agrees that limited discovery is available to a plaintiff when a defendant raises the defense of qualified immunity. However, discovery should not go forward until the plaintiff has sufficiently pled a cause of action. *See Wicks v. Mississippi State*

---

[1] The Texas Rangers are a division of the Texas Department of Public Safety, not a separate agency.

*Employment Services*, 41 F.3d 991, 994-995 (5th Cir. 1995). Trooper Encinia has a motion to dismiss pending asserting his entitlement to qualified immunity based only the pleadings and the Plaintiffs failure to overcome his qualified immunity [D.E. 25]. Therefore, discovery should not move forward until the Court has ruled upon this motion.

### Conclusion and Prayer

The *Younger* abstention doctrine is applicable to this case. Trooper Brian Encinia and the Texas Department of Public Safety ask the Court to stay all proceedings until the criminal charges against Trooper Encinia have been resolved. They also ask the Court to quash the subpoena and deposition on written questions directed to the Texas Department of Public Safety.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement Defense Division
Co-counsel

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580
Southern District Bar No. 18527
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-2109

**Attorneys for Defendant DPS and Trooper Encinia**

### Notice of Electronic Filing

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendants Encinia and the Texas Department of Public Safety's Reply to Plaintiff's Brief Regarding the *Younger* Abstention Doctrine and this Court's Authority to Compel the Texas Rangers' Report [D.E. 55]** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 15th day of January, 2016.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Encinia and the Texas Department of Public Safety's Reply to Plaintiff's Brief Regarding the *Younger* Abstention Doctrine and this Court's Authority to Compel the Texas Rangers' Report [D.E. 55]** has been served by means of the Southern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 15th day of January, 2016, addressed to all parties of record

                                            /s/ Seth Byron Dennis
                                            SETH BYRON DENNIS
                                            Assistant Attorney General