# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GENEVA REED-VEAL, Individually and as Mother and Independent Administrator of the Estate of SANDRA BLAND, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>BRIAN ENCINIA, Individually and as an agent and/or employee of TEXAS DEPARTMENT OF PUBLIC SAFETY; ELSA MAGNUS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; OSCAR PRUDENTE, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; and WALLER COUNTY; RAFAEL ZUNIGA, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; MICHAEL SERGIS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; DORMIC SMITH, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; CYNTHIA WHIDDEN, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; MARC LANGDON, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; LT. SHERRY ROCHEN, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; ASST. CHIEF LANNY THIBODEAUX, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; MATTHEW MILLS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; MARIANNE WILLIAMS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; RANDY LEWIS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE<br><br>     Defendants. | No. 4:15-cv-02232<br>Jury Demand<br>Judge David Hittner<br>Magistrate Judge Stephen Dormic Smith |

# 3rd AMENDED COMPLAINT AT LAW AND JURY DEMAND

Now comes the Plaintiff, GENEVA REED-VEAL, Individually and as Mother and Independent of Administrator of the Estate of SANDRA BLAND, deceased, and in support of her Third Amended Complaint at Law and Jury Demand states as follows:

Plaintiff Geneva Reed-Veal is a person of the full age of majority and a resident of Chicago, Illinois, Northern District of Illinois. Geneva Reed-Veal sues on behalf of herself and as independent administrator of Sandra Bland, deceased, her unmarried adult daughter, who was also a resident of Naperville, Illinois, Northern District of Illinois.

### INDEX OF COUNTS

Count I - Brian Encinia – 42 U.S.C. § 1983 Claim

Count II - Elsa Magnus – 42 U.S.C. § 1983 Claim

Count III - Elsa Magnus – Negligence Claim

Count IV - Oscar Prudente - 42 U.S.C. § 1983 Claim

Count V - Oscar Prudente – Negligence Claim

Count VI- Waller County – Negligence Claim

Count VII – Waller County -§1983 and 1988/*Monnell* Policy Claim

Count XVIII - Rafael Zuniga – 42 U.S.C. § 1983

Count IX – Rafael Zuniga – Negligence Claim

Count X - Michael Sergis – 42 U.S.C. § 1983

Count XI – Michael Sergis – Negligence Claim

Count XII – Dormic Smith – 42 U.S.C. § 1983

Count XIII – Dormic Smith – Negligence Claim

Count XIV - Cynthia Whidden – 42 U.S.C. § 1983

Count XV – Cynthia Whidden – Negligence Claim

Count XVI - Marc Langdon – 42 U.S.C. § 1983

Count XVII – Marc Langdon – Negligence Claim

Count XVIII - Lt. Sherry Rochen – 42 U.S.C. § 1983

Count XIX – Lt. Sherry Rochen – Negligence Claim

Count XX - Asst. Chief Lanny Thibodeaux – 42 U.S.C. § 1983

Count XXI – Asst. Chief Lanny Thibodeaux – Negligence Claim

Count XXII - Matthew Mills – 42 U.S.C. § 1983

Count XXIII – Matthew Mills – Negligence Claim

Count XXIV – Marianne Williams – 42 U.S.C. § 1983

Count XXV – Marianne Williams – Negligence Claim

Count XXVI – Randy Lewis – 42 U.S.C. § 1983

Count XXVII – Randy Lewis – Negligence Claim

## **PARTIES**

1.    Plaintiff GENEVA REED-VEAL is a person of the full age of majority and a resident of Chicago, Illinois, Northern District of Illinois. GENEVA

REED-VEAL sues on behalf of herself and as independent administrator of Sandra Bland, deceased, her unmarried adult daughter, who was a resident of Naperville, Illinois, Northern District of Illinois.

2.      Defendant BRIAN ENCINIA, DPS Badge # 14271, is a resident of Texas, and is a Trooper Law Enforcement Officer for Texas Department of Public Safety. At all times relevant to this cause, BRIAN ENCINIA was operating under color of law and in the course and scope of his agency and/or employment relationship with the Texas Department of Public Safety and pursuant to the Texas Department of Public Safety's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

3.      Defendant WALLER COUNTY ("COUNTY") is authorized by the laws of the State of Texas to operate the Waller County Jail. As part of its responsibilities and services, the COUNTY also operates a law enforcement agency (the Waller County Sheriff's Department) that, among other duties, operates and controls the COUNTY's jail system, including the Waller County Jail. Defendant WALLER COUNTY is located at 836 Austin Street, Hempstead, in the County of Waller, Texas. Defendant WALLER COUNTY employed persons including Elsa Magnus, Oscar Prudente, and other jail guards who, in the course and scope of their employment, were required to observe, watch over, and manage persons placed in custody within the Waller County Jail. At all relevant times

herein, the COUNTY acted under color of law and pursuant to certain customs, policies, and practices that were the moving force behind the constitutional violations asserted herein.

4.     Defendant ELSA MAGNUS, Badge #EM3679, was a screening officer at the Waller County Jail and is a resident of Texas. At all times relevant to this cause, she was operating in the course and scope of her agency and/or employment relationship with the Waller County Sheriff's Office, acting under color of law, and pursuant to the COUNTY's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

5.     Defendant OSCAR PRUDENTE was a screening officer at the Waller County Jail and is a resident of Texas. At all times relevant to this cause, he was operating in the course and scope of his agency and/or employment relationship with the Waller County Sheriff's Office, acting under color of law, and pursuant to the COUNTY's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

6.     At all times material throughout this complaint, Defendant BRIAN ENCINIA acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Texas Department of Public Safety and pursuant to the Texas Department of Public Safety's customs, policies, and

practices which were the moving force behind the constitutional violations asserted herein.

7.    At all times material throughout this complaint, Defendant ELSA MAGNUS acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

8.    At all times material throughout this complaint, Defendant OSCAR PRUDENTE acted under color of state law, ordinance and/or regulation, and in the course and scope of his employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

9.    At all times material throughout this complaint, Defendant RAFAEL ZUNIGA was a jailer at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

10.    At all times material throughout this complaint, Defendant MICHAEL SERGIS was a jailer at the Waller County Jail and is a resident of Texas acted

under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

11.     At all times material throughout this complaint, Defendant DORMIC SMITH was a jailer at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

12.     At all times material throughout this complaint, Defendant CYNTHIA WHIDDEN was a jailer at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

13.     At all times material throughout this complaint, Defendant MARC LANGDON was a jailer at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller

County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

14. At all times material throughout this complaint, Defendant LT. SHERRY ROCHEN worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

15. At all times material throughout this complaint, Defendant LT. SHERRY ROCHEN worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

16. At all times material throughout this complaint, Defendant ASST. CHIEF LANNY THIBODEAUX worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

17. At all times material throughout this complaint, Defendant MATTHEW MILLS worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

18. At all times material throughout this complaint, Defendant MARIANNE WILLIAMS worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

19. At all times material throughout this complaint, Defendant RANDY LEWIS worked at the Waller County Jail and is a resident of Texas acted under color of state law, ordinance, and/or regulation, and in the course and scope of her employment with the Waller County Sheriff's Office and pursuant to Waller County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983 and 1988, and 28 U.S.C. §1331.

21.    Venue is appropriate in the Southern District of Texas Under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Southern District of Texas.

22.    Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

23.    The amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

24.    On or about July 10, 2015, Brian Encinia was a Trooper with the Texas Department of Public Safety.

25.    On or about July 10, 2015, Sandra Bland was travelling on FM 1098 in Prairie View, Texas, in a Hyundai Azera.

26.    On or about July 10, 2015, with a police cruiser closing behind her, Sandra Bland pulled her Hyundai Azera into the right lane to let the police cruiser pass her.

27.     On or about July 10, 2015, at approximately 4:30 p.m. on FM 1098 in Prairie View, Texas, Department of Public Safety Highway Patrol Trooper Brian Encinia activated his lights and siren and made a traffic stop of Sandra Bland's Hyundai Azera.

28.     On or about July 10, 2015, Sandra Bland pulled her vehicle to the side of the roadway in compliance with Trooper Brian Encinia's attempt to make a traffic stop by activating his lights and siren.

29.     On or about July 10, 2015, Brian Encinia made a traffic stop of the Hyundai Azera, for failure to signal a lane change necessitated by his vehicle pulling up behind her vehicle.

30.     On or about July 10, 2015, and at all times relevant, Brian Encinia made the traffic stop of the Hyundai Azera while acting in the course and scope of his employment with the Texas Department of Public Safety.

31.     On or about July 10, 2015, Brian Encinia was acting as an agent and/or employee of the Texas Department of Public Safety.

32.     On or about July 10, 2015, Brian Encinia informed Sandra Bland that she was being stopped for a failure to signal a lane change.

33.     On or about July 10, 2015, Sandra Bland complied with Brian Encinia's request for identification.

34.     On or about July 10, 2015, Sandra Bland identified herself by providing her identification in response to Brian Encinia's request for the same.

35.     On or about July 10, 2015, during the traffic stop, while Sandra Bland was lawfully in her vehicle, Brian Encinia asked Sandra Bland to extinguish or put out her cigarette.

36.     On or about July 10, 2015, Sandra Bland inquired of Brian Encinia "I'm in my car, why do I have to put my cigarette out?"

37.     On or about July 10, 2015, Sandra Bland did extinguish or put out her cigarette.

38.     On or about July 10, 2015, Brian Encinia opened the door of Sandra Bland's Hyundai Azera.

39.     On or about July 10, 2015, Brian Encinia ordered Sandra Bland to exit her vehicle.

40.     On or about July 10, 2015, during the traffic stop for a lane change violation, Brian Encinia attempted to physically remove Sandra Bland from her vehicle.

41.     On or about July 10, 2015, during the traffic stop Brian Encinia pointed a Taser at Sandra Bland as she sat in her vehicle.

42.     On or about July 10, 2015, during the traffic stop Brian Encinia threatened Sandra Bland with bodily injury by pointing the Taser at her and saying words to the effect of "I'll light you up."

43.     On or about July 10, 2015, Brian Encinia used force and/or a threat of force to remove Sandra Brown from her vehicle.

44.     On or about July 10, 2015, Brian Encinia placed handcuffs on Sandra Bland placing her under arrest.

45.     On or about July 10, 2015, Brian Encinia wrestled Sandra Bland to the ground.

46.     On or about July 10, 2015, Brian Encinia slammed Sandra Bland's head to the ground.

47.     On or about July 10, 2015, Brian Encinia kneeled on the body of Sandra Bland.

48.     On or about July 10, 2015, Brian Encinia falsified an allegation of assault on a public servant against Sandra Bland for purposes of arresting her and taking her into custody.

49.     On or about July 10, 2015, Sandra Bland was searched and no weapons, illicit drugs, or contraband were located.

50.     On or about July 10, 2015, Sandra Bland's vehicle was searched and no weapons, illicit drugs, or contraband were located.

51.    On or about July 10, 2015, Brian Encinia falsely claimed and asserted that after pulling over Sandra Bland's Hyundai Azera for failing to signal a lane change, "I had Bland exit the vehicle to further conduct a safe traffic investigation. Bland became combative and uncooperative. Numerous commands were given to Bland ordering her to exit the vehicle. Bland was removed from the car but became more combative. Bland was placed in handcuffs for officer safety."

52.    On or about July 10, 2015, a Prairie View Police Officer also responded to the scene and provided assistance.

53.    On or about July 10, 2015, Waller County EMS was also called to the scene.

54.    On or about July 10, 2015, Sandra Bland was then processed and jailed in the Waller County Jail operated by Sheriff R. Glenn Dormic Smith, Chief Jailer J. Hester, and Assistant Chief Jailer L. Lanny Thibodeaux. Defendants knew that there were not cameras inside of Sandra Bland's cell and that they could not see into her cell without physically walking to her cell.

55.    On or about July 10, 2015, personnel at the Waller County Jail were required to search Sandra Bland for weapons, illicit drugs, or contraband.

56.    On or about July 10, 2015, personnel at the Waller County Jail searched Sandra Bland and found no weapons, illicit drugs, or contraband.

57. On or about July 10, 2015, and at all times relevant through July 13, 2015, personnel at Waller County Jail were required to keep Sandra Bland safe and free from psychological injury or harm.

58. On or about July 10, 2015 and all times relevant through July 13, 2015, personnel and officers at Waller County Jail, were required and obligated (and knew of this requirement) to physically and visually check on inmates every 60 minutes and every 30 minutes for those who, such as Bland, indicated that they are a suicide risk due to their psychological and/or emotional state

59. Despite their knowledge of this duty and the knowledge that there were no surveillance devices that enabled them to see into Sandra Bland's cell, Defendants failed to meet this requirement and conducted the required face-to-face inspections.

60. On or about July 10, 2015, and at all times relevant through July 13, 2015, personnel at Waller County Jail were required to screen and evaluate Sandra Bland on an ongoing basis.

61. On or about July 10, 2015, and at all times relevant through July 13, 2015, Waller County was required to train its jail personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm, or death.

62.     On or about July 10, 2015, and at all times relevant, personnel at Waller County Jail were required to screen and evaluate the mental status of persons placed in custody.

63.     On or about July 10, 2015, Waller County Jail personnel Oscar Prudente was a screening officer responsible for screening Sandra Bland.

64.     On or about July 10, 2015, Waller County Jail personnel Elsa Magnus, Badge #EM3679, was a screening officer responsible for screening Sandra Bland.

65.     On or about July 10, 2015, Sandra Bland complied with the requests of the Waller County Jail personnel during their screening and evaluation of her.

66.     On or about July 10, 2015, a suicide assessment was performed on Sandra Bland.

67.     On or about July 10, 2015, Waller County Jail personnel claim that Sandra Bland informed them that she previously attempted to commit suicide.

68.     On or about July 10, 2015 to July 13, 2015, and at all times relevant, Waller County Jail personnel placed Sandra Bland in a jail cell alone.

69.     On or about July 10, 2015, Waller County Jail personnel placed Sandra Bland in a jail cell with a variety of inappropriate items for a jail cell, including a large garbage can, garbage bags, exposed beams, cords, and other items.

70.     On or about July 10 to July 13, 2015, jail personnel failed to appropriately respond when Sandra Bland did not eat the meals provided to her.

71.     On or about July 10 to July 13, 2015, jail personnel failed to appropriately respond when Sandra Bland had bouts of uncontrollable crying.

72.     On or about July 10 to July 13, 2015, Waller County Jail personnel claim that no other persons entered the jail cell with Sandra Bland.

73.     On or about July 11, 2015, Sandra Bland was permitted to make some telephone calls.

74.     On or about July 12 to July 13, 2015, at various points in time, Sandra Bland was not permitted to make attempts to contact family and friends by telephone.

75.     On or about July 13, 2015, Waller County Jail personnel claim that Sandra Bland was found in her cell with a ligature made of a garbage bag around her neck.

76.     On or about July 13, 2015, Waller County Jail personnel claim that Sandra Bland was provided medical treatment.

77.     On or about July 13, 2015, Defendants including Marianne Williams and Randy Lewis failed to timely and appropriately administer CPR and other life-saving treatment.

78.     On or about July 13, 2015, Defendants including Marianne Williams and Randy Lewis failed to timely request life-saving medical treatment.

79.     On or about July 13, 2015, , Defendants including Marianne Williams and Randy Lewis failed to timely transport Sandra Bland for the administration of timely and appropriate life-saving medical treatment.

80.     On or about July 13, 2015, Sandra Bland died while under the custody and control of Waller County Jail.

81.     On or about July 13, 2015, Sandra Bland was survived by her mother, Geneva Reed-Veal, and her sisters Shante Needham, Sharon Cooper, Shavon Bland, and Sienna Cole.

82.     Each of the Defendants caused, and is responsible for, the unlawful conduct described herein, and resulting injuries by, among other things, personally participating in the unlawful conduct, acts or omissions, or acting jointly with the others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that led to the unlawful conduct; by failing and refusing with deliberate indifference to Sandra Bland's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

83.     The Defendants each acted under color of law and deprived Sandra Bland of her constitutional rights, including her right to be free from excessive and unreasonable force in violation of the Fourth Amendment and pursuant to 42 U.S.C. § 1983.

84.     Defendants were deliberately indifferent to protecting Sandra Bland from harm and failed to prevent said harm, further failed to provide urgently needed medical care and their conduct was unreasonable in failing to protect Sandra Bland from harm.

## ADDITIONAL FACTS RELATED TO WALLER COUNTY AND WALLER COUNTY JAIL

85.     The Texas Administrative Code provides rules and regulations required under the Texas Commission on Jail Standards that must be followed by each Texas public safety correctional facility and jail. Texas Administrative Code Title 37, Part 9 directed Defendant Waller County, Waller County Jail and its staff, employees and agents to follow several statutory requirements in their care, custody and treatment of Sandra Bland, including but not limited to:

a.      Having an established procedure for documented, face-to-face observation of all inmates by jailers no less than once every 60 minutes and **at least** every 30 minutes in areas where inmates were known to be

potentially suicidal – (closed circuit television may not be used in lieu of required personal observation);

b.      Assigning hash tags which identify inmates as having special mental health needs in the inmate's medical records and bringing this to the attention of health personnel and/or the supervisor on duty;

c.      Developing and implementing a suicide prevention plan which addresses the following principles and procedures:

i.      Provisions for staff training (including frequency and duration) on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled and/or potentially suicidal – supplemental training should be provided to those staff members responsible for intake screening (such as Defendants Elsa Magnus and Oscar Prudente);

ii.      Procedure for intake screening to identify inmates who are known to be or observed to be mentally disabled and/or potentially suicidal and procedures for referrals to available mental health officials;

iii.      Procedures for communication of information relating to inmates who are mentally disabled and/or potentially suicidal;

iv.　Provisions for adequate supervision of inmates who are mentally disabled and/or potentially suicidal and procedures for documenting supervision; and

v.　Procedures for staff intervention prior to the occurrence of a suicide and during the progress of a suicide attempt, or serious deterioration of mental condition.

d.　Developing and implementing an objective classification plan that includes principles, procedures, instruments and explanations for classification assessments, housing assignments, reassessments and inmate needs.

86.　During all relevant times Defendants were aware of and responsible for complying with the aforementioned rules. Despite Defendants' knowledge of this duty and obligation, personnel, agents, and employees at Waller County Jail deliberately abdicated their responsibilities for the safety, security, and welfare of detainees and instead made a mockery of the so-called security rounds by failing to comply with the required timely physical and visual checks, and by knowing that the well being of an individual could not possibly be determined through a procedure that ignored the required personal observations of the detainees.

87.　During all relevant times, although Defendants knew that Sandra Bland had recently threatened suicide, that she should have been placed in a mental

health high risk status, should have been provided medical care, and that she was exhibiting signs and symptoms of distress and hopelessness; they failed to provide her any medical treatment or even physically observe her for long periods.

88.     During all relevant times, despite Defendants' knowledge that Sandra Bland struggled with medical issues, including having previously threatened suicide, they were deliberately indifferent to her high risk of suicide.

89.     During all relevant times, Defendants, with specific notice of Sandra Bland's ongoing medical issues, specifically including her risk of suicide, failed to offer or procure appropriate intervention and failed to ensure that she received the medical attention she needed for her serious, immediate and life threatening condition.

## Count I
### Brian Encinia – 42 U.S.C. § 1983, Excessive Force, and False Arrest/Imprisonment

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

90.     Prior to July 10, 2015, Defendant Brian Encinia was reprimanded for unprofessional conduct.

91.     Prior to July 10, 2015, Texas Department of Public Safety knew or should have known that Defendant Brian Encinia exhibited a pattern of escalating encounters with the public.

92.     On July 10, 2015, Defendant Brian Encinia acted under color of law.

93.     Sandra Bland was in a special relationship with the Defendant, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under color of federal law, from subjecting any person under custody to punitive conditions of confinement without due process of law.

94.     Defendant, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally and with conscious, callous, deliberate and unreasonably indifference deprived Sandra Bland of her constitutional rights.

95.     The Defendant's above and below described conduct, acts and/or omissions constitute deliberate indifference to Sandra Bland's medical and psychological needs, was unreasonable and violated her rights under the Fourth Amendment to the United States Constitution and violated 42 U.S.C. § 1983.

96.     The above-described acts and omissions by Defendant Brian Encinia demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

97.     As a result of Defendant Brian Encinia's violations of Sandra Bland's constitutional rights, Sandra Bland suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

98. Sandra Bland exercised her rights, or attempted to do so, under the United States Constitution.

99. Defendant Brian Encinia deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

100. In the events alleged above, Defendant Brian Encinia acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

101. In the events alleged above, Defendant Brian Encinia acted under color of law and deprived Sandra Bland of her constitutional rights, including her right to be free from excessive and unreasonable force in violation of the provisions of the Fourth Amendment

102. As a direct and proximate result of the foregoing, Defendant Brian Encinia, individually and as an agent and/or employee of Texas Department of Public Safety, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and Defendant Brian Encinia caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

103.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

104.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother, Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count II**
**Elsa Magnus – 42 U.S.C. § 1983**

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

105.   On July 10, 2015, Defendant Elsa Magnus acted under color of law.

106.   In the events alleged above, Defendant Elsa Magnus acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

107.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

108.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

109.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

110.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

111.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

112.    On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

113.    On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

114.   As a direct and proximate result of the foregoing, Defendant Elsa Magnus individually and as an agent and/or employee of Defendant Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

115.   The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

116.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

### Count III
### Elsa Magnus – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

117.   On July 10, 2015, Defendant Elsa Magnus acted under color of law.

118.   In the events alleged above, Defendant Elsa Magnus acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived

Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

119.   The above-described acts and omissions by Defendant Elsa Magnus demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

120.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

121.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

122.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were negligent, willful, wanton and recklessly exhibited a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

123.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

124.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

125.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

126.  As a direct and proximate result of the foregoing, Defendant Elsa Magnus, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

127.  The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

128.  The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count IV
## Oscar Prudente – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

129.   On July 10, 2015, Defendant Oscar Prudente acted under color of law.

130.   In the events alleged above, Defendant, Oscar Prudente, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

131.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

132.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

133.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

134.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and

reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

135. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

136. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

137. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

138. As a direct and proximate result of the foregoing, Defendant Oscar Prudente, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

139.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

140.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count V
## Oscar Prudente – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

141.   On July 10, 2015, Defendant Oscar Prudente acted under color of law.

142.   In the events alleged above, Defendant Oscar Prudente acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

143.   The above-described acts and omissions by Defendant Oscar Prudente demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

144.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

145.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

146.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

147.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

148.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

149.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Oscar Prudente, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

150. Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Oscar Prudente, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

151. Defendant Waller County, by and through its agent and/or employee, Defendant Oscar Prudente, violated 42 U.S.C. § 1983 in that Oscar Prudente's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

152. As a direct and proximate result of the foregoing, Defendant Oscar Prudente, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

153. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

154. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all

rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count VI
## Waller County – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

155.   On July 10, 2015, Defendant Elsa Magnus was an agent and/or employee of Waller County through her employment at the Waller County Sheriff's Office.

156.   On July 10, 2015, Defendant Oscar Prudente was an agent and/or employee of Waller County through his employment at the Waller County Sheriff's Office.

157.   In the events alleged above, Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others, acted contrary to law, and negligently, intentionally and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

158.   The above-described acts and omissions by Defendants demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

159. On or about July 10 to July 13, 2015, Waller County Jail personnel were inadequately trained on the procedures for recognition, supervision, documentation, and handling of inmates who are mentally disabled, and/or potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

160. On or about July 10 to July 13, 2015, Waller County Jail facilities failed to have an established procedure for visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes and at least every 30 minutes when an inmate is known to be potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8.

161. As a result of the violation of Sandra Bland's constitutional rights by Waller County Sheriff's Office agents and/or employees Defendant Elsa Magnus, Defendant Oscar Prudente, and others, Sandra Bland suffered substantial injuries, damages and, ultimately, death.

162. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

163.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

164.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, negligent, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

165.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

166.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Elsa Magnus, Oscar Prudente, and others were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

167.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Elsa Magnus, Defendant Oscar Prudente, and others,

did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

168. Defendant Waller County, by and through its agents and/or employees, Defendant Elsa Magnus, Defendant Oscar Prudente, and others deprived Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

169. As a direct and proximate result of the foregoing, Defendant Waller County, by and through its agents and or employees, including Defendant Elsa Magnus, Defendant Oscar Prudente, and others, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

170. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

171. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count VII
## Waller County §1983 and 1988/*Monnell* Policy Claim

Plaintiff re-alleges paragraphs 1-89.

172. The actions of the Defendants, which resulted in Sandra Bland's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant, Waller County, their correction department, their Boards, their Personnel Division, their agents, and/or its officials.

173. Defendant Waller County, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Sandra Bland's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant Waller County, its corrections department, its Boards, its Personnel Divisions, its agents and/or officials had interrelated *de facto* policies, practices, and customs which include, *inter alia*:

a. Ignoring the threat of suicide in Sandra Bland's booking documents and during the pre-classification and classification process within the Waller County Jail;

b. Failing to develop, implement, and/or utilize a suicide prevention plan in accordance with Texas Administrative Code Title 37, Part 9, Rule § 273.5,

including but not limited to training jail staff on procedures for recognition, supervision, documentation, and handling of inmates who are potentially suicidal (and directs that supplemental training should be provided to the jail staff members who are responsible for intake screening), training jail staff on procedures for identification of suicidal tendencies or risk, training jail staff on communication with inmates on mental health and suicidal risks, and training jail staff on adequate supervision for suicidal inmates;

c.  Failing to conduct visual, face-to-face observation of all inmates by jailers no less than once every 60 minutes and at least every 30 minutes when an inmate is known to be potentially suicidal, in violation of 37 Texas Administrative Code Part 9, Section 273.5(a)(1), Chapter 351 of the Texas Local Government Code, Chapter 511 of the Texas Government Code, and 37 Texas Administrative Code Part 9, section 297.8;

d.  Failing to maintain and keep up the structural conditions of the facility and maintain the necessary equipment in order to allow corrections officials to personally observe detainees at least every 30 minutes as required by law;

e.  Failing to provide adequate staffing or other reasonable means to allow corrections officials to personally observe detainees at least every 30 minutes as required by law;

f. Despite mandatory monitoring and observation requirements regarding all prisoners, especially with respect to suicidal and potentially suicidal prisoners, including Sandra Bland, failing to adequately staff the Waller County jail or adequately train the staff so as to comply with the procedures for continuous monitoring, supervising, and observing prisoners, including suicidal and potentially suicidal prisoners, and thereby ensure that said requirements would be followed;

g. Failing to staff the Jail with sufficient officers to ensure compliance with their duty to reasonably and adequately identify and protect inmates with serious medical needs, including Sandra Bland, from the serious and foreseeable risk of suicide within Waller County Jail;

h. Failing to address and ignoring threats of suicide;

i. Failing to sufficiently staff the jail or train the staff so as to ensure that when an inmate, like Sandra Bland, took active steps to commit suicide by hanging herself, the staff and jail would be adequately prepared to immediately address the situation and provide any necessary medical attention.

j. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control corrections officials;

k. Failing to appropriately and timely identify serious mental health conditions and needs of detainees like Sandra Bland;

l. Failing to appropriately recognize suicidal tendencies in detainees, like Sandra Bland, despite clear indications of such tendencies;

m. Failing to timely refer detainees like Sandra Bland for appropriate mental health medical services, despite clear indications of serious need;

n. Failing to place detainees like Sandra Bland on suicide watch even though known to be suicidal;

o. Failing and refusing to adequately and timely communicate critical information regarding mental health to health care providers;

p. Failing and refusing to take adequate preventative measures upon discovery of suicidal tendencies of detainees like Sandra Bland;

q. Failing and refusing to correct, discipline, and follow up on definiteness noted in care, treatment, and/or supervision of detainees; and/or

r. Possessing knowledge of deficiencies in the policies, practices, customs, and procedures concerning detainees, and approving and/or deliberately turning a blind eye to those deficiencies.

174. All of the policies set forth above were adopted, implemented, supplemented, reinforced, promulgated, and effected, as a further matter of custom, practice, and policy, also a driving force in Sandra Bland's suicide, by means of the failure of Defendant WALLER COUNTY to hire, train discipline and supervise Waller County Jail staff, in accordance with the following principles:

a. That there be an immediate, urgent, predictable, consistent and mandatory response to any sign or evidence of a recognizable and significant likelihood of suicide by any prisoner at that jail;

b. That when, as here, there is an immediate and recognizable likelihood of suicide or actual steps taken, immediate and urgent steps must be taken to prevent the suicide;

c. That threats of suicide must be addressed consistently and predictable so that none could be ignored, disregarded, or responded to in a delayed or deleterious manner by Waller County Jail staff, including but not limited to Defendants ELSA MAGNUS and OSCAR PRUDENTE.

175. In particular, correctional officers and other employees are not properly trained in how to take, screen, identify, refer and/or handle detainees with mental health issues, including persons with suicidal tendencies or ideations to avoid exacerbation of their symptoms and to manage and control the mental and physical health of detainees and to prevent them from taking their own lives.

176. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonable; and encouraged, *inter alia*, the failure to adequately observe detainees to identify problematic behavior and interrupt any suicide

attempt, the failure to adequately screen detainees for mental health status and suicidal tendencies, the failure to provide preventative health care to avoid suicide, and the failure to provide adequate resuscitation equipment and training.

177. Further, the constitutional violations and damages to Sandra Bland as described herein were directly and proximately caused by: The unofficial and/or official, tacit and/or expressed; and otherwise unconstitutional policies of authorized policy makers of the Defendants, who deliberately ignored subjecting detainees to unreasonable risk of harm, deliberately ignored violations of appropriate intake and screening procedures, deliberately ignored and failed to rectify violations of appropriate personal observation procedures, and deliberately failed to supervise and control correctional officers so as to prevent violations of detainees' rights.

178. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged the Defendants to commit the aforesaid acts against Sandra Bland and therefore acted as direct and proximate causes of said constitutional violations, and resulting injuries.

179. The foregoing policies, practices, customs and omissions, maintained by Defendant Waller County violated Sandra Bland's constitutional rights.

## Count VIII
## Rafael Zuniga – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

180.    On July 10, 2015, Defendant Rafael Zuniga acted under color of law.

181.    In the events alleged above, Defendant, Rafael Zuniga, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

182.    The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

183.    On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

184.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

185.    On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were willful, wanton, and

reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

186.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

187.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

188.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

189.   As a direct and proximate result of the foregoing, Defendant Rafael Zuniga, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

190. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

191. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count IX**
**Rafael Zuniga– Negligence**

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

192. On July 10, 2015, Defendant Rafael Zuniga acted under color of law.

193. In the events alleged above, Defendant Rafael Zuniga acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

194. The above-described acts and omissions by Defendant Rafael Zuniga demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

195. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

196. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

197. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

198. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

199. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

200. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Rafael Zuniga, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

201. Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Rafael Zuniga, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

202. Defendant Waller County, by and through its agent and/or employee, Defendant Rafael Zuniga, violated 42 U.S.C. § 1983 in that Rafael Zuniga's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

203. As a direct and proximate result of the foregoing, Defendant Rafael Zuniga, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

204. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

205. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all

rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count X
## Michael Sergis – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

206.   On July 10, 2015, Defendant Michael Sergis acted under color of law.

207.   In the events alleged above, Defendant, Michael Sergis, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

208.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

209.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

210.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

211.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

212.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

213.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

214.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

215.  As a direct and proximate result of the foregoing, Defendant Michael Sergis, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general

damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

216. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

217. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

### Count XI
### Michael Sergis– Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

218. On July 10, 2015, Defendant Michael Sergis acted under color of law.

219. In the events alleged above, Defendant Michael Sergis acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

220. The above-described acts and omissions by Defendant Michael Sergis demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

221.  On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

222.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

223.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

224.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

225.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

226.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Michael Sergis, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

227.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Michael Sergis, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

228.  Defendant Waller County, by and through its agent and/or employee, Defendant Michael Sergis, violated 42 U.S.C. § 1983 in that Michael Sergis's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

229.  As a direct and proximate result of the foregoing, Defendant Michael Sergis, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

230.  The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

231.  The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XII
## Dormic Smith – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

232.  On July 10, 2015, Defendant Dormic Smith acted under color of law.

233.  In the events alleged above, Defendant, Dormic Smith, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

234.  The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

235.  On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

236.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were willful, wanton, and

reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

237.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

238.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

239.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

240.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

241.  As a direct and proximate result of the foregoing, Defendant Dormic Smith, individually and as an agent and/or employee of Waller County, deprived

Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

242. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

243. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XIII
## Dormic Smith– Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

244. On July 10, 2015, Defendant Dormic Smith acted under color of law.

245. In the events alleged above, Defendant Dormic Smith acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

246. The above-described acts and omissions by Defendant Dormic Smith demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

247. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

248. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

249. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

250. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

251. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, were negligent, willful,

wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

252.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Dormic Smith, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

253.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Dormic Smith, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

254.  Defendant Waller County, by and through its agent and/or employee, Defendant Dormic Smith, violated 42 U.S.C. § 1983 in that Dormic Smith's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

255.  As a direct and proximate result of the foregoing, Defendant Dormic Smith, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

256.  The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the

Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

257. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XIV
## Cynthia Whidden – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

258. On July 10, 2015, Defendant Cynthia Whidden acted under color of law.

259. In the events alleged above, Defendant, Cynthia Whidden, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

260. The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

261. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

262. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

263. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

264. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

265. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

266. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

267.   As a direct and proximate result of the foregoing, Defendant Cynthia Whidden, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

268.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

269.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

### Count XV
### Cynthia Whidden – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

270.   On July 10, 2015, Defendant Cynthia Whidden acted under color of law.

271.   In the events alleged above, Defendant Cynthia Whidden acted contrary to law, and negligently, intentionally, willfully, wantonly, and

unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

272. The above-described acts and omissions by Defendant Cynthia Whidden demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

273. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

274. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

275. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

276. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

277.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

278.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Cynthia Whidden, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

279.   Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Cynthia Whidden, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

280.   Defendant Waller County, by and through its agent and/or employee, Defendant Cynthia Whidden, violated 42 U.S.C. § 1983 in that Cynthia Whidden's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

281.   As a direct and proximate result of the foregoing, Defendant Cynthia Whidden, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

282. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

283. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XVI
## Marc Langdon – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

284. On July 10, 2015, Defendant Marc Langdon acted under color of law.

285. In the events alleged above, Defendant, Marc Langdon, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

286. The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

287. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

288. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

289. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

290. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

291. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

292. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

293. As a direct and proximate result of the foregoing, Defendant Marc Langdon, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

294. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

295. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XVII
## Marc Langdon – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

296. On July 10, 2015, Defendant Marc Langdon acted under color of law.

297. In the events alleged above, Defendant Marc Langdon acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

298. The above-described acts and omissions by Defendant Marc Langdon demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

299. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

300. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

301. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

302. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra

Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

303.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

304.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marc Langdon, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

305.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Marc Langdon, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

306.  Defendant Waller County, by and through its agent and/or employee, Defendant Marc Langdon, violated 42 U.S.C. § 1983 in that Marc Langdon's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

307.  As a direct and proximate result of the foregoing, Defendant Marc Langdon, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the

general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

308. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

309. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XVIII
## Lt. Sherry Rochen – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

310. On July 10, 2015, Defendant Lt. Sherry Rochen acted under color of law.

311. In the events alleged above, Defendant, Lt. Sherry Rochen, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

312.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

313.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

314.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

315.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

316.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

317.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were willful, wanton,

and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

318.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

319.   As a direct and proximate result of the foregoing, Defendant Lt. Sherry Rochen, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

320.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

321.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XIX
## Lt. Sherry Rochen – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

322. On July 10, 2015, Defendant Lt. Sherry Rochen acted under color of law.

323. In the events alleged above, Defendant Lt. Sherry Rochen acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

324. The above-described acts and omissions by Defendant Lt. Sherry Rochen demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

325. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

326. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

327. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

328.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

329.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

330.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Lt. Sherry Rochen, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

331.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Lt. Sherry Rochen, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

332.  Defendant Waller County, by and through its agent and/or employee, Defendant Lt. Sherry Rochen, violated 42 U.S.C. § 1983 in that Lt. Sherry Rochen's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

333. As a direct and proximate result of the foregoing, Defendant Lt. Sherry Rochen, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

334. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

335. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XX
### Asst. Chief Lanny Thibodeaux – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

336. On July 10, 2015, Defendant Asst. Chief Lanny Thibodeaux acted under color of law.

337. In the events alleged above, Defendant, Asst. Chief Lanny Thibodeaux, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

338. The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

339. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

340. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

341. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

342. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of

Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

343.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

344.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

345.   As a direct and proximate result of the foregoing, Defendant Asst. Chief Lanny Thibodeaux, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

346.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

347.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all

rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXI
## Asst. Chief Lanny Thibodeaux – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

348.   On July 10, 2015, Defendant Asst. Chief Lanny Thibodeaux acted under color of law.

349.   In the events alleged above, Defendant Asst. Chief Lanny Thibodeaux acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

350.   The above-described acts and omissions by Defendant Asst. Chief Lanny Thibodeaux demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

351.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

352.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

353.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

354.  On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

355.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

356.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Asst. Chief Lanny Thibodeaux, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

357.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Asst. Chief Lanny Thibodeaux, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

358.   Defendant Waller County, by and through its agent and/or employee, Defendant Asst. Chief Lanny Thibodeaux, violated 42 U.S.C. § 1983 in that Asst. Chief Lanny Thibodeaux's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

359.   As a direct and proximate result of the foregoing, Defendant Asst. Chief Lanny Thibodeaux, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

360.   The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

361.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

**Count XXII**
**Matthew Mills – 42 U.S.C. § 1983**

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

362.   On July 10, 2015, Defendant Matthew Mills acted under color of law.

363.   In the events alleged above, Defendant, Matthew Mills, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

364.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

365.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

366.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

367.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

368.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

369.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

370.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

371.   As a direct and proximate result of the foregoing, Defendant Matthew Mills, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

372. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

373. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXIII
## Matthew Mills – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

374. On July 10, 2015, Defendant Matthew Mills acted under color of law.

375. In the events alleged above, Defendant Matthew Mills acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

376. The above-described acts and omissions by Defendant Matthew Mills demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

377. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

378.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

379.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

380.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

381.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

382.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Matthew Mills, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

383.    Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Matthew Mills, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

384.    Defendant Waller County, by and through its agent and/or employee, Defendant Matthew Mills, violated 42 U.S.C. § 1983 in that Matthew Mills's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

385.    As a direct and proximate result of the foregoing, Defendant Matthew Mills, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

386.    The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

387.    The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all

rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXIV
### Marianne Williams – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

388.   On July 10, 2015, Defendant Marianne Williams acted under color of law.

389.   In the events alleged above, Defendant, Marianne Williams, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

390.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

391.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

392.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

393.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

394.   On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

395.   On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

396.   On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

397.   As a direct and proximate result of the foregoing, Defendant Marianne Williams, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the

general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

398.   The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

399.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXV
## Marianne Williams – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

400.   On July 10, 2015, Defendant Marianne Williams acted under color of law.

401.   In the events alleged above, Defendant Marianne Williams acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

402. The above-described acts and omissions by Defendant Marianne Williams demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

403. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

404. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

405. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

406. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

407. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, were negligent, willful,

wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

408. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Marianne Williams, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

409. Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Marianne Williams, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

410. Defendant Waller County, by and through its agent and/or employee, Defendant Marianne Williams, violated 42 U.S.C. § 1983 in that Marianne Williams's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

411. As a direct and proximate result of the foregoing, Defendant Marianne Williams, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

412. The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the

Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

413.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXVI
## Randy Lewis – 42 U.S.C. § 1983

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

414.   On July 10, 2015, Defendant Randy Lewis acted under color of law.

415.   In the events alleged above, Defendant, Randy Lewis, acted contrary to law, and intentionally, willfully, wantonly and unreasonably deprived Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

416.   The above-described acts and omissions by Defendant demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

417.   On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

418. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

419. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

420. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

421. On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

422. On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

423. As a direct and proximate result of the foregoing, Defendant Randy Lewis, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

424. The claims and causes of action for injuries to the health, reputation, and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

425. The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count XXVII
## Randy Lewis – Negligence

Plaintiff re-alleges Paragraphs 1-89 of the Complaint.

426. On July 10, 2015, Defendant Randy Lewis acted under color of law.

427. In the events alleged above, Defendant Randy Lewis acted contrary to law, and negligently, intentionally, willfully, wantonly, and unreasonably deprived

Sandra Bland of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

428. The above-described acts and omissions by Defendant Randy Lewis demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Sandra Bland.

429. On or about July 10 to July 13, 2015, at various points in time, Sandra Bland was not adequately monitored while in custody.

430. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were negligent, willful, wanton, and reckless in failing to provide adequate monitoring of Sandra Bland to keep her safe and secure.

431. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her free from injury, harm, and death.

432. On or about July 10 to 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were negligent, willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Sandra Bland in failing to keep her in a safe and suitable environment where she could be kept free from injury, harm, and death.

433.  On or about July 10 to July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Sandra Bland when she was found injured in her cell.

434.  On or about July 13, 2015, Waller County Jail personnel, including but not limited to Defendant Randy Lewis, did not attempt to transport Sandra Bland to a medical facility to be seen by a physician.

435.  Defendant, Waller County Sheriff's Office, by and through its agent and/or employee, Randy Lewis, deprived Defendant Sandra Bland of her rights guaranteed by the United States Constitution and federal statutes.

436.  Defendant Waller County, by and through its agent and/or employee, Defendant Randy Lewis, violated 42 U.S.C. § 1983 in that Randy Lewis's conduct operated to deprive Sandra Bland of her rights guaranteed by the United States Constitution.

437.  As a direct and proximate result of the foregoing, Defendant Randy Lewis, individually and as an agent and/or employee of Waller County, deprived Sandra Bland of her rights and privileges as a citizen of the United States, and caused Sandra Bland to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

438.   The claims and causes of action for injuries to the health, reputation and person sustained by Sandra Bland are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021, Survival Causes of Action.

439.   The claims and causes of action for the wrongful death of Sandra Bland are brought by her mother Geneva Reed-Veal on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Damages

440.   Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

441.   Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

a.     Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendant Brian Encinia;

b.     Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Brian Encinia subjected Plaintiff;

c.   Violation of Plaintiff's civil rights by Defendants Brian Encinia, Texas Department of Public Safety, Waller County, Elsa Magnus, and Oscar Prudente; and

d.   Punitive damages for egregious acts and omissions of Defendants Brian Encinia, Texas Department of Public Safety, Waller County, Elsa Magnus, and Oscar Prudente.

442.   Plaintiff is entitled to attorney's fees for litigation of this matter.

443.   Plaintiff requests and is entitled to a trial by jury.

## Prayer for Relief

Geneva Reed-Veal, as Mother and Personal Representative of the estate of Sandra Bland, deceased, prays that for judgment on her behalf and against all defendants jointly, severally, and in solido, as follows:

a.   Compensatory, special, and punitive damages;

b.   The cost of this action and reasonable attorney fees as provided by 42 U.S.C. § 1983;

c.   Judicial interest from date of judicial demand;

d.   Trial by jury; and Such further relief as this Court deems just and equitable.

Respectfully Submitted,

/s/ *Cannon Lambert, Sr.*
Counsel for Plaintiff
Cannon Lambert, Sr.
Illinois Bar # 6237503
Federal Bar # 6237503
cannon@karchmarlambert.com
Karchmar & Lambert, P.C.
211 W. Wacker Drive
Suite 1400
Chicago, IL 60606
Telephone: 312-977-1300
Facsimile: 312.236.0920


Larry R. Rogers, Jr.
Counsel for Plaintiff
Illinois Bar # 6220743
Federal Bar # 6220743
lrogersjr@prslaw.com
Power Rogers & Smith PC
70 W. Madison St. # 5500
Chicago, IL 60602
Telephone: (312) 313-0202
Facsimile: (312) 977-1999


Jesse Thomas Rhodes, III
Attorney in Charge
Texas Bar #16820050
Federal Bar #17613
trhodes@tomrhodeslaw.com
Robert E. Brzezinski
Texas Bar #00783743
Federal Bar #17609
brzez@tomrhodeslaw.com
Wayne Colodny
Texas Bar # 04626440

Federal Bar #4598395
wcolodny@tomrhodeslaw.com
Counsel for Plaintiff
TOM RHODES LAW FIRM, P.C.
126 Villita Street
San Antonio, Texas 78205
Telephone: (210) 225-5251
Facsimile: (210) 225-6545