In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Geneva Reed-Veal, Individually and as Mother and Personal Representative of the Estate of Sandra Bland, deceased,　Plaintiffs, | § § § § § | |
| v. | § § | Civil Action No. 4:15-cv-02232 |
| Brian Encinia, *et al.*,　Defendants. | § § § | Jury |

**Defendant Encinia's Reply to Plaintiffs' Response to his Motion to Dismiss Plaintiffs' Third Amended Complaint with Brief in Support**

Trooper Brian Encinia files this reply to Plaintiff's response to his motion to dismiss Plaintiffs' third amended complaint with brief in support.

**Brief in Support**

Plaintiffs claim that their Third Amended Complaint sufficiently pleads a violation of Bland's Constitutional rights and overcomes Trooper Encinia's entitlement to qualified immunity. Plaintiffs list a number of alleged violations of Bland's Constitutional rights in their response to the motion to dismiss[1] [D.E. 73, p. 3]. Even if properly pled, they do no overcome Trooper Encinia's entitlement to qualified immunity.

1.	Plaintiffs allege that Trooper Encinia asked Bland to put out her cigarette in

---

[1] While these allegations are listed in the response, they are not clearly delineated in the Third Amended Complaint.

violation of her Constitutional rights. There is no clearly established law that states that an officer violates an individual's Constitutional rights by asking them to put out their cigarette. Trooper Encinia is entitled to qualified immunity as to this claim.

2.      Plaintiffs allege that Trooper Encinia violated Bland's Constitutional rights when he opened her car door absent probable cause. However, "[w]here, as in the present case, a car has been legitimately stopped by law enforcement officers, requesting occupants to step out of the vehicle is a 'de minimis additional intrusion' that is outweighed by the government's 'legitimate and weighty interest in officer safety'" *Davila v. United States*, 713 F.3d 248, 260 (2013) *citing Johnson*, 555 U.S. at 331 (citations and quotations marks omitted).

"[O]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977) (per curiam). The officer's "legitimate and weighty" interest in his safety outweighs the "*de minimis*" additional intrusion of requiring a driver, already lawfully stopped, to exit the car. *Id*. at 110-111.

Bland was legally stopped for a traffic violation. At that point, is was not a violation of Bland's Constitutional rights for Trooper Encinia to order her to exit her vehicle. As such, Trooper Encinia is entitled to qualified immunity as to this claim.

3.      Plaintiffs allege that Trooper Encinia violated Bland's Constitutional rights when he attempted to physically remove Bland from her vehicle. Given the legality of Trooper Encinia's request that Bland exit her vehicle, once she refused, it was not a violation of Bland's Fourth Amendment rights when he attempted to use some force to extract her from her vehicle. *See U.S. v. Tellez*, 11 F.3d 530, 532 (5th Cir. 1993). Trooper Encinia is entitled to qualified immunity as to this claim.

4.      Plaintiffs allege that Trooper Encinia violated Bland's Constitutional rights when he pointed a stun gun at her. However, the mere threat of use does not constitute the actual use of force and it follows that it cannot be excessive. In *Hinojosa v. City of Terrell*, 834 F.2d 1223 (5th Cir. 1988), the Fifth Circuit held that an officer pointing a gun during an altercation did not state a claim, noting that there is a distinction between the display of force, coupled with the conditional threat to actually use force if it becomes necessary and an actual use of force. Furthermore, officers are justified in drawing their weapons during a traffic stop if they have reason to believe that an occupant of the car might be dangerous. *Davila v. United States*, 713 F.3d 248, 260 (2013); *See also United States v. Bullock*, 71 F.3d 171, 179 (5th Cir. 1995). Trooper Encinia is entitled to qualified immunity as to this claim.

5.      Plaintiffs allege that Trooper Encinia violated Bland's Constitutional rights when he handcuffed her. However, "[h]andcuffing too tightly, without more, does not amount to excessive force" *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

If the handcuffing follows standard arrest procedures, without intent to injure or cause any injuries, it is not excessive force. *Brumfield v. Jones*, 849 F.2d 152, 156 (5th Cir. 1988). A plaintiff is required to present "medical records establishing permanent injury before allowing the application of handcuffs to give rise to an excessive force claim." *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) *citing Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003); *see also Montes v. Ransom*, 219 Fed.Appx. 378, 380 (5th Cir. 2007) (photographs showing red marks and small amount of swelling from handcuffing are minor injuries, are inherently transient, are only *de minimis* and are not actionable). Moreover, if an officer believes the occupant of a car may be dangerous, they are justified in handcuffing the occupant. *Davila v. United States*, 713 F.3d 248, 260 (2013); *See also United States v. Sanders*, 994 F.2d 200, 207-08 (5th Cir. 1993). This was the case and again, this claim fails to overcome Trooper Encinia's entitlement to qualified immunity.

6.      Plaintiffs allege that Trooper Encinia violated Bland's Constitutional rights when he kneeled on her body. There is no clearly established law that states that an officer uses excessive force by kneeling on a suspect and therefore Trooper Encinia is entitled to qualified immunity from this claim.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Chief, Law Enforcement Defense Division Co-counsel

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580
Southern District Bar No. 18527
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 936-2109

**Attorneys for Defendant Encinia**

## Notice of Electronic Filing

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Encinia's Reply to Plaintiffs' Response to his Motion to Dismiss Plaintiffs' Third Amended Complaint with Brief in Support** in accordance with the Electronic Case Files System of the Southern District of Texas, on this the 11th day of February, 2016.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Encinia's Reply to Plaintiffs' Response to his Motion to Dismiss Plaintiffs' Third Amended Complaint with Brief in Support** has been served by means of the Southern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 11th day of February, 2016, addressed to all parties of record

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General