# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVA REED-VEAL, § <br> Individually and as Mother and § <br> Personal Representative of the § <br> Estate of SANDRA BLAND, § <br> deceased, § <br>     *Plaintiff*, § <br> § <br> VS. § <br> § <br> BRIAN ENCINA, ET AL., § <br>     *Defendants*. § | | CIVIL ACTION NO. 4:15-CV-02232 <br> (JURY TRIAL REQUESTED) |

## COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO COUNTY DEFENDANTS' OPPOSED MOTION TO SEVER AND, ALTERNATIVELY, MOTION FOR SEPARATE TRIALS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **WALLER COUNTY**, **ELSA MAGNUS**, and **OSCAR PRUDENTE** ("County Defendants"), file this their Reply to Plaintiff's Response to County Defendants' Opposed Motion to Sever and, Alternatively, Motion for Separate Trials, and in support thereof would respectfully show as follows:

## I.
### INTRODUCTION

1. After County Defendants filed their Motion to Sever, Plaintiff filed a Third Amended Complaint adding ten more Waller County employees as Defendants: Rafael Zuniga, Michael Serges, Dormic Smith, Cynthia Whidden, Marc Langdon, Sherry Rochen, Lanny Thibodeaux, Matthew

Mills, Marianne Williams, and Randy Lewis.[1] Although these newly-added Defendants have not entered on appearance, County Defendants anticipate that they will file a similar motion to sever, and that any severance or separate trial would include all the current and newly-added Defendants.

2. Plaintiff's response is without merit, as she fails to adequately address the factors applicable to a motion to sever. More specifically, Plaintiff claims that there is significant factual overlap relating to her claims against all defendants. However, the factual overlap claimed by Plaintiff relates either to irrelevant facts, or facts only relevant to the liability of one defendant.

3. Plaintiff also fails to address that it would be inconvenient to try these claims together, and she does not raise any factors that outweigh the cost of this inconvenience.

## II.
### ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Claims Do Not Arise Out of the Same Transaction or Occurrence, or Series of Transactions or Occurrence.**

4. Plaintiff argues that her claims arise from the same transaction or occurrence.[2] However, Plaintiff only cites general principals of law. At no

---

[1] *See* Plaintiff's Third Amended Complaint at Law and Jury Demand, pp. 2-3, Dkt. No. 63.
[2] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, pp. 6-9, Dkt. No. 79.

point does Plaintiff address how the law applies to this case, or address the authorities in County Defendants' Motion.

**B. There Are No Common Questions of Law or Relevant Facts.**

5. Plaintiff claims that the events that transpired during Bland's arrest are relevant to her case against County Defendants.[3] To support this contention, Plaintiff points to facts irrelevant to her claims against any Defendant. For instance, Plaintiff points to jail policies that require the booking officer to verify the identification of the arresting officer, and other trivial matters that have no bearing on liability or damages.

6. Whether certain facts are truly relevant will be determined by the cause of action. Here, as to County Defendants, the right at issue is Bland's right to not have officials respond with deliberate indifference to a known, substantial risk of suicide. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). First, in an attempt to show factual overlap, Plaintiff mischaracterizes the issue as whether County Defendants were "deliberately indifferent to serious indications of a citizen who felt her constitutional rights were being violated."[4] That is not an issue in this case.

---

[3] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, pp. 9-12, Dkt. No. 79.
[4] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, pp. 12, Dkt. No. 79.

7. The events that transpired during Bland's arrest are irrelevant to whether Waller County jailers knew Bland was a substantial suicide risk. Even if Bland's rights had been violated during the arrest, such a violation of her rights would not be evidence that she was a substantial suicide risk.

8. More importantly, even if Bland's rights had been violated during the arrest, and even it that had an adverse effect on her mental state, is no evidence of what the jailers *knew* about Bland's mental state, which is the relevant inquiry.

## C. There is No Substantial Overlap In Witness or Documentary Evidence.

9. Because there is no overlap of relevant facts, evidence of what actually happened during Bland's arrest will not be introduced against County Defendants. For example, at no point should Encinia's dashcam or testimony regarding what happened during the arrest be introduced against County Defendants because it is irrelevant to whether County Defendants knew Bland posed a substantial risk of suicide. Further, Encina is unable to testify as to whether County Defendants were deliberately indifferent, and County Defendants are unable to testify as to whether Encinia violated Bland's rights.

10. In an attempt to show evidentiary overlap, Plaintiff simply states she will "call Encinia to testify regarding the underlying facts relevant to the claims

against County Defendants."[5] But as shown above, the evidence of the arrest is irrelevant to County Defendant's liability, and should be inadmissible.

11. Further, any evidence of Bland's suicide is irrelevant to the case against Encinia. In *Deskovic v. City of Peekskill*, one of the bases for severance was that the police were not liable for the damages arising from plaintiff's assault in jail, because their actions were not the proximate cause of said assault. 673 F.Supp.2d 154, 163 (S.D.N.Y. 2009); *accord Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005) ("Section 1983 requires a showing of proximate causation, which is evaluated under the common law standard."). For the reasons discussed in Section D, *infra*, Bland's arrest is not the proximate cause of her suicide. Thus, Plaintiff cannot recover from Encinia for damages resulting from Bland's, and any evidence of same is inadmissible against Encinia.

**D. Plaintiff Fails to Distinguish *Deskovic v. City of Peekskill*.**

12. Plaintiff relies on conclusory statements of law and irrelevant facts to distinguish *Deskovic v. City of Peekskill*, 673 F.Supp.2d 154 (S.D.N.Y. 2009). Plaintiff notes that the temporal gap between the two alleged wrongful acts was fourteen years in *Deskovic*. However, as Plaintiff concedes, the relevance of this temporal gap is that it was one of the bases

---

[5] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 17, Dkt. No. 79.

on which the court "held that proximate cause was lacking."[6] *See Deskovic*, 673 F.Supp.2d at 161-68.

13. Just as it was unforeseeable to the police that the Plaintiff in *Deskovic* would be sexually assaulted by a jail official, it was also unforeseeable to Encinia that Bland would commit suicide in Waller County Jail. Indeed, it's less foreseeable that Bland would commit suicide during the course of what would likely be a short time in jail than that the plaintiff in *Deskovic* would be assaulted in prison over the course of a lengthy sentence.

14. Plaintiff twists the holding of *Deskovic* by claiming that it was foreseeable to ***County Defendants*** that Bland would commit suicide.[7] However, the issue in *Deskovic* was whether the assault of the plaintiff in prison was foreseeable to the ***police***. *See id*. at 162 ("[U]nless [the correction officer's] intentional misconduct was a reasonably foreseeable consequence of the other Defendant's actions, such intentional misconduct will sever the chain of causation."). Here, it was unforeseeable to Encinia that Bland would commit suicide during what would likely be a short term in jail.

---

[6] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 13, Dkt. No. 79.
[7] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 14, Dkt. No. 79 ("County Defendants' [sic] could have reasonably foreseen the special risk posed to Ms. Bland.").

**E. Plaintiff Has Failed to Show That the Judicial Economy to Be Gained From Severance is Outweighed by Other Factors.**

15. Plaintiff makes no arguments against County Defendant's showing that joinder would be contrary to judicial economy.[8] Plaintiff notes that, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992).

16. However, Plaintiff fails to identify any of these countervailing factors in this case. She simply restates her contention that these claims arise from the same transaction and occurrence, which as shown above, is incorrect.

17. As set forth in Defendants' motion, severance could actually result in a speedier resolution of Plaintiff's claims, given that Encinia has moved to stay the case pending resolution of the criminal charge against him.

**F. The Prejudice Factor Weighs in Favor of Severance.**

18. Plaintiff claims that a jury instruction is all that is necessary to prevent juror confusion. Ironically, Plaintiff also contends that what happened during the course of Bland's arrest is relevant to whether County Defendants were deliberately indifferent to a known, substantial risk that Bland would commit

---

[8] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 14-15, Dkt. No. 79.

suicide. As shown above, this is clearly not the case. If Plaintiff is unable to make this distinction, it's reasonable to assume a jury would struggle with it as well.[9]

19. Further courts have noted that severance may be proper where the danger of prejudice may not be sufficiently mitigated by instruction. *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1063 (S.D. Tex. 1996), *abrogated on other grounds as recognized in SM Global Union, LLC v. Roberts*, No. H-13-0535, 2013 WL 2432741, at *1 (S.D. Tex. June 3, 2013); *Karam v. Nationwide Gen. Ins. Co.*, No. 3:99-CV-2047, 1999 WL 1240791, at *1-2 (N.D. Tex. Dec. 20, 1999) (mem. op.); *Gammons v. Real Prop. Inv. Servs., Inc.*, No. CV-10-8081-PCT-LOA, 2010 WL 3156076, at *4-5 (D. Ariz. Aug. 9, 2010). Here, the danger of prejudice due to national media attention is enough for this factor to weigh in favor of severance.

20. Finally, Plaintiff incorrectly argues that a party must show prejudice "not as a matter of speculation but as a demonstrable reality."[10] However, the cases Plaintiff cites for this argument relate to a criminal defendant's right to a fair

---

[9] County Defendants also note that Plaintiff herself characterizes County Defendants' Motion as an "attempt to downplay their culpability." *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 6, Dkt. No. 79. This of course infers that joinder would adversely affect County Defendants' culpability, *i.e.*, prejudice County Defendants.

[10] *See* Plaintiff's Objection and Response to County Defendants' Motion to Sever, p. 13, Dkt. No. 79.

trial under the Fourteenth Amendment, not whether the court should, in its discretion, choose to sever a case under the Federal Rules of Civil Procedure. *See, e.g., U.S. ex rel. Darcy v. Handy*, 351 U.S. 454, 455 (1956); *U.S. v. Haldeman*, 559 F.2d 31, 60-61 (D.C. Cir. 1976).

21. In any event, prejudice is only one of five factors a court is to consider, and all four other factors weigh in favor of severance.

### III.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, County Defendants respectfully pray that their Motion to Sever be granted, and, alternatively, that their Motion for Separate Trials be granted, and for such other and further relief to which County Defendants may justly be entitled.

Respectfully submitted,

_____
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Southern District of Texas No. 18830
**B. Eliot New – Of Counsel**
State Bar No. 24060328
Southern District of Texas No. 884608
**Bart C. Frederick – Of Counsel**
State Bar No. 24098876
Southern District of Texas No. 2791685
**GERMER PLLC**
P.O. Box 4915
Beaumont, TX 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

**COUNSEL FOR DEFENDANTS,
WALLER COUNTY, ELSA MAGNUS, AND
OSCAR PRUDENTE,**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2016, a true and correct copy of **County Defendants' Reply to Plaintiff's Response to County Defendants' Opposed Motion to Sever and, Alternatively, Motion for Separate Trials** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
**Larry J. Simmons**