# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **GENEVA REED-VEAL, ET AL.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:15-CV-02232** |
| | § | **(JURY TRIAL REQUESTED)** |
| **BRIAN ENCINIA, ET AL.** | § | |
| *Defendants.* | § | |

## COUNTY DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW WALLER COUNTY,[1] ELSA MAGNUS, OSCAR PRUDENTE, RAFAEL ZUNIGA, MICHAEL SERGES,[2] DORMIC SMITH, CYNTHIA WHIDDEN, MARC LANGDON, SHERRY ROCHEN, LANNY THIBODEAUX, MATTHEW MILLS, MARIANNE WILLIAMS, and RANDY LEWIS (collectively "County Defendants"), Defendants in the above-styled and numbered cause, file this their Original Answer to Plaintiff's Third Amended Complaint at Law, and in support thereof would respectfully show as follows:

---

[1] Waller County, Elsa Magnus, and Oscar Prudente previously appeared in this matter. Waller County also appears herein on behalf of all individual County Defendants in their official capacities. The "County Defendants" include all party defendants except for Brian Encinia.
[2] Incorrectly named as "Michael Sergis."

**[PLAINTIFF'S INTRODUCTORY STATEMENT]**

County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

**[PLAINTIFF'S INDEX OF COUNTS]**

County Defendants deny violating Plaintiff's or Sandra Bland's rights, deny liability, and deny Plaintiff is entitled to any relief. County Defendants further deny that their immunity from state-law negligence claims has been waived.

## PARTIES

1. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

2. County Defendants admit that Brian Encinia was a Trooper with the Texas Department of Public Safety ("DPS"). County Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and therefore deny the remaining allegations in this paragraph.

3. Defendant Waller County previously appeared in this matter. County Defendants admit that Waller County, through its elected sheriff, operates the Waller County jail. County Defendants admit that Waller County employed the individual County Defendants, and that they had a duty not to

violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

4. Defendant Elsa Magnus previously appeared in this matter. County Defendants admit Waller County employed her as a jailer, that she acted in the general course and scope of her employment for Waller County, and that she acted under color of law. County Defendants deny the remaining allegations in this paragraph.

5. Defendant Oscar Prudente previously appeared in this matter. County Defendants admit Waller County employed him as a jailer, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

6. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

7. See County Defendants' Answer to Paragraph No. 4.

8. See County Defendants' Answer to Paragraph No. 5.

9. Defendant Rafael Zuniga enters an appearance herein. County Defendants admit Waller County employed him as a jailer, that he acted in the general course and scope of his employment for Waller County, and that he acted

under color of law. County Defendants deny the remaining allegations in this paragraph.

10. Defendant Michael Serges enters an appearance herein. County Defendants admit Waller County employed him as a jailer, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

11. Defendant Dormic Smith enters an appearance herein. County Defendants admit Waller County employed him as a jailer, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

12. Defendant Cynthia Whidden enters an appearance herein. County Defendants admit Waller County employed her as a jailer, that she acted in the general course and scope of her employment for Waller County, and that she acted under color of law. County Defendants deny the remaining allegations in this paragraph.

13. Defendant Marc Langdon enters an appearance herein. County Defendants admit Waller County employed him as an investigator in the Waller County Sheriff's Office, that he acted in the general course and scope of his

employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

14. Defendant Sherry Rochen enters an appearance herein. County Defendants admit Waller County employed her as Lieutenant in the Waller County Jail, that she acted in the general course and scope of her employment for Waller County, and that she acted under color of law. County Defendants deny the remaining allegations in this paragraph.

15. See County Defendants' answer to Paragraph No. 14.

16. Defendant Lanny Thibodeaux enters an appearance herein. County Defendants admit Waller County employed him as Assistant Chief in the Waller County Jail, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

17. Defendant Matthew Mills enters an appearance herein. County Defendants admit Waller County employed him as a controller, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

18. Defendant Marianne Williams enters an appearance herein. County Defendants admit Waller County employed her as a nurse at the Waller

County Jail, that she acted in the general course and scope of her employment for Waller County, and that she acted under color of law. County Defendants deny the remaining allegations in this paragraph.

19. Defendant Randy Lewis enters an appearance herein. County Defendants admit Waller County employed him as a deputy in the Waller County Sheriff's Office, that he acted in the general course and scope of his employment for Waller County, and that he acted under color of law. County Defendants deny the remaining allegations in this paragraph.

## JURISDICTION & VENUE

20. County Defendants do not dispute the Court's subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983.

21. County Defendants do not dispute that this is a proper venue.

22. County Defendants deny this Court has subject matter jurisdiction over any state law claims, or claims not arising under the United State Constitution and made actionable pursuant to 42 U.S.C. § 1983, because Plaintiff has failed to adequately allege and cannot establish a waiver of immunity.

23. County Defendants acknowledge that Plaintiff seeks to recover more than $75,000 but deny liability and deny Plaintiff is entitled to any relief.

# FACTS COMMON TO ALL COUNTS

24.   Admit.

25.   Admit.

26.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

27.   Admit.

28.   Admit.

29.   County Defendants admit that Encinia made a traffic stop for failure to signal a lane change.   County Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and therefore deny the remaining allegations in this paragraph.

30.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

31.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

32.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

33.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

34.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

35.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

36.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

37.   County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

38.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

39.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

40.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

41.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

42.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

43.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

44.     Admit.

45.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

46.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

47.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

48.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

49.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

50.     County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

51.     County Defendants admit that Encinia made the quoted statement.  County Defendants lack sufficient knowledge or information to admit or deny the

remaining allegations in this paragraph and therefore deny the remaining allegations in this paragraph.

52. Admit.

53. Admit.

54. County Defendants admit that Bland was placed into custody of the Waller County Jail, which is operated by Sheriff R. Glenn Smith. County Defendants deny the remaining allegations in this paragraph.

55. Admit.

56. Admit.

57. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

58. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

59. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

60. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

61. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

62. County Defendants admit they had a duty not to violate detainees' constitutional rights. County Defendants deny the remaining allegations in this paragraph.

63. County Defendants admit Oscar Prudente screened Sandra Bland at intake, but deny that the circumstances indicated Sandra Bland faced a substantial and/or serious risk of suicide, or that he had subjective awareness of same.

64. County Defendants admit Elsa Magnus screened Sandra Bland at booking, but deny that the circumstances indicated Sandra Bland faced a substantial and/or serious risk of suicide, or that she had subjective awareness of same.

65. County Defendants deny that Sandra Bland complied with their requests and instead would show that she provided untruthful and contradictory information to jail personnel.

66. County Defendants admit that jail personnel performed a suicide assessment on Sandra Bland. The circumstances did not indicate Sandra Bland faced a

substantial and/or serious risk of suicide. To the contrary, Sandra Bland simply stated she had attempted to commit suicide by taking pills on one occasion in 2014, after losing a baby, and she confirmed that she was not suicidal.

67. County Defendants admit that jail personnel performed a suicide assessment on Sandra Bland. The circumstances did not indicate Sandra Bland faced a substantial and/or serious risk of suicide. To the contrary, Sandra Bland simply stated she had attempted to commit suicide by taking pills on one occasion in 2014, after losing a baby, and she confirmed that she was not suicidal.

68. County Defendants admit that Sandra Bland was placed in a cell by herself. The State-mandated classification procedure categorized her as Medium-Assaultive because she was being detained for assault, and there were no other females in the Waller County Jail with that classification.

69. County Defendants deny the cell where Sandra Bland was placed contained inappropriate items, or that they had subjective knowledge of any inappropriate items. To the contrary, County Defendants would show that the items in the cell were approved by State jail inspectors.

70. County Defendants deny Sandra Bland did not eat, or that they had subjective knowledge of any alleged refusal to eat or failed to appropriately respond.

71. County Defendants deny Sandra Bland had bouts of uncontrollable crying, or that they had subjective knowledge of any alleged crying or failed to appropriately respond.

72. Deny.

73. County Defendants admit that Sandra Bland was permitted to and did make numerous phone calls throughout her detention in the Waller County Jail, including several calls at County expense and several collect calls, and including calls to friends, family, and bondsmen, unsuccessfully requesting that they post her $500 bond.

74. County Defendants admit that Sandra Bland was permitted to and did make numerous phone calls throughout her detention in the Waller County Jail, including several calls at County expense and several collect calls, and including calls to friends, family, and bondsmen, unsuccessfully requesting that they post her $500 bond.

75. County Defendants admit that Sandra Bland committed suicide in her cell on July 13, 2015, using a ligature created by a garbage bag.

76. County Defendants admit that jail personnel immediately called for emergency medical services upon discovering Sandra Bland had committed suicide, and County personnel immediately began attempts to resuscitate—*i.e.*, CPR—which continued until EMS personnel arrived.

77. Deny.

78. Deny.

79. Deny.

80. County Defendants admit that Sandra Bland committed suicide while detained in the Waller County Jail.

81. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

82. Deny.

83. County Defendants admit that they acted under color of law, but deny that Sandra Bland's rights were violated. County Defendants further deny that any County or jail personnel used any degree of force against Sandra Bland.

84. Deny.

## ADDITIONAL FACTS RELATED TO
## WALLER COUNTY AND WALLER COUNTY JAIL

85. County Defendants admit that certain administrative regulations govern activities at the jail. County Defendants would show that established

policies and procedures existed for (a) face-to-face observation, (b) identifying detainees with mental health needs, so that medical personnel may address same, (c) suicide prevention, and (d) classification for housing assignments within the jail.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

## COUNT I
## BRIAN ENCINIA – 42 U.S.C. § 1983

90. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

91. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

92. Admit.

93. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

94. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

95. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

96. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

97. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

98. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

99. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

100. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

101. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

102. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

103. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

104. County Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore deny the allegations in this paragraph.

## COUNT II
## ELSA MAGNUS – 42 U.S.C. § 1983

105. Admit.

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

116. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT III
## ELSA MAGNUS – NEGLIGENCE

117. Admit.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

127. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

128. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT IV
## <u>OSCAR PRUDENTE – 42 U.S.C. § 1983</u>

129. Admit.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

140. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT V
## OSCAR PRUDENTE – NEGLIGENCE

141.  Admit.

142.  Deny.

143.  Deny.

144.  Deny.

145.  Deny.

146.  Deny.

147.  Deny.

148.  Deny.

149.  Deny.

150.  Deny.

151.  Deny.

152.  Deny.

153.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

154.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT VI
## WALLER COUNTY – NEGLIGENCE

155. Admit.

156. Admit.

157. Deny.

158. Deny.

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Deny.

164. Deny.

165. Deny.

166. Deny.

167. Deny.

168. Deny.

169. Deny.

170. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

171. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT VII
## WALLER COUNTY – 42 U.S.C. § 1983 / *MONNELL* POLICY

172.   Deny.

173.   Deny.

      a.     Deny.

      b.     Deny.

      c.     Deny.

      d.     Deny.

      e.     Deny.

      f.     Deny.

      g.     Deny.

      h.     Deny.

      i.     Deny.

      j.     Deny.

      k.     Deny.

      l.     Deny.

      m.     Deny.

      n.     Deny.

      o.     Deny.

      p.     Deny.

      q.     Deny.

r. Deny.

174. Deny.

175. Deny.

176. Deny.

177. Deny.

178. Deny.

179. Deny.

## COUNT VIII
## RAFAEL ZUNIGA – 42 U.S.C. § 1983

180. Admit.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Deny.

187. Deny.

188. Deny.

189. Deny.

190. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

191. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

**COUNT IX**
**RAFAEL ZUNIGA – NEGLIGENCE**

192. Admit.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Deny.

199. Deny.

200. Deny.

201. Deny.

202. Deny.

203. Deny.

204. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

205. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT X
## MICHAEL SERGES – 42 U.S.C. § 1983

206. Admit.

207. Deny.

208. Deny.

209. Deny.

210. Deny.

211. Deny.

212. Deny.

213. Deny.

214. Deny.

215. Deny.

216. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

217. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XI
## MICHAEL SERGES – NEGLIGENCE

218. Admit.

219. Deny.

220. Deny.

221. Deny.

222. Deny.

223. Deny.

224. Deny.

225. Deny.

226. Deny.

227. Deny.

228. Deny.

229. Deny.

230. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

231. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XII
## DORMIC SMITH – 42 U.S.C. § 1983

232. Admit.

233. Deny.

234. Deny.

235. Deny.

236. Deny.

237. Deny.

238. Deny.

239. Deny.

240. Deny.

241. Deny.

242. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

243. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XIII
## DORMIC SMITH – NEGLIGENCE

244. Admit.

245. Deny.

246. Deny.

247. Deny.

248. Deny.

249. Deny.

250. Deny.

251. Deny.

252. Deny.

253. Deny.

254. Deny.

255. Deny.

256. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

257. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

**COUNT XIV**
**<u>CYNTHIA WHIDDEN – 42 U.S.C. § 1983</u>**

258. Admit.

259. Deny.

260. Deny.

261. Deny.

262. Deny.

263. Deny.

264. Deny.

265. Deny.

266. Deny.

267. Deny.

268. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

269. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XV
## CYNTHIA WHIDDEN – NEGLIGENCE

270.  Admit.

271.  Deny.

272.  Deny.

273.  Deny.

274.  Deny.

275.  Deny.

276.  Deny.

277.  Deny.

278.  Deny.

279.  Deny.

280.  Deny.

281.  Deny.

282.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

283.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XVI
## MARC LANGDON – 42 U.S.C. § 1983

284. Admit.

285. Deny.

286. Deny.

287. Deny.

288. Deny.

289. Deny.

290. Deny.

291. Deny.

292. Deny.

293. Deny.

294. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

295. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XVII
## MARC LANGDON – NEGLIGENCE

296. Admit.

297. Deny.

298. Deny.

299. Deny.

300. Deny.

301. Deny.

302. Deny.

303. Deny.

304. Deny.

305. Deny.

306. Deny.

307. Deny.

308. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

309. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XVIII
## <u>SHERRY ROCHEN – 42 U.S.C. § 1983</u>

310. Admit.

311. Deny.

312. Deny.

313. Deny.

314. Deny.

315. Deny.

316.  Deny.

317.  Deny.

318.  Deny.

319.  Deny.

320.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

321.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XIX
## <u>SHERRY ROCHEN – NEGLIGENCE</u>

322.  Admit.

323.  Deny.

324.  Deny.

325.  Deny.

326.  Deny.

327.  Deny.

328.  Deny.

329.  Deny.

330.  Deny.

331.  Deny.

332.  Deny.

333. Deny.

334. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

335. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XX
## LANNY THIBODEAUX – 42 U.S.C. § 1983

336. Admit.

337. Deny.

338. Deny.

339. Deny.

340. Deny.

341. Deny.

342. Deny.

343. Deny.

344. Deny.

345. Deny.

346. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

347. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XXI
## LANNY THIBODEAUX – NEGLIGENCE

348. Admit.

349. Deny.

350. Deny.

351. Deny.

352. Deny.

353. Deny.

354. Deny.

355. Deny.

356. Deny.

357. Deny.

358. Deny.

359. Deny.

360. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

361. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XXII
## MATTHEW MILLS – 42 U.S.C. § 1983

362.  Admit.

363.  Deny.

364.  Deny.

365.  Deny.

366.  Deny.

367.  Deny.

368.  Deny.

369.  Deny.

370.  Deny.

371.  Deny.

372.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

373.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XXIII
## MATTHEW MILLS – NEGLIGENCE

374.  Admit.

375.  Deny.

376.  Deny.

377. Deny.

378. Deny.

379. Deny.

380. Deny.

381. Deny.

382. Deny.

383. Deny.

384. Deny.

385. Deny.

386. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

387. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

**COUNT XXIV**
**MARIANNE WILLIAMS – 42 U.S.C. § 1983**

388. Deny.

389. Deny.

390. Deny.

391. Deny.

392. Deny.

393. Deny.

394. Deny.

395. Deny.

396. Deny.

397. Deny.

398. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

399. County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

**COUNT XXV**
**MARIANNE WILLIAMS – NEGLIGENCE**

400. Deny.

401. Deny.

402. Deny.

403. Deny.

404. Deny.

405. Deny.

406. Deny.

407. Deny.

408. Deny.

409. Deny.

410. Deny.

411.  Deny.

412.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

413.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XXVI
## RANDY LEWIS – 42 U.S.C. § 1983

414.  Admit.

415.  Deny.

416.  Deny.

417.  Deny.

418.  Deny.

419.  Deny.

420.  Deny.

421.  Deny.

422.  Deny.

423.  Deny.

424.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

425.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## COUNT XXVII
## RANDY LEWIS – NEGLIGENCE

426.  Admit.

427.  Deny.

428.  Deny.

429.  Deny.

430.  Deny.

431.  Deny.

432.  Deny.

433.  Deny.

434.  Deny.

435.  Deny.

436.  Deny.

437.  Deny.

438.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

439.  County Defendants deny Plaintiff is entitled to any relief, under the cited statute or otherwise.

## PLAINTIFF'S ALLEGED DAMAGES

440.  Deny.

441.  Deny.

a. Deny.

b. Deny.

c. Deny.

d. Deny.

442. Deny.

443. County Defendants admit Plaintiff has requested a jury trial, but deny Plaintiff is entitled to a jury trial.

## **PLAINTIFF'S PRAYER FOR RELIEF**

County Defendants deny liability and deny Plaintiff is entitled to any relief.

## **COUNTY DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Without waiving the foregoing, County Defendants assert the following specific denials, affirmative defenses, and/or non-affirmative defenses.

1. County Defendants would show that, with respect to any claims not arising under the United State Constitution and made actionable pursuant to 42 U.S.C. § 1983, Plaintiff has failed to state a claim for which relief may be granted.

2. County Defendants would show that, with respect to any claims not arising under the United State Constitution and made actionable pursuant to 42 U.S.C. § 1983, they are entitled to sovereign immunity, and that their

immunity from suit and liability has not been waived, thereby depriving the Court of subject matter jurisdiction.

3.     County Defendants would show that, with respect to any claims not arising under the United State Constitution and made actionable pursuant to 42 U.S.C. § 1983, any individual capacity claims against individual defendants must be dismissed in favor of claims against Waller County.

4.     County Defendants would show that Plaintiff has failed to adequately allege claims for violation of her rights or her decedent's rights.

5.     County Defendants deny violating Plaintiff's or Sandra Bland's rights.

6.     County Defendants deny that they had any subjective knowledge of any alleged serious risk of harm to Sandra Bland.

7.     County Defendants deny being deliberately indifferent to any alleged serious risk of harm to Sandra Bland.

8.     County Defendants would show that they provided reasonable medical care appropriate under the circumstances, in reasonable reliance on the medical decisions of medical providers, and in light of Sandra Bland's refusal of medical care.

9.     County Defendants would show that individual defendants are entitled to qualified and official immunity, defeating claims against them and Waller County.   More specifically, County Defendants' acts or omissions did not

violate clearly established constitutional rights, and were objectively reasonable.

10. County Defendants deny that any of their alleged acts or omissions were undertaken maliciously, willfully or wantonly, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

11. County Defendants would show that liability under section 1983 cannot be premised on *respondeat superior*, and County Defendants deny that Waller County or any supervisors could be vicariously liable.

12. County Defendants deny that any alleged violation of Plaintiff's or Sandra Bland's rights was the result of an official policy or custom of Waller County.

13. County Defendants deny that an official policy or custom of Waller County's final policymaker was the moving force behind any alleged violation of the Plaintiff's or Sandra Bland's rights.

14. County Defendants would show that an alleged isolated incident is insufficient to show the existence of an official custom or practice.

15. County Defendants would show that Plaintiff's or Sandra's Bland's alleged damages, if any, were caused by Sandra Bland, or by third parties over whom County Defendants had no control.

16. County Defendants assert that Plaintiff's or Sandra Bland's alleged damages are too speculative to form the basis of recovery.

17. County Defendants would show that Plaintiff and/or Sandra Bland failed to mitigate their alleged damages, if any.

18. County Defendants invoke all statutory and common law damage caps with respect to Plaintiff's alleged damages.

19. County Defendants deny that Plaintiff is entitled to recover punitive or exemplary damages, and Waller County would show that it cannot be liable for punitive or exemplary damages.

20. County Defendants would further show that the imposition of punitive or exemplary damages in this case would violate their due process rights guaranteed by the United States and Texas Constitutions, and would violate the excessive fines' clause of same.

21. County Defendants also invoke all caps and limits on punitive or exemplary damages as set forth in the Texas Civil Practice and Remedies Code.

## **COUNTY DEFENDANTS' JURY DEMAND**

22. County Defendants assert their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## COUNTY DEFENDANTS' PRAYER

**WHEREFORE, PREMISES CONSIDERED**, County Defendants pray the Court enter a judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, and award County Defendants all other relief to which they are justly entitled.

Respectfully submitted,

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Southern District of Texas No. 18830
**B. Eliot New – Of Counsel**
State Bar No. 24060328
Southern District of Texas No. 884608
**Bart C. Frederick – Of Counsel**
State Bar No. 24098876
Southern District of Texas No. 2791685
**GERMER PLLC**
P.O. Box 4915
Beaumont, TX 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

**COUNSEL FOR COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February 2016, a true and correct copy of **County Defendants' Original Answer to Plaintiff's Third Amended Complaint at Law** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

**Larry J. Simmons**