Case 4:15-cv-02232   Document 92   Filed on 03/17/16 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVA REED-VEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-2232 |
| | § | |
| BRIAN ENCINIA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for a Rule to Show Cause as to Why Steve Kunkemoeller and Wendy Taft, of the Federal Bureau of Investigation, Should Not be Held in Contempt of this Honorable Court for Failing to Adhere and Comply with this Court's Subpoena that was Returnable on October 22, 2016, or in the Alternative, for In Camera Inspection (Document No. 57). Having considered the motion, submissions, arguments of counsel in open court, and applicable law, the Court determines the motion should be denied in part and granted in part as stated herein.

## I. BACKGROUND

This is a § 1983 civil rights case. On July 10, 2015, Sandra Bland ("Bland") was pulled over by Defendant State Trooper Brian Encinia ("Encinia") for failure to signal. Although the parties dispute why and how the stop escalated, Encinia

eventually arrested Bland. From July 10, 2015 until July 13, 2015, Bland was incarcerated in a jail operated by Defendant Waller County, Texas ("Waller County"). On July 13, 2015, Bland died while in custody. On August 4, 2015, Plaintiff Geneva Reed-Veal ("Plaintiff"), Bland's mother, filed suit in this Court. The remaining Defendants are Brian Encinia, Waller County, and the following Waller County employees: Elsa Magnus, Oscar Prudente, Rafael Zuniga, Michael Sergis, Dormic Smith, Cynthia Whidden, Marc Langdon, Sherry Rochen, Lanny Thibodeaux, Matther Mills, Marianne Williams, and Randy Lewis (collectively with Waller County, the "Waller County Defendants").

On October 14, 2015, Plaintiff issued a subpoena to the Houston Office of the Federal Bureau of Investigation ("FBI") for information in its possession related to Bland's arrest and incarceration. The FBI, through the United States Attorney, filed a motion to quash the subpoena, which the Court denied on December 21, 2015. The FBI subsequently informed Plaintiff that the only information in its possession relating to the case was the report generated by the Texas Rangers (the "Rangers Report").[1] The FBI agreed to provide the Rangers

---

[1] *United States Attorney's Response to Plaintiff's Motion to Hold FBI Agents in Contempt or in the Alternative for* In Camera *Inspection*, Document No. 58 at 2.

2

Report to Plaintiff upon the completion of the criminal investigation pending against Encinia in Waller County.[2]

On January 6, 2016, the Waller County Grand Jury returned a misdemeanor indictment against Encinia. The FBI consequently declined to turn over the Rangers Report, contending it was protected under the law enforcement privilege and thus should not be released. *See In re DHS*, 459 F.3d 565, 570 (5th Cir. 2006) (recognizing the law enforcement privilege in the Fifth Circuit). However, the FBI did not oppose an *in camera* inspection of the subpoenaed records.[3] On February 18, 2016, the Court held a hearing on all pending motions, including the present motion to show cause. The FBI reiterated its position that it the Rangers Report should not be released under the law enforcement privilege but that it did not oppose Plaintiff's alternative request for *in camera* review. Accordingly, on February 22, 2016, the Rangers Report was produced to the Court for *in camera* inspection to determine whether the law enforcement privilege applies.

---

[2] *Plaintiff's Motion for a Rule to Show Cause as to Why Steve Kunkemoeller and Wendy Taft, of the Federal Bureau of Investigation, Should Not be Held in Contempt of this Honorable Court for Failing to Adhere and Comply with this Court's Subpoena that was Returnable on October 22, 2016, or in the Alternative, for In Camera Inspection*, Document No. 57, ¶ 8; *United States Attorney's Response to Plaintiff's Motion to Hold FBI Agents in Contempt or in the Alternative for* In Camera *Inspection*, Document No. 58 at 2.

[3] *United States Attorney's Response to Plaintiff's Motion to Hold FBI Agents in Contempt or in the Alternative for* In Camera *Inspection*, Document No. 58 at 1.

## II. LAW & ANALYSIS

The law enforcement privilege is a "qualified privilege protecting investigative files in an ongoing criminal investigation." *In re DHS*, 459 F.3d at 569 (internal citations omitted). To determine whether the law enforcement privilege applies to a document, courts must balance "the government's interest in confidentiality against the litigant's need for the documents." *Id.* at 570. Courts should consider the following ten factors when weighing the two interests:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Id.* (instructing district courts to consider the "*Frankenhauser* factors" developed in *Frankenhauser v. Rizzo*, 59 F.R.D 339, 344 (E.D. Pa. Mar. 13, 1973)). The privilege does not apply to "(1) people who have been investigated in the past but are no longer under investigation, (2) people who merely are suspected of a violation without being part of an ongoing criminal investigation, and (3) people

4

who may have violated only civil provisions." *Id.* at 571. In addition, the privilege lapses either at the close of an investigation or after a "reasonable time." *Id.*

In considering the ten *Frankenhauser* factors, the Court finds the factors weigh in favor of releasing the Rangers Report. In addition, the Court mandates the release of the names included in the report pursuant to the Privacy Act § (b)(11). 5 U.S.C. § 552a(b)(11). However, the Court finds the release of the Rangers Report should be subject to a protective order pursuant to the Privacy Act.[4]

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for a Rule to Show Cause as to Why Steve Kunkemoeller and Wendy Taft, of the Federal Bureau of Investigation, Should Not be Held in Contempt of this Honorable Court for Failing to Adhere and Comply with this Court's Subpoena that was Returnable on October 22, 2016 (Document No. 57) is **DENIED**. Plaintiff's Alternative Request for *In Camera* Inspection is **GRANTED**. The Court further

**ORDERS** that the FBI must produce the Rangers Report in accordance with the protective order as outlined in the Court's separate Privacy Act Order.

---

[4] *See United States Attorney's Notice of Production of Privacy Act Protected Documents in* In Camera *Inspection*, Document No. 85; *Proposed Privacy Act Order*, Document No. 86. Plaintiff did not respond to the FBI's request to release the Rangers Report under the Privacy Act or to the proposed order itself.

SIGNED at Houston, Texas, on this __17__ day of March, 2016.

_____
DAVID HITTNER
United States District Judge