UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased.

Plaintiff,

v.

BRIAN ENCINIA, Individually and as an agent and/or employee of TEXAS DEPARTMENT OF PUBLIC SAFETY; TEXAS DEPARTMENT OF PUBLIC SAFETY; ELSA MAGNUS, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; OSCAR PRUDENTE, Individually and as an agent and/or employee of WALLER COUNTY SHERIFF'S OFFICE; and WALLER COUNTY,

Defendants.

No. 4:15-cv-02232
Jury Demand
Judge David Hittner
Magistrate Judge Stephen Smith

**PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT, BRIAN ENCINIA.**

NOW COMES Plaintiff, GENEVA REED-VEAL, Individually and as Mother and Personal Representative of the Estate of SANDRA BLAND, deceased, and pursuant to Federal Rules of Civil Procedure Rule 33 and 34, submits the following First Requests for Production of Documents and Things to Defendant Brian Encinia to be answered in writing, under oath, and within 30 days of service.

INTRODUCTION, INSTRUCTIONS, AND DEFINITIONS

The information and documents sought must be provided irrespective of whether the same is secured by you, your representative, agent, attorney or any other person from whom you can obtain said information and said source shall be competent to testify as to the facts stated.

These Interrogatories and Requests for Production carry a continued duty to supplement your responses should Defendant either directly or indirectly obtains additional or different information from that upon which Defendant's responses are based and said duty shall run from the time this discovery is served on Defendant until the completion of the trial in this matter.

When the Interrogatories ask you to identify an individual, please state his or her name, last known home address and telephone number, and job title and date of hire (if an employee), in addition to any other information requested.

A. These Requests for Production of Documents and Things seek all information available to Defendant, their attorneys or agents, and any other person acting on their behalf.

B. As used herein, "document" or "record" is used in its broadest sense to mean every writing or recording of every type described in Rule 1001 of the Federal Rules of Evidence, and any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, whether sent, received, or neither, and all copies which differ in any way from the original (whether by stamped received, notation, indication of copy sent or received, or otherwise) regardless of whether designated confidential, privileged or otherwise, and whether an original, master, duplicate or copy, including, but not limited to, papers, notes, account statements or summaries, ledgers, pamphlets, periodicals, books, advertisements, objects, letters, memoranda, notes or notations of conversations, contracts, agreements, drawings, telegraphs, tape recordings, communications, including interoffice and intra-office memoranda, delivery tickets, bills of lading, invoices, quotations, claims documents, reports, records, studies, work sheets, working papers, corporate records, minutes of meetings, circulars, bulletins, notebooks, bank deposit slips, bank checks, cancelled checks, check stubs, diaries, diary entries, appointment books, desk calendars, data processing cards and/or tapes, computer software, photographs, videotapes, transcriptions or sound recordings of any tape of personal or telephone conversations, interviews, negotiations, meetings or conferences, or any other things similar to any of the foregoing.

C. The word "communication" means any words heard, spoken, written or read, regardless of whether designated confidential, privileged or otherwise, and including without limitation words spoken or heard at any meeting, discussion interview, encounter, conference, speech, conversation or other similar occurrence and words written or read from any document(s) as described above.

1. All statements (oral, written, or transcribed, signed or unsigned) by parties to this action given to some person or entity other than their attorney.

2. All statements (oral, written, or transcribed, signed or unsigned) from any person who:

   a) Witnessed or claims to have witnessed the occurrences specified in the Plaintiff's Complaint;

   b) Was present at the scene of the occurrences;

   c) Has or claims to have knowledge of any of the facts of the occurrences specified in the Plaintiff's Complaint;

   d) Has or claims to have knowledge of the condition of the Plaintiff or;

   e) Has or claims to have knowledge of the locations specified in the Plaintiff's Complaint.

3. All photographs, slides, motion pictures, videotapes, video footage, electronic media, dash cam videos, media, media coverage or other photographic, electronic and/or computer reproductions relating to and beginning in the 60 minutes prior to the July 10, 2015 arrest of Sandra Bland up to and through 11:59 pm on July 14, 2015 of any physical objects or persons involved in the occurrences described in Plaintiff's Complaint, the scene of the occurrence, the events themselves, the traffic stop, arrest, detention, booking, questioning, and jailing of Ms. Sandra Bland as well as any and all jail cells that Ms. Bland was placed in while in the Waller County Jail.

4. All documents pertaining to the physical or mental condition of the Sandra Bland prior and subsequent to her July 10, 2015 arrest.

5. Complete, unedited, and unabridged copies of any and all medical reports and documents pertaining to the Sandra Bland, and purporting to diagnose, analyze and/or otherwise evaluate any and all injuries allegedly sustained by the Plaintiff in the occurrence specified in the Plaintiff's Complaint.

6. Complete, unedited, and unabridged copies of any and all medical reports and documents pertaining to the Sandra Bland, and purporting to diagnose, analyze and/or otherwise evaluate Ms. Bland's emotional, psychological and/or mental state at all times beginning from 60 minutes prior to her July 10, 2015 arrest through and including 11:59 pm on July 14, 2015.

7. Complete unedited, and unabridged copies of any and all police, investigation reports and/or incident reports, including any supplementary or reconstruction reports, photos, and computer and/or electronic documents prepared in conjunction with the occurrences set forth in the Plaintiff's Complaint.

8. Complete unedited, and unabridged copies of any and all jail and dash cam videos relating to any aspect of Sandra Bland's arrest and subsequent detention and incarceration at the Waller County Jail beginning 60 minutes prior to Ms. Bland's June 10, 2015 traffic stop through and including 11:59 pm on July 14, 2015.

9. Any and all of Sandra Bland's personal articles she had from the time that she was subject to the July 10, 2015 traffic stop including but not limited to Ms. Bland's phone, clothing, medications, accessories, jewelry, paperwork, driver's license and other personal articles.

10. Any and all radio and/or dispatch communications, electronic recordings and/or tapes, as well as all walkie-talkie, and other electronic or voice communications and dispatch information relating to Sandra Bland between 7/10/15 - 7/14/15.

11. Full and complete copies of all police and/or incident reports as well as all supplemental reports and other documents that in any way reference Sandra Bland or that were generated due to police involvement or interaction with Sandra Bland on and between 7/10/15-7/14/15.

12. All supplementary or reconstruction reports relating to Sandra Bland as well as all traffic citations and/or traffic warnings issued to or intended for Sandra Bland on and between July 10, 2015 through July 14, 2015.

13. Any and all toxicology report(s) relating to Sandra Bland in their full, complete and final state.

14. The full, complete, unedited, and unabridged copies of any and all 911 communications, any and all Department of Public Transportation communications and/or police dispatch communications relating to Sandra Bland beginning 60 minutes prior to Sandra Bland's traffic stop on July 10, 2015 up to and through the present.

15. Any and all employees logs and/or documents reflecting who was present at any time that Sandra Bland was in and at the Waller County Jail on July 10, 2015 at any point that Sandra Bland was present on said date at said location.

16. Any and all emergency medical service run sheets or reports which, in any way, relate to Sandra Bland.

17. A copy of any and all traffic warnings, traffic tickets, and criminal charges issued to Sandra Bland at on and through July 10, 2015 through July 14, 2015.

18. Any and all personnel files, employment files, and/or disciplinary files relating to Brian Encinia.

19. All police and jail training manuals, videos and protocols in effect on July 10, 2015 that were available to Brian Encinia as a DPS Trooper for training and/or review.

20. Immediate personal access, for purposes of examination and review, to all items in the jail cell where and when Sandra Bland was found non-responsive inclUding but not limited to the ligature alleged to have been used in Ms. Bland's death, bible, trash, pill cup, trash bags, trash can, books, cloths, mattresses and sheets.

21. Any and all DNA testing done on any of the items or objects present in the cell that Sandra Bland was found non-responsive in including but not limited to the ligature alleged to have been used in Ms. Bland's death, bible, trash, pill cup, trash bags, trash can, books, cloths, mattresses and sheets.

22. Any and all correspondence and/or communications with Joe Booker by any and all jail staff and/or police officer.

23. All documents, articles, papers and textbooks you intend to use during the trial of this cause.

24. All rules, regulations, bylaws, guidelines of any public authority, inspecting or reviewing authority or other private body, which you intend to use during the trial of this cause.

25. All reports or documents which may contain the opinions, theories, conclusions, or estimates regarding the physical, psychological, mental and emotional condition of Sandra Bland both prior to and subsequent to the incidents in question or the matters in question.

26. All reports or documents which may contain the opinions, theories, conclusions, or estimates regarding the occurrences in question.

27. A certified copy of all liability insurance policies and declaration pages that covered the Defendant for the acts or omissions, as alleged in the Plaintiff's Complaint including supplemental, secondary and/or umbrella policies. This further includes any and all insurance which covers this incident including but limited to all declaration pages. Further, a certified copy of all coverage declaration forms for all policies in effect.

28. All videotape footage taken by any investigator, private detective or any other agent or servant of the Defendant or the Defendant's insurance carrier of the Plaintiff at any time.

29. Any bills, notes, memoranda, correspondence or other records or documentation of time spent monitoring the Plaintiff and notes as to observations made by your investigator(s), private detective(s) or any other agent(s) or servant(s) of the Defendant or the Defendant's insurance carrier of the Plaintiff.

30. Each and every document, record, report, writing memorandum, photo, electronic media, electronic documentation, physical object and the like revealed or referenced in Defendant's Answers to interrogatories.

31. The full and complete names, addresses and phone numbers of each and every person having knowledge of any facts which involve, surround, or come out of the incidents giving rise to this cause of action.

32. All documents concerning testimony of witnesses at previous instances, proceedings, hearings and/or trials concerning the occurrences giving rise to this litigation.

33. All General Orders jail protocols, policies, practices and procedure in force and effect on July 10, 2015 through and including 11:59 pm on July 14, 2015 that created, codified, established, governed, and/or instituted the rules, policies, procedures and protocols relating to booking inmates as well as medically, physically and mentally assessing inmates at the Waller County Jail.

34. All photos taken of Sandra Bland before or after her death including but not limited to photos taken in and during her post mortem exam.

35. This request pertains to Autopsy Report Case number OC 15-030 dated and done on July 14, 2015 on the body of Sandra Bland done by Assistant Medical Examiner Sara N. Doyle, M.D.:

*Produce for in-person examination all of the following: all photos taken in and associated with the aforementioned autopsy, all specimens harvested from Sandra Bland's body including but not limited to her hyoid bone, upper larynx and toxicology specimens. The full complete toxicology report, all ligatures or other items alleged to have been used to inflict or self-inflict injury or harm on Sandra Bland. All cloths and personal effects found on Sandra Bland's body at the time of her presentation to the Harris County Institute of Forensic Science. All emergency medical services, paramedic, justice of the peace or other medical reports relating to Sandra Bland in your possession at the time that Ms. Bland was presented to you up to and through September 19, 2015. All things examined during the aforementioned autopsy as well as all things not examined but that were present during said exam. All notes taken and/or created by all medical personnel and any other persons present at and during said autopsy. The intake sheet and/or form regarding Sandra Bland from Harris County institute of Forensic Science investigators. All body temperature readings of Ms. Bland's body along with the times and dates said temperatures were taken*

and by whom as well as all information indicating and/or revealing when the Harris County Institute of Forensic Science was contacted regarding Sandra Bland and when Ms. Bland's body was delivered and signed in. All information, notes, records and communications regarding Sandra Bland's physical condition when she was first presented to the Harris County Institute of Forensic Science for exam. All things retained at the post mortem examination (a full, complete list of said things if they are not in your possession and who now has said items). All gastric content samples and all information relating to if specimens harvested from Sandra Bland's body were tested and if so where were said tests performed. Finally, a full and complete list of any and all requesters of any of the aforementioned information, documentation and/or items related to Sandra Bland and her autopsy.

36. This request pertains to any and all involvement, interaction and/or examination that Justice of the Peace, Charles Karisch, had with or performed on Ms. Sandra Bland, including but not limited to Autopsy Report Case number OC 15-030 dated and done on July 14, 2015 on the body of Sandra Bland done by Assistant Medical Examiner Sara N. Doyle, M.D.:

*Produce for in-person examination all of the following: all photos taken in and associated with the aforementioned autopsy, all specimens harvested from Sandra Bland's body including but not limited to her hyoid bone, upper larynx and toxicology specimens. The full complete toxicology report, all ligatures or other items alleged to have been used to inflict or self-inflict injury or harm*

on Sandra Bland. All cloths and personal effects found on Sandra Bland's body at the time of her presentation to the Harris County Institute of Forensic Science. All emergency medical services, paramedic, justice of the peace or other medical reports relating to Sandra Bland in your possession at the time that Ms. Bland was presented to you up to and through September 19, 2015. All things examined during the aforementioned autopsy as well as all things not examined but that were present during said exam. All notes taken and/or created by all medical personnel and any other persons present at and during said autopsy. The intake sheet and/or form regarding Sandra Bland from Harris County institute of Forensic Science investigators. All body temperature readings of Ms. Bland's body along with the times and dates said temperatures were taken and by whom as well as all information indicating and/or revealing when the Harris County Institute of Forensic Science was contacted regarding Sandra Bland and when Ms. Bland's body was delivered and signed in. All information, notes, records and communications regarding Sandra Bland's physical condition when she was first presented to the Harris County Institute of Forensic Science for exam. All things retained at the post mortem examination (a full, complete list of said things if they are not in your possession and who now has said items). All gastric content samples and all information relating to if specimens harvested from Sandra Bland's body were tested and if so where were said tests performed.

*Finally. A full and complete list of any and all requesters of any of the aforementioned information, documentation and/or items related to Sandra Bland and her autopsy.*

37. A full and complete privilege log itemizing each and every statement (whether oral or written) document, item and/or tangible thing that Defendant claims to be privileged pursuant to attorney-client privilege or work.

38. Any and all radio and/or dispatch communications, electronic recordings and/or tapes, as well as all walkie-talkie, and other electronic or voice communications and dispatch information relating to Sandra Bland between 7/10/15 - 7/14/15.

39. Full and complete copies of all police and/or incident reports as well as all supplemental reports and other documents that in any way reference Sandra Bland or that were generated due to police involvement or interaction with Sandra Bland on and between 7/10/15-7/14/15.

40. All supplementary or reconstruction reports relating to Sandra Bland as well as all traffic citations and/or traffic warnings issued to or intended for Sandra Bland on and between July 10, 2015 through July 14, 2015.

41. All original video of Waller County Jail from 7/10/15 - 7/14/15. That was collected by Shane Ellison from the Federal Bureau of Investigations on or about 9/17/15.

42. Any and all original computer towers & DVR Housing Waller County Jail Original footage from 7/10/15 - 7/14/15 that

was collected by Shane Ellison from the Federal Bureau of Investigations on or about 9/15/15.

43. The Texas Ranger Report relating to Sandra Bland for any and all photographs that in anyway relate to Sandra Bland.

44. Any and all evidence information or indications which reveal or show that Sandra Bland was provided medical at any time on or between 7/10/15 - 7/14/15, not including her Autopsy.

It is further requested that the parties in compliance with this request for production shall furnish an affidavit stating whether the production is complete in accordance with this request.

Respectfully submitted:

By:

CANNON D. LAMBERT, Sr., Esq.

/s/ Cannon Lambert
Counsel for Plaintiff
Cannon Lambert
Illinois Bar # 6237503
Federal Bar # 6237503
cannon@karchmarlambert.com
Karchmar & Lambert, P.C.
211 W. Wacker Drive
Suite 1400
Chicago, IL 60606
Telephone: 312-977-1300
Facsimile: 312.236.0920

Larry R. Rogers, Jr.
Counsel for Plaintiff
Illinois Bar # 6220743
Federal Bar # 6220743
lrogersjr@prslaw.com
Power Rogers & Smith PC
70 W. Madison St. # 5500
Chicago, IL 60602
Telephone: (312) 313-020
Facsimile: (312) 977-1999

Jesse Thomas Rhodes, III
Texas Bar #16820050
Federal Bar #17613
trhodesCa)tom rhodeslaw .com

## SERVICE LIST

WALLER COUNTY DEFENDANTS

Larry Simmons
GennerPLLC
Houston Tx.
PO. Box 4915
Beaumont, Tx. 77704-4915
Ph: (409)813-8033
Mobile: (409) 880-9305
Email: l-jsimmons@germer.com
Fax: (409) 835-2115

DEFENSE COUNSEL FOR DPS & BRIAN ENCINIA:

Seth Dennis
Texas Atty. General's office
Asst. Atty. General
P.O. Box 12548
Capitol Station
Austin, TX 78711
Email: seth.dennis@texasattorneygeneral.gov

PLAINTIFFS ATTORNEYS:

Larry R. Rogers, Jr.
Counsel for Plaintiff
Illinois Bar # 6220743
Federal Bar # 6220743
lrogt:rsj r'lliprslaw ,com
Power Rogers & Smith PC
70 W. Madison St. # 5500
Chicago, IL 60602
Telephone: (312) 313-0202
Facsimile: (312) 977-1999

Jesse Thomas Rhodes, III
Attorney in Charge
Texas Bar #16820050
Federal Bar #17613
trh odt:s: ii"tom rhodes la\\, com
TOM RHODES LAW FIRM, P.C.
126 Villita Street
San Antonio, Texas 78205
Telephone: (210) 225-5251
Facsimile: (210) 225-6545

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

GENEVA REED-VEAL, et. al.,
  Plaintiff
  v.
BRIAN ENCINIA, et al.,
  Defendant

Civil Action No. 4:15-cv-02232

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TEXAS DEPARTMENT OF PUBLIC SAFETY; VIA FAX: 512.495.9139
ATTN: ASSISTNAT ATTORNEY GENERAL - SETH BYRON DENNIS
P.O. BOX 12548, CAPITOL STATION, AUSTIN, TEXAS 78711

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: PLEASE SEE RIDER ATTACHED TO SUBPOENA

| Place: Karchmar & Lambert, P.C. 211 W. Wacker Dr. Ste#1400, Chicago IL. 60606 | Date and Time: 4-8-16 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3-23-16

CLERK OF COURT                                          OR

_____                    _____
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **PLAINTIFF** GENEVA REED-VEAL, ET. AL., , who issues or requests this subpoena, are:
Cannon D. Lambert, Sr., 211 W. Wacker, ste#1400, Chicago IL. 60606; cannon@karchmarlambert.com, Ph# 312-523-4144

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:15-cv-02232

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SUBPOENA RIDER**

Please tender and release to the Law Offices of Karchmar & Lambert, P.C., 211 W. Wacker, Ste. 1400, Chicago Illinois, 60606 the following:

Any and all radio and/or dispatch communications, electronic recordings and/or tapes, as well as all   walkie-talkie, and other electronic or voice communications and dispatch information relating to Sandra Bland   between 7/10/15 - 7/14/15 . Additionally, please tender full and complete copies of all police and/or incident reports as well as all supplemental reports and other documents that in any way reference Sandra Bland or that were generated due to police involvement or interaction with Sandra Bland on and between 7/10/15-7/14/15. Further, please tender all supplementary or reconstruction reports relating to Sandra Bland as well as all traffic citations and/or traffic warnings issued to or intended for Sandra Bland on and between July 10, 2015 through July 14, 2015.

Additionally, All original video of Waller County Jail from 7/10/15 - 7/14/15. Any and all original computer towers & DVR Housing Waller County Jail Original footage from 7/10/15 - 7/14/15 that was collected by Shane Ellison from the Federal Bureau of Investigation on or about 9-17-15. The Texas Ranger Report relating to Sandra Bland for any & all photographs that in anyway relate to Sandra Bland/Any evidence indicating that Sandra Bland was provided medical at any time on or between 7/10/15 - 7/14/15.