United States District Court
Southern District of Texas
**ENTERED**
April 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENEVA REED-VEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-15-2232 |
| | § | |
| BRIAN ENCINIA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Encinia and the Texas Department of Public Safety's Opposed Motion to Stay (Document No. 53). Having considered the motion, submissions, arguments of counsel in open court, and applicable law, the Court determines the motion should be granted in part and denied in part as stated herein.

## I. BACKGROUND

This is a § 1983 civil rights case. On July 10, 2015, Sandra Bland ("Bland") was pulled over by Defendant State Trooper Brian Encinia ("Encinia") for failure to signal. Although the parties dispute why and how the stop escalated, Encinia eventually arrested Bland. From July 10, 2015, until July 13, 2015, Bland was incarcerated in a jail operated by Defendant Waller County, Texas ("Waller County"). On July 13, 2015, Bland died while in custody. On August 4, 2015,

Plaintiff Geneva Reed-Veal ("Plaintiff"), Bland's mother, filed suit in this Court. The remaining Defendants are Brian Encinia, Waller County, and the following Waller County employees: Elsa Magnus, Oscar Prudente, Rafael Zuniga, Michael Sergis, Dormic Smith, Cynthia Whidden, Marc Langdon, Sherry Rochen, Lanny Thibodeaux, Matther Mills, Marianne Williams, and Randy Lewis (collectively with Waller County, the "Waller County Defendants").

On January 6, 2016, the Waller County Grand Jury returned a misdemeanor indictment against Encinia for perjury. Specifically, the indictment stated that Encinia:

> "with intent to deceive and with knowledge of the statements meaning, make a false statement under oath, namely that [Encinia] had Sandra Bland exit the vehicle to further conduct a safe traffic investigation, such sworn statement being then and there required by law to be made under oath, while [Encinia] was then and there under oath such false statement being false in that [Encinia] removed Sandra Bland from her vehicle because he was angry she would not put out her cigarette and such false sworn statement was made on an Affidavit and Complaint for Warrant of Arrest and Detention of Sandra Bland.[1]

On January 8, 2016, Encinia and the Texas Department of Public Safety ("TDPS")[2] filed the present motion to stay based upon the *Younger* abstention doctrine, contending the Court should stay this civil suit until the conclusion of Encinia's

---

[1] *Defendant Encinia and the Texas Department of Public Safety's Opposed Motion to Stay*, Document No. 53, Exhibit 1 at 1 (*Indictment*).

[2] TDPS is no longer a named defendant in this suit pursuant to the Third Amended Complaint (Document No. 63).

criminal case. The Court found *Younger* did not apply to this case, and instead ordered further briefing to determine whether the Court should stay the case under its discretionary powers.[3]

## II. LAW & ANALYSIS

A federal court, in its discretion, may stay a civil action when a parallel criminal action is pending if justice so requires. *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. 5:09-cv-114, 2010 WL 3810007, at *1 (S.D. Tex. Sept. 27, 2010) (Alvarez, J.) (citing *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). "There is no general federal constitutional, statutory, or common law rule prohibiting simultaneous, parallel civil and criminal actions" brought by different federal agencies or individual plaintiffs "against the same defendant involving the same transactions." *Id.* (citing *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666–67 (5th Cir. 1981) (internal quotation marks omitted)). "[I]t is the rule, rather than the exception that civil and criminal cases proceed together." *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009) (Hacker, Mag.).

However, a stay of the civil action may be appropriate under "special circumstances" to avoid one party suffering "substantial and irreparable prejudice." *SEC*, 659 F.2d at 668. "The granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly."

---

[3] *See Order*, Document No. 91.

3

*United States v. Simcho*, 326 F. App'x 791, 792–93 (5th Cir. 2009). "Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules [in civil and criminal cases] and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). To determine whether a stay is warranted and the scope of any stay, courts consider the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.

*Ntakirutimana*, 2010 WL 3810007, at *2 (citing *Alcala*, 625 F. Supp. at 398–99).[4] The party who moves for a stay bears the burden to overcome the "presumption" that the civil case should proceed without one. *Id.*

*A.   Factor One: Overlap of Issues in Criminal Case and Civil Case*

Plaintiff contends the facts at issue in Encinia's indictment are much narrower than the facts alleged in her third amended complaint. Encinia contends there is substantial overlap between the allegations in the indictment and the complaint, and that moving forward without a stay would force him to choose

---

[4] *See also Cazaubon v. MR Precious Metals, LLC*, No. 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (Vance, J.) (applying six-factor test from *Alcala*).

between defending himself in the civil suit and waiving his Fifth Amendment rights. The overlap of issues in a criminal case and civil case is the most important factor in determining whether to grant a stay. *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 906–07 (S.D. Tex. 2008) (Hittner, J.). When evaluating this factor, courts should consider "whether, by allowing the civil case to continue, the defendant can effectively defend the civil lawsuit without being pressured into waiving his Fifth Amendment rights." *Alcala*, 625 F. Supp. at 401. "In determining whether issues are related, courts impose a 'common-sense, fact-bound analysis.'" *Cazaubon v. MR Precious Metals, LLC*, No. 14-2241, 2015 WL 4937888, at *3 (E.D. La. Aug. 17, 2015) (Vance, J.) (quoting *In re Ramu Corp.*, 903 F.3d 312, 319 (5th Cir. 1990)).

The indictment, as quoted above, alleges Encinia made a false statement under oath when he explained his reasons for demanding that Bland exit her car during the traffic stop. In the third amended complaint, Plaintiff also alleges Encinia "falsely claimed" he had Bland exit the vehicle to "further conduct a safe traffic investigation."[5] Although the allegations in the third amended complaint are based on Encinia's actions throughout and after the traffic stop, there is still sufficient overlap between the criminal and civil case such that it would be difficult for Encinia to effectively defend the civil lawsuit without being pressured into

---

[5] *Third Amended Complaint at Law and Jury Demand*, Document No. 63, ¶ 51.

waiving his Fifth Amendment rights. Accordingly, this factor weighs in favor of granting a stay as to Encinia.

B.   *Factor Two: Status of Criminal Case*

Once a criminal indictment has been issued, there is a greater risk of self-incrimination, and therefore courts should "'strongly consider staying the civil proceeding until the related criminal proceedings are resolved.'" *Cazaubon*, 2015 WL 4937888, at *3 (quoting *Whitney Nat. Bank v. Air Ambulance ex rel. B & C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007) (Rosenthal, J.)). Whether a civil case is pre or post-indictment also helps determine the degree of overlap. *Alcala*, 625 F. Supp. at 401. An indictment has been returned against Encinia. Accordingly, this factor weighs in favor of granting a stay as to Encinia.

C.   *Factor Three: Private Interests of Plaintiff*

Plaintiffs have a "strong interest" in presenting their case "while they are still able to acquire reliable evidence." *Ntakirutimana*, 2010 WL 3810007, at *3. "With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Id*. Encinia contends this factor is not at issue because the Texas Rangers have prepared a written report (the "Rangers Report") that protects the integrity of the relevant documents and includes witness statements that may be used to refresh witnesses'

6

memories. Plaintiff contends this factor weighs against granting a stay because a year has already passed since Bland's death, and witnesses may forget the details of what happened despite their statements in the Rangers Report or may otherwise become unavailable. The Court finds this factor weighs against granting a stay.

D.   *Factor Four: Private Interests of Defendant*

"If the defendant would be burdened by civil discovery on the same issues as a pending criminal case, this factor weighs in favor of a stay." *Whitney Nat. Bank*, 2007 WL 1468417, at *3. As discussed above in factors one and two, the Court has found that there is enough overlap between the criminal and civil cases that Encinia could be forced to choose between defending himself in the civil suit and invoking his Fifth Amendment rights. Accordingly, this factor weighs in favor of granting a stay as to Encinia.

E.   *Factor Five: Interests of the Courts*

Recognizing the interest of the Court in "managing its docket in an efficient and punctual manner," the parties agree this factor weighs against granting a stay.[6] *Ntakirutimana*, 2010 WL 3810007, at *3.

---

[6] *See Defendant Encinia's Briefing on Motion to Stay*, Document No. 99 at 7; *Plaintiff's Response to Defendant Encinia's Brief on Whether this Court Should Grant a Stay Under Its Discretionary Powers*, Document No. 102 at 12–13.

7

F.  Factor Six: Public Interest

"The public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained." *Alcala*, 625 F. Supp. at 407. In addition, courts have considered whether a prompt resolution of a civil case will impact the decisions of the public or allow other third-parties to determine whether they have also been victims of the same behavior. *See Ntakirutimana*, 2010 WL 3810007, at *3 (finding public interest weighed against stay when the civil suit concerned "the integrity of a major healthcare provider" because the resolution of the case would allow the public to make informed healthcare decisions). The factor weighs in favor of a stay that allows Encinia's rights to be maintained.

G.  Summary

In considering the six factors above, Encinia has met his burden to show a stay as to Encinia is warranted. However, as Plaintiff notes, this lawsuit includes the Waller County Defendants in addition to Encinia, and Plaintiff estimates that there are over fifty depositions that need to be taken in this case.[7] Waller County declined to submit additional briefing on this issue, and Encinia has not met his burden to prove a stay of the entire case, including the Waller County Defendants,

---

[7] *Plaintiff's Response to Defendant Encinia's Brief on Whether this Court Should Grant a Stay Under Its Discretionary Powers*, Document No. 102 at 6–7.

is warranted. As an alternative to the Court denying a stay, Plaintiff contends allowing all discovery to proceed prior to Encinia's deposition would protect Encinia's rights while allowing the case to efficiently move forward.[8] Using judicial discretion and procedural flexibility to harmonize the conflicting interests at issue, the Court finds a partial stay is appropriate. Specifically, the Court finds a stay of Encinia's deposition pending the resolution of his criminal case will adequately allow Encinia to defend the civil lawsuit without being pressured into waiving his Fifth Amendment rights. In addition, a partial stay allows Plaintiff to move forward in discovery against the other defendants and third-parties.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Encinia and the Texas Department of Public Safety's Opposed Motion to Stay (Document No. 53) is **GRANTED** in part and **DENIED** in part. The Court further

**ORDERS** that all discovery must proceed prior to Defendant Brian Encinia's deposition during the pendency of Defendant Brian Encinia's criminal case. The Court further

---

[8] *Plaintiff's Response to Defendant Encinia's Brief on Whether this Court Should Grant a Stay Under Its Discretionary Powers*, Document No. 102 at 7 n.1.

**ORDERS** that Defendant Brian Encinia must update the Court every two months regarding the status of his criminal case.

SIGNED at Houston, Texas, on this 21 day of April, 2016.

_/s/ David Hittner_
DAVID HITTNER
United States District Judge