IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

Geneva Reed-Veal, Individually )
& as Mother and Personal )
Representative of the Estate of )
Sandra Bland, deceased., )
)
    Plaintiffs, )
)
v. )  No. 4:15-cv-02232
)  Judge David Hittner
Brian Encinia, Et al., )
)
    Defendants. )

### NOTICE OF FILING

TO: SEE ATTACHED SERVICE LIST

On August 3, 2016 I shall file the attached: **PLAINTIFFS' MOTION FOR LEAVE TO FILE HER 4TH AMENDED COMPLAINT AT LAW** with the U.S. District Court, Southern District of Texas Houston Division.

Name: KARCHMAR & LAMBERT, P.C.    Attorney for Plaintiff
ADDRESS: 211 W. Wacker, Ste. 1400    Chicago Il., 60606
TELEPHONE: (312) 977-1300    Atty No.: 6237503

### PROOF OF SERVICE BY MAIL

    I, the undersigned, certify that I served this notice by mailing a copy to the above-named party(ies) at the above-stated address(es) and depositing the same in the U.S. Mail at 211 W. Wacker Chicago IL. at or before 5:00 p.m. on August 3, 2016, with proper postage prepaid.

_____
CANNON D. LAMBERT, Sr., Esq.

## SERVICE LIST

**COUNSEL FOR DPS & ENCINIA**
Mr. Seth Davis
Assistant Attorney General
Texas Attorney General's Office
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
seth.dennis@texasattorneygeneral.gov

**COUNSEL FOR WLLER COUNTY, ELSA MAGNUS & OSCAR PRUDENTE**
Mr. Larry J. Simmons, Shelia Milbrandt & B. Eliot New
Germer PLLC
P.O. Box 4915
Beaumont TX 77704
Mr. Simmons' Email: ljsimmons@germer.com
Mr. New's Email:   enew@germer.com

**PLAINTIFFS' COUNSEL**
Larry Rogers, Jr.
Counsel for Plaintiff
Power Rogers & Smith PC
70 W. Madison, Ste. 5500
Chicago IL 60602
lrogersjr@prslaw.com

Jesse Thomas Rhodes, III & Erin Oglesby
Tom Rhodes Law Firm, P.C.
126 Villita Street
San Antonio, Texas 78205
trhodes@tomrhodeslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

GENEVA REED-VEAL, Individually & )
as Mother &Independent Administrator of the Estate)
of SANDRA BLAND, deceased, )
)
Plaintiff, )
)
)
v. ) No. 4:15-cv-02232
) Judge David Hittner
BRIAN ENCINIA, et al., )
Defendants. )

# PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND HER COMPLAINT TO ADD MATTHEW MACE AS A DEFENDANT

Now comes the Plaintiff, Geneva Reed-Veal, individually and as Mother & Independent Administrator of the Estate of SANDRA BLAND, deceased, by and through her attorneys, KARCHMAR & LAMBERT, P.C., and moves this Honorable Court for leave to amend her Third Amended Complaint at Law to add Matthew Mace as a defendant in the above captioned matter and in support of her motion, Plaintiff states the following:

1) Plaintiff's 3rd Amended Complaint is currently pending before this Honorable Court.

2) On or about July 13,14 and 15th, Sherry Rochen, Elsa Magnus and Oscar Prudente were deposed.

1

3) In said depositions, it was revealed that Matthew Mace was the "controller" jailer on duty.

4) Matthew Mace was responsible, in part, for observing Sandra Bland and insuring her care while she was in custody of the Waller County Jail.

5) Based on testimony from Oscar Prudente, it was Matthew Mace's responsibility to evaluate and screen the intake and booking forms that listed challenges that Sandra Bland is alleged to have faced when she was brought into the jail and booked. (Oscar Prudente's deposition at Pg. 131 lines 9-20).

6) Elsa Magnus testified that Matthew Mace was responsible for evaluating Sandra Bland's intake and booking forms. (Elsa Magnus' deposition at Pg. 67 lines 5-12).

7) The Texas Administrative Code provides rules and regulations required under the Texas Commission on Jail Standards that must be followed by each Texas public safety correctional facility, jail and jail employee, including Matthew Mace.

8) Texas Administrative Code Title 37, Part 9 directed Defendant Waller County, Waller County Jail and Matthew Mace to follow several statutory requirements in their care, custody and treatment of Sandra Bland, including but not limited to:

    a. Having an established procedure for documented, face-to-face observation of all inmates by jailers no less than once every 60 minutes and **at least** every 30 minutes in areas where inmates were known to be potentially suicidal – (closed circuit television may not be used in lieu of required personal observation);

    b. Assigning hash tags which identify inmates as having special mental health needs in the inmate's medical records and bringing this to the attention of health personnel and/or the supervisor on duty;

    c. Developing and implementing a suicide prevention plan which addresses the following principles and procedures:

        i. Provisions for staff training (including frequency and duration) on the procedures for recognition, supervision, documentation, and handling of

inmates who are mentally disabled and/or potentially suicidal – supplemental training should be provided to those staff members responsible for intake screening (such as Defendants Elsa Magnus and Oscar Prudente);

ii. Procedure for intake screening to identify inmates who are known to be or observed to be mentally disabled and/or potentially suicidal and procedures for referrals to available mental health officials;

iii. Procedures for communication of information relating to inmates who are mentally disabled and/or potentially suicidal;

iv. Provisions for adequate supervision of inmates who are mentally disabled and/or potentially suicidal and procedures for documenting supervision; and

v. Procedures for staff intervention prior to the occurrence of a suicide and during the progress of

      a suicide attempt, or serious deterioration of mental condition.

  d. Developing and implementing an objective classification plan that includes principles, procedures, instruments and explanations for classification assessments, housing assignments, reassessments and inmate needs.

9) During all relevant times Matthew Mace was aware of and responsible for complying with the aforementioned rules. Despite Matthew Mace's knowledge of this duty and obligation, he deliberately abdicated his responsibilities for the safety, security, and welfare of Sandra Bland.

10) During all relevant times, although Matthew Mace knew that Sandra Bland had recently threatened suicide, that she should have been placed in a mental health high risk status, should have been provided medical care, and that she was exhibiting signs and symptoms of distress and hopelessness; he failed to provide her any medical treatment or even physically observe her for long periods.

11) During all relevant times, despite Matthew Mace knowledge that Sandra Bland struggled with medical issues, including having

previously threatened suicide, they were deliberately indifferent to her high risk of suicide.

12) During all relevant times, Matthew Mace with specific notice of Sandra Bland's ongoing medical issues, specifically including her risk of suicide, failed to offer or procure appropriate intervention and failed to ensure that she received the medical attention she needed for her serious, immediate and life threatening condition.

13) Given the above, it is appropriate that Matthew Mace be named as an additional defendant .

Wherefore, Plaintiff requests this Honorable Court enter an Order allowing Plaintiff leave to file her 4th Amended Complaint at Law to add, Matthew Mace as an additional defendant within 21 days. Plaintiff requests any and all other relief as may be deemed just and equitable to and for her.

Respectfully submitted:

_____
CANNON D. LAMBERT, Sr.

**PLAINTIFFS' COUNSEL**
Karchmar & Lambert, P.C.
211 W. Wacker, Ste. 1400
Chicago IL 60606
(312) 977-1300
(312) 977-1999 Fx.
Cannon@karchmarlambert.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GENEVA REED-VEAL, Individually & as Mother &Independent Administrator of the Estate of SANDRA BLAND, deceased,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ENCINIA, et al,<br><br>Defendants. | No. 4:15-cv-02232<br>Judge David Hittner |

### ORDER

Pending before this Honorable Court is Plaintiff's motion for leave to file her 4th Amended Complaint with 21 days. It is hereby

ORDERED that Plaintiff is granted 21 days to file her 4th Amended Complaint at Law.

SIGNED at Houston, Texas, this _____ day of August, 2016.

_____
The Honorable **DAVID HITTNER**

7