# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **GENEVA REED-VEAL,** | § | |
| **Individually and as Mother and** | § | |
| **Personal Representative of the** | § | |
| **Estate of SANDRA BLAND,** | § | |
| **deceased,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:15-CV-02232** |
| | § | **(JURY TRIAL REQUESTED)** |
| **BRIAN ENCINIA, ET AL.,** | § | |
| *Defendants.* | § | |

## COUNTY DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO AMEND HER COMPLAINT TO ADD MATTHEW MACE AS A DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW **COUNTY DEFENDANTS**,[1] file this their Response to Plaintiff's Motion for Leave to Amend her Complaint to Add Matthew Mace as a Defendant, and would respectfully show unto the Court as follows:

## I.
### INTRODUCTION

This case has been pending for more than a year and this Court's deadline to add new parties passed over seven months ago. Nonetheless, Plaintiff filed her

---

[1] Waller County, Texas, Elsa Magnus, Oscar Prudente, Rafael Zuniga, Michael Serges, Dormic Smith, Cynthia Whidden, Marc Langdon, Sherry Rochen, Lanny Thibodeaux, Matthew Mills, Marianne Williams, and Randy Lewis.

Motion for Leave to add Matthew Mace ("Mace") as another defendant to this case on August 3, 2016.

Plaintiff's excuse for seeking leave to add a new party more than seven months after the deadline is that she claims she only recently discovered Mace was responsible for reviewing Sandra Bland's ("Bland") booking and screening documents. However, Plaintiff's delay in discovering this information is a result of her own lack of diligence, and her motion falls far short of the good cause necessary to entitle herself to leave. Accordingly, her motion should be denied.

## II.
### RELEVANT PROCEDURAL BACKGROUND

This suit was filed over a year ago, on August 4, 2015. Plaintiff filed her First Amended Complaint on August 26, 2015,[2] and her Second Amended Complaint on September 29, 2015.[3] The Court's deadline to join new parties was January 19, 2016.[4] On that date, Plaintiff filed her Third Amended Complaint, adding ten new individual County Defendants, many of whom had no involvement in the underlying facts.[5] Matthew Mace was not among those new Defendants.

Thereafter, Plaintiff moved for another extension of the deadline to add parties,[6] and on April 1, 2016, the Court granted Plaintiff's Motion and extended

---

[2] *See*, First Amended Complaint, Dkt. No. 11.
[3] *See*, Second Amended Complaint, Dkt. No. 22.
[4] *See,* Scheduling Order, Dkt. No. 50.
[5] *See,* Third Amended Complaint, Dkt. No. 63, pp. 2-3.
[6] *See* Plaintiff's Mot. for Extension of Time, Dkt. No. 64.

the deadline to add parties until May 1, 2016.[7]  Importantly, prior to that May 1, 2016 deadline, Plaintiff was already in receipt of the Texas Rangers Report,[8] which identifies Matthew Mace as the control room operator when Bland was first brought to the jail.[9]  Nonetheless, Plaintiff did not add or seek leave to add Mace as a defendant before the May 1, 2016 deadline.

Instead, more than three months after the extended deadline to add parties, Plaintiff filed her Motion for Leave seeking to add Mace as a defendant. She did not attach a proposed Amended Complaint to her Motion.  However, as the basis for her claim against Mace, Plaintiff states in her motion for leave that Mace failed to follow jail regulations which require personnel to screen detainees for suicidal inmates and house them appropriately.[10] The regulations Plaintiff cites are the same regulations she claims were violated in her First Amended Complaint, which she filed on August 26, 2015,[11] and there are no new liability allegations mentioned in her motion for leave.

---

[7] *See* Order, Dkt. No. 100.

[8] Dkt. No. 102, p. 6 (unrelated motion in which Plaintiff acknowledges being in possession of the Texas Rangers Report).

[9] *See* Ranger Report, § 4.8. This document has been filed with the court for *in camera* inspection, per Dkt. No. 85.

[10] *See*, Plaintiff's Motion for Leave, Dkt. No. 134, ¶ 8.

[11] *Cf.*, Plaintiff's Motion for Leave, Dkt. No. 134, ¶ 8 *with* Plaintiff's First Amended Complaint, Dkt. No. 11, ¶ 72.

### III.
#### ARGUMENTS & AUTHORITIES

A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 16(b) of the Federal Rules of Civil Procedure provides the standard for requests to amend that are filed after the scheduling order's deadline has expired. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). Rule 16(b) provides that once a scheduling order has been entered, it may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16(b); *Marathon*, 591 F.3d at 470. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Courts consider four relevant factors when determining whether good cause is present: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters. L.L.C.*, 315 F.3d at 536. As shown below, these factors weigh against granting leave.

*A.*      ***The Explanation for the Failure to Timely Move for Leave to Amend***

Plaintiff's excuse for her failure to timely seek leave is that she did not discover Mace was tasked with reviewing Bland's intake and screening forms until July 13, 2016.[12] However, Plaintiff has not shown good cause for why she just discovered that alleged fact when this case has been pending for over a year, and Plaintiff has had the Ranger Report identifying Mace as the controller on duty for over four months. *See Sanchez v. H & R Maint., L.C.*, 294 F.R.D. 677, 680 (S.D. Fla. 2013) (denying motion for leave to add defendant where "had Plaintiff served discovery upon Defendants prior to the amendment deadline, she may have learned the proper and/or potential parties in sufficient time to seek amendment"). This is not a case where the defendant fought discovery of relevant information or where plaintiff was unable to discover information despite due diligence.

Plaintiff was aware of Mace at least as of April 4, 2016. As noted above, Plaintiff's filing shows she was in possession of the Ranger Report at that time. This report shows that Mace was the controller on duty when Bland was admitted into the jail. Nonetheless, Plaintiff still failed to add Mace before the May 1, 2016 deadline, and instead waited three more months before filing her Motion for Leave.

Lastly, the temporal gap between the scheduling order deadline and Plaintiff's Motion for Leave is evidence of lack of diligence in and of itself. *See*

---

[12] *See*, Plaintiff's Motion for Leave, Dkt. No. 134, ¶ 3.

*Prevmed, Inc. v. MNM-1997, Inc.*, No. H-15-2856, 2016 WL 3773399, at \*7 (S.D. Tex. July 8, 2016); *Timely Integrated, Inc. v. Ryder Integrated Logistics, Inc.*, No. EP-09-CV-285-PRM, 2010 WL 5540953, at \*4 (W.D. Tex. June 23, 2010) ("The extent of [plaintiff's three and a half month] delay makes it even hard to comprehend the unexplained tardiness of the motion"); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (motion to amend filed "nearly two months after the deadline" denied); *S&W Enters., L.L.C.*, 315 F.3d at 535 (motion filed "more than three months after the deadline" denied).

## B.     *Importance of the Amendment*

The importance of Plaintiff's amendment is marginal, if not nonexistent. For example, a claim against Mace will likely fail on the merits. *See Sw. Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (denial of leave was proper where there was a "likely failure of the proposed counterclaims on the merits"). More specifically, any alleged noncompliance with regulations is irrelevant to liability in this section 1983 suit,[13] and, Mace would be entitled to qualified immunity and all other defenses available to the County Defendants.[14]

Further, Plaintiff seeks to add one defendant to a list of fourteen. If Mace is not joined, Plaintiff still has fourteen defendants from which she can seek to recover. *Cf. Grimsley v. Methodist Richardson Med. Ctr. Foundation, Inc.*, No.

---

[13] *See* County Defendants' Mot. Summ. J., Dkt. No. 39, p. 26.
[14] *See generally*, County Defendants' Mot. Summ. J., Dkt. No. 39, pp. 19-30.

3:09-CV-2011-D, 2011 WL 825749, at *6 (N.D. Tex. Mar. 3, 2011) (amendment

to join new defendant important where plaintiff could not otherwise recover).

## C.     *Potential Prejudice in Allowing the Amendment*

Here, it would be fundamentally unfair to the current parties to this case to

allow Mace's joinder. The potential prejudice to County Defendants is particularly

high where Plaintiff seeks to add new theories of liability based on an alleged

failure of jail personnel to review Bland's intake documents. *Ruiz v. Univ. of Tex.

M.D. Anderson Cancer Ctr.*, 291 F.R.D. 170, 172 (S.D. Tex. Aug. 27, 2013)

(Hittner, J.) (denying motion for leave because third factor weighed "heavily"

against leave given that proposed amendment would assert new theories of

liability). Such an amendment would require County Defendants to "reconsider

[their] own case strategies and theories" and would "undoubtedly result in

additional […] delay." *Id*. Granting leave would also result in prejudice because it

would demand "additional time and expense required to conduct discovery" on the

new claim. *Prevmed, Inc. v. MNM-1997, Inc.*, CV H-15-2856, 2016 WL 3773399,

at *10 (S.D. Tex. July 8, 2016). County Defendants would also incur the additional

expense of preparing another motion for summary judgment.

Further, prejudice exists where the movant seeks leave close to the close of

discovery. *See, e.g, Johnson v. State Farm Fire & Cas. Co.*, No. 13-2629, 2014

WL 1276381, at *3 (E.D. La. Mar. 27, 2014). Here, the discovery deadline is

October 12, 2016,[15] which would leave County Defendants with little time to engage in discovery on any additional claims.

## D.    *Availability of a Continuance to Cure Prejudice*

The Court has stated repeatedly that it would strictly enforce the scheduling order, and Defendants have conducted themselves in such a way to minimize the need for deviations from the scheduling order.  However, Plaintiff has requested and been granted several extensions of almost every deadline that she has faced. With respect to her motion for leave, a continuance would cure the existing time constraints, but it would not cure the prejudice caused by the additional expense County Defendants would incur in re-conducting discovery on any newly added claims.

Where a continuance would not cure the prejudice, or where additional discovery would require a continuance that would "unnecessarily delay the trial," leave should be denied.  *S&W Enters., L.L.C.*, 315 F.3d 533, 537 (5th Cir. 2003); *Prevmed, Inc.*, 2016 WL 3773399, at *10 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)); *see also Ross v. Houston Hous. Auth.*, No. H-09-2361, 2010 WL 1726908, at *3 (S.D. Tex. Apr. 28, 2010) ("prejudicial expense related to conducting additional, repetitious discovery cannot be cured by extending the current deadlines").

---

[15] Amended Order, Dkt. No. 128

As set forth above, all four of the applicable factors weigh against granting Plaintiff leave to amend her complaint yet again.

**IV.**
**<u>PRAYER</u>**

**WHEREFORE, PREMISES CONSIDERED**, County Defendants pray that this Court deny Plaintiff's Opposed Motion for Leave to Amend Her Complaint to Add Matthew Mace as a Defendant, and for any other relief to which County Defendants are entitled.

Respectfully submitted,

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Southern District of Texas No. 18830
**B. Eliot New – Of Counsel**
State Bar No. 24060328
Southern District of Texas No. 884608
**Bart C. Frederick**
State Bar. No. 24098876
Southern District of Texas No. 2791685
**GERMER PLLC**
P.O. Box 4915
Beaumont, TX 77704
(409) 654-6700 – Telephone
(409) 835-2115 – Facsimile

**COUNSEL FOR DEFENDANTS,
WALLER COUNTY, TEXAS, ELSA MAGNUS,
OSCAR PRUDENTE, RAFAEL ZUNIGA,
MICHAEL SERGES, DORMIC SMITH,
CYNTHIA WHIDDEN, MARC LANGDON,
SHERRY ROCHEN, LANNY THIBODEAUX,
MATTHEW MILLS, MARIANNE WILLIAMS,
AND RANDY LEWIS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2016, a true and correct copy of **County Defendants' Response to Plaintiff's Opposed Motion for Leave to Amend Her Complaint to Add Matthew Mace as a Defendant** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

**Larry J. Simmons**